ANDREW R. MUEHLBAUER, ESQ.
Nevada Bar No. 10161
**MUEHLBAUER LAW OFFICE, LTD.**
7915 West Sahara Avenue, Suite 104
Las Vegas, Nevada 89117
Telephone: 702.330.4505
Facsimile: 702.825.0141
Email: andrew@mlolegal.com

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Changyoung Jung and*
*Proposed Lead Counsel for the Class*

*[Additional Counsel on Signature Page]*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated, | No.: 2:21-cv-01612-JAD-BNW |
| Plaintiffs, | **MOTION OF CHANGYOUNG JUNG FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL** |
| v. | |
| SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, and FRANCOIS LEBEL, | |
| Defendants. | |

COMES NOW CHANGYOUNG JUNG ("Jung"), by and through his counsel of record, and respectfully submits this motion for: (i) appointment as Lead Plaintiff pursuant to Section 21D(a)(3)(B)

MEMORANDUM OF POINTS AND AUTHORITIES

of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (ii) approval of Jung's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Muehlbauer Law Office, Ltd. ("Muehlbauer Law") as Liaison Counsel for the Class.

In support of this motion, Jung submits a Memorandum of Points and Authorities, the Declaration of Andrew Muehlbauer submitted herewith, the pleadings and other filings herein, and such other written and oral arguments as may be presented to the Court.

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................... 1

STATEMENT OF FACTS .......................................................................................... 2

ARGUMENT .............................................................................................................. 3

      A.   JUNG SHOULD BE APPOINTED LEAD PLAINTIFF ................................. 3

           1.     Jung is Willing to Serve as Class Representative ................................. 4

           2.     Jung Has the "Largest Financial Interest" ........................................... 4

           3.     Jung Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ..................................................................... 5

      B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .... 7

CONCLUSION ........................................................................................................... 8

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AudioEye*,
  2015 U.S. Dist. LEXIS 193348, at *8 ................................................................. 6

*Curry v. Yelp Inc.*,
  Nos. 14-cv-03547-JST *et al.*, 2014 U.S. Dist. LEXIS 161042
  (N.D. Cal. Nov. 16, 2014) ...................................................................................... 7

*Hanon v. Dataproducts Corp.*,
  976 F.2d 497 (9th Cir. 1992) .................................................................................. 6

*In re Cavanaugh*,
  306 F.3d (9th Cir. 2002) ......................................................................................... 7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................... 5

*In re Comverse Tech., Inc., Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878
  (E.D.N.Y. Mar. 2, 2007) .................................................................................... 5, 8

*In re MGM Mirage Secs. Litig.*,
  No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061
  (D. Nev. Oct. 25, 2010) .......................................................................................... 6

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ........................................................................ 5

*Knox v. Yingli Green Energy Holding Co.*,
  136 F. Supp. 3d 1159 (C.D. Cal. Oct. 6, 2015) ...................................................... 5

*Lax v. First Merchants Acceptance Corp.*,
  Nos. 97 C 2715 *et seq.,* 1997 U.S. Dist. LEXIS 11866
  (N.D. Ill. Aug. 6, 1997) .......................................................................................... 5

*Robb v. Fitbit Inc.*,
  No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457
  (May 10, 2016) ........................................................................................................ 5

*Stocke v. Shuffle Master, Inc.*,
  2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535
  (D. Nev. Nov. 30, 2007) .......................................................................................... 6

*Wenderhold v. Cylink Corp.*,
    188 F.R.D. 577 (N.D. Cal. 1999) ....................................................................... 6

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb) ....................................................................... *passim*

Exchange Act Sections 10(b) and 20(a) (15 U.S.C. §§ 78j(b), 78t(a)) ................................ 1, 5

Private Securities Litigation Reform Act of 1995 ........................................................... *passim*

PSLRA ....................................................................................................................... 7

**Rules**

Federal Rules of Civil Procedure Rule 23 ................................................................. *passim*

## MEMORANDUM OF POINTS AND AUTHORITIES

### PRELIMINARY STATEMENT

The above-captioned action (the "Action") alleges that between December 27, 2018 and August 5, 2021, both dates inclusive (the "Class Period"), Spectrum Pharmaceuticals, Inc. ("Spectrum"), its Chief Executive Officer Joseph W. Turgeon, its Chief Financial Officer Kurt A. Gustafson, and its Chief Medical Officer Francois Lebel (collectively, "Defendants") defrauded investors in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5). Spectrum investors, including Jung, incurred significant losses following Spectrum's disclosures in August 2021 that it received a Complete Response Letter from the U.S. Food and Drug Administration citing deficiencies in its Biologics License Application for its product ROLONTIS. (*See* Dkt. No. 1 (the "Complaint") ¶ 5.) Following this disclosure, Spectrum's stock price fell sharply, damaging Jung and other investors. (*Id.* ¶ 6.)

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Jung, having incurred losses of $44,436, as calculated on a first-in, first-out ("FIFO") basis, or $38,011, as calculated on a last-in, first-out ("LIFO") basis, in connection with his Class Period purchase of Spectrum securities, believes that he has the largest financial interest in the relief sought in this action.

In addition to asserting the largest financial interest in this litigation, Jung also meets the applicable requirements of Rule 23 because his claims are typical of absent class members and because he will fairly and adequately represent the interests of the Class.

In order to fulfill his obligations as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Jung has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a

nationally recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest securities class action settlement in a decade. Jung has also selected the highly respected Muehlbauer Law, a firm with significant experience in securities class action matters, with its principal offices in this Judicial District, to serve as Liaison Counsel for the Class.

Accordingly, based on Jung's significant financial interest and his commitment and ability to oversee this litigation, Jung respectfully requests that the Court enter an order appointing him as Lead Plaintiff and approving his selections of counsel.

## STATEMENT OF FACTS

Spectrum is a biopharmaceutical company that develops and commercializes oncology and hematology drug products. (Complaint ¶ 2.) The Company's products under development include, among others, ROLONTIS (eflapegrastim), a novel long-acting granulocyte colony-stimulating factor for chemotherapy-induced neutropenia. (*Id.*)

In December 2018, Spectrum submitted a Biologics License Application ("BLA") to the U.S. Food and Drug Administration ("FDA") for ROLONTIS as a treatment for chemotherapy-induced neutropenia (the "ROLONTIS BLA"). (*Id.* ¶ 3.)

Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operations, and compliance policies. (*Id.* ¶ 4.) Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) the ROLONTIS manufacturing facility maintained deficient controls and/or procedures; (ii) the foregoing deficiencies decreased the likelihood that the FDA would approve the ROLONTIS BLA in its current form; (iii) Spectrum had therefore materially overstated the ROLONTIS BLA's approval prospects; and (iv) as a result, the Company's public statements were materially false and misleading at all relevant times. (*Id.*)

On August 6, 2021, Spectrum announced receipt of a Complete Response Letter ("CRL") from the FDA regarding the ROLONTIS BLA.  (*Id.* ¶ 5.)   The CRL cited deficiencies related to manufacturing and indicated that a reinspection of the Company's manufacturing facility will be necessary. (*Id.*)

On this news, Spectrum's stock price fell $0.70 per share, or 21.54%, to close at $2.55 per share on August 6, 2021.  (*Id.* ¶ 6.)

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the Plaintiff in the Action and other Class members have suffered significant losses and damages.  (*Id.* ¶ 7)

## ARGUMENT

### A.   JUNG SHOULD BE APPOINTED LEAD PLAINTIFF

Jung should be appointed Lead Plaintiff because, to his knowledge, Jung has the largest financial interest in this action and otherwise satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Jung satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Jung is Willing to Serve as Class Representative

On August 31, 2021, Pomerantz, counsel for plaintiff in the above-captioned action, caused a notice to be published pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that this action had been filed against Defendants, and advised investors in Spectrum securities that they had until November 1, 2021 to file a motion to be appointed as Lead Plaintiff.  (*See* Declaration of Andrew Muehlbauer in Support of Motion of Changyoung Jung for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Muehlbauer Decl."), Ex. B.)  Jung has filed the instant motion pursuant to the Notice, and has attached a Certification, attesting that Jung is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary.  (*See id.*, Ex. C.)  Accordingly, Jung satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Jung Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of Jung's knowledge, he has the largest financial interest of any Spectrum investor seeking to serve as Lead Plaintiff.  For claims arising under Section 10(b) of the Exchange Act, courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et seq.,* 1997 U.S. Dist. LEXIS 11866, at **7-8 (N.D. Ill. Aug. 6, 1997).  Those factors are: (1) the number of shares purchased during

the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  *See id*; *see also In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001) (adopting test set forth in *Lax*).[1]  Courts in the Ninth Circuit have expressly assessed financial interest with reference to the *Lax* factors.  *See*, *e.g.*, *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *8 (May 10, 2016); *Knox v. Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. Oct. 6, 2015).

During the Class Period, Jung: (1) purchased 7,700 shares of Spectrum securities; (2) expended $61,333 on his purchases of Spectrum securities; (3) retained 6,700 shares of Spectrum securities; and (4) incurred total losses of $44,436 as calculated on a FIFO basis, or $38,011 as calculated on a LIFO basis, in connection with his transactions in Spectrum securities during the Class Period.  (*See* Muehlbauer Decl., Ex. A.)  Because Jung possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### 3.  Jung Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, "[a]t the lead plaintiff selection stage, all that is required is a 'preliminary showing' that the lead plaintiff's claims are typical and adequate."  *AudioEye*, 2015 U.S. Dist. LEXIS 193348, at *8 (quoting *Wenderhold v. Cylink Corp.*, 188 F.R.D. 577, 587 (N.D. Cal. 1999)).

---

[1] *See also In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998); *accord In re Comverse Tech., Inc., Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 U.S. Dist. LEXIS 14878, at **22-25 (E.D.N.Y. Mar. 2, 2007) (collectively, the "Lax-Olsten" factors).

"The test for typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.' The lead plaintiff's claims need not, however, be identical, or even substantially identical, to the claims of the class in order to satisfy typicality." *In re MGM Mirage Secs. Litig.*, No. 2:09-cv-01558-GMN-LRL, 2010 U.S. Dist. LEXIS 120061, at *8 (D. Nev. Oct. 25, 2010) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

The claims of Jung are typical of those of the Class. Jung alleges, as do all class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Spectrum, or omitted material facts necessary to make the statements they did make not misleading. Jung, like all members of the Class, purchased Spectrum securities during the Class Period at prices artificially inflated by Defendants' misrepresentations or omissions, was damaged upon the disclosure of those misrepresentations. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirement of Rule 23(a)(3).

"The test for adequacy is: '(1) whether the interests of the class representatives coincide with those of the class, and (2) whether the class representative has the ability to prosecute the action vigorously.'" *MGM Mirage*, 2010 U.S. Dist. LEXIS 120061, at *8 (quoting *Stocke v. Shuffle Master, Inc.*, 2:07-CV-00715-KJD-RJJ, 2007 U.S. Dist. LEXIS 91535, at *3 (D. Nev. Nov. 30, 2007)). Jung is an adequate representative for the Class. Jung is aware of no antagonism between his interests and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation to ensure his vigorous prosecution of the Action.

Further demonstrating his adequacy, Jung has submitted a Declaration attesting to, inter alia, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff

pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Muehlbauer Decl., Ex. D.

Finally, as set forth in greater detail below, Jung has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**B.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Curry v. Yelp Inc.*, Nos. 14-cv-03547-JST *et al.*, 2014 U.S. Dist. LEXIS 161042, at *8 (N.D. Cal. Nov. 16, 2014) ("A district court will only interfere with the lead plaintiff's choice of counsel if that choice 'is so irrational, or so tainted by self-dealing or conflict of interest, as to cast genuine and serious doubt on that plaintiff's willingness or ability to perform the functions of lead plaintiff.'") (quoting *In re Cavanaugh*, 306 F.3d at 726, 739 n. 11 (9th Cir. 2002)).

Here, Jung has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume. (*See* Muehlbauer Decl., Ex. E.) Pomerantz is a premier firm in the area of securities litigation. For more than 80 years, Pomerantz has represented defrauded investors. Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petróleo Brasileiro S.A. — Petrobras, the largest class action settlement in a decade and the largest settlement ever in a class action involving a foreign issuer. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010. *See id.* Most recently, Pomerantz announced as

Lead Counsel on behalf of a class of Fiat investors that it has reached a $110 million settlement with the company.  *See id.*  As a result of Pomerantz's extensive experience in securities litigation and class actions involving issues similar to those raised in the Action, Pomerantz has the skill and knowledge necessary to enable the effective and expeditious prosecution of the Action.  Thus, the Court may be assured that by approving the selection of Lead Counsel by Jung, the members of the Class will receive the best legal representation available

Muehlbauer Law is well qualified to serve as Liaison Counsel in this Action.  As its firm resume reflects, Muehlbauer Law's principal office is in Las Vegas, Nevada, and the firm specializes in securities class action matters, among other practice areas.  (*See* Muehlbauer Decl., Ex. F.)  Muehlbauer Law has experience in achieving substantial recoveries in class actions, and its attorneys have extensive familiarity with the Local Civil Rules of this Judicial District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant action, Jung's counsel have the skill and knowledge which will enable them to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the selection of counsel by Jung, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Jung respectfully requests that the Court issue an Order: (1) appointing Jung as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz to serve as Lead Counsel and Muehlbauer Law as Liaison Counsel for the Class.

Dated:  November 1, 2021

**MUEHLBAUER LAW OFFICE, LTD.**

*/s/ Andrew R. Muehlbauer*
Andrew R. Muehlbauer
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: 702-330-4505

MEMORANDUM OF POINTS AND AUTHORITIES

8

Facsimile: 702-825-0141
andrew@mlolegal.com

*Proposed Liaison Counsel for the Class*

**POMERANTZ LLP**
Jeremy A. Lieberman
(admitted *pro hac vice*)
J. Alexander Hood II
(admitted *pro hac vice*)
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com

*Counsel for Changyoung Jung and*
*Proposed Lead Counsel for the Class*

**BRONSTEIN, GEWIRTZ &**
**GROSSMAN, LLC**
Peretz Bronstein
(*pro hac vice* application forthcoming)
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Changyoung Jung*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 1, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/Andrew Muehlbauer
Andrew Muehlbauer