Patrick R. Leverty (NV Bar 8840)
**LEVERTY & ASSOCIATES LAW CHTD.**
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*[Proposed] Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, and FRANCOIS LEBEL,<br><br>Defendants. | No. 2:21-cv-01612-JAD-BNW<br><br>**REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION**<br><br>CLASS ACTION |

1

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

Lead Plaintiff Movant Mark Kozubal ("Movant" or "Dr. Kozubal") respectfully submits this reply memorandum of law in further support of his lead plaintiff motion. Dkt. No. 17.

The PSLRA provides a "clear path that the district court must follow in selecting the lead plaintiff." *In re Cavanaugh*, 306 F.3d 726, 729 (9th Cir. 2002); *In re Cendant Corp. Litig.*, 264 F.3d 201, 268-69 (3d Cir. 2001). The district court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on that plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Rule 23(a), in particular those of 'typicality' and 'adequacy.'" *Cavanaugh*, 306 F.3d at 730.

"If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements [here, Dr. Kozubal], he becomes the presumptively most adequate plaintiff." *Id*. at 732. Although the Court may compare putative lead plaintiffs' losses when assessing financial stake, once the statutory presumption has attached, it cannot be rebutted through relative comparison as to adequacy or typicality. *Id*., at 732. "So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status, even if the district court is convinced that some other plaintiff would do a better job." *Id*.

The presumption in favor of Dr. Kozubal, the investor with the largest relevant financial interest of all lead plaintiff movants, $314,291 lost and 250,000 shares purchased and retained, "'may be rebutted only upon proof . . . that the presumptively most adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule 23." *Id*. at 729 n.2 (quoting 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)); *Cendant*, 264 F.3d at 270 (unsubstantiated allegations insufficient to rebut presumption).

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

The arguments raised by the International Trading Group, Inc. are baseless (often hypocritical) and fall well short of the requisite proof required to rebut the presumption in favor of Dr. Kozubal. In fact, rather than present any proof, International Trading Group, Inc. relies primarily on scattershot speculation, innuendo, and clearly disingenuous attacks in an effort to rebut the presumption in favor of Dr. Kozubal.[1]

## ARGUMENT

### I.        DR. KOZUBAL'S CERTIFICATION IS PROPER

**A.        Dr. Kozubal's Certification is "Boilerplate" Due to the PSLRA Itself; International Trading Group, Inc.'s Certification is also "Boilerplate"**

The PSLRA itself provides the requirements for a proper certification. 15 U.S.C. § 78u-4(a)(2)(A)(i)-(iv). Dr. Kozubal's certification complies with these requirements. *See* Dkt. No. 17-3. Interestingly, International Trading Group, Inc.'s certification is almost identical to Dr. Kozubal's. *Compare* 17-3 *with* 18-3.

First, the PSRLA requires each certification:

(i) states that the plaintiff has reviewed the complaint and authorized its filing;

(ii) states that the plaintiff did not purchase the security that is the subject of the complaint at the direction of plaintiff's counsel or in order to participate in any private action arising under this chapter;

[1] It is notable that International Trading Group, Inc. only made arguments against Dr. Kozubal in his opposition when at least two other movants had yet to file notices of non-opposition by the time filing. *See* Dkt. No. 23 at 2 n.1, 3. This further shows that International Trading Group, Inc. understood its financial interest figures were heavily inflated and Dr. Kozubal has the true largest financial interest in this case.

3

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

(iii) states that the plaintiff is willing to serve as a representative party on behalf of a class, including providing testimony at deposition and trial, if necessary;

(iv) sets forth all of the transactions of the plaintiff in the security that is the subject of the complaint during the class period specified in the complaint;

(v) identifies any other action under this chapter, filed during the 3-year period preceding the date on which the certification is signed by the plaintiff, in which the plaintiff has sought to serve as a representative party on behalf of a class; and

(vi) states that the plaintiff will not accept any payment for serving as a representative party on behalf of a class beyond the plaintiff's pro rata share of any recovery, except as ordered or approved by the court in accordance with paragraph (4).

15 U.S.C. § 78u-4(a)(2)(A)(i)-(iv).

Dr. Kozubal's certification complies with PSLRA. *See* Dkt. No. 17-3. Indeed, that the PSLRA itself provides the information necessary explains why essentially all PSLRA certifications contain the same "boilerplate" language. *See* Dkt. Nos. 15-1 at 4, 16-4, 17-3, 18-3, and 20-4.

International Trading Group, Inc. argues that Dr. Kozubal's certification "is a boilerplate form … lacks any substantial information concerning Kozubal, as all of the information concerning Kozubal in his Certification was redacted except for his first and last name." Dkt. No. 23 at 4. As shown above, the statute provides this "boilerplate" form—*which International Trading Group, Inc. used as well*. Compare Dkt. No. 17-3 *with* 18-3.

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

**B.    Dr. Kozubal's Redactions Comply with Local Rules**

"Parties must refrain from including—or must partially redact, where inclusion is necessary—the following personal-data identifiers from all documents filed with the court, including exhibits, whether filed electronically or in paper, unless the court orders otherwise: … (5) Home Addresses." LR IC 6-1; *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules."). That Dr. Kozubal's physical address and other contact information was redacted merely complies with the local rules and reasonableness. *See* Dkt. No. 17-3.

Tellingly, International Trading Group, Inc. refrained from providing *any* contact information—what Dr. Kozubal presumed was due to the local rules but apparently may be due to an oversight as International Trading Group, Inc. implies this information should be given.

International Trading Group, Inc. cites *Garbowski v. Tokai Pharm., Inc.*, for the assertion that redactions are problematic.  Dkt. No. 23 at 4 (citing *Garbowski v. Tokai Pharms., Inc.*, 302 F. Supp. 3d 441, 449 (D. Mass. 2018)). However, International Trading Group, Inc. neglected to inform the Court of the myriad substantive issues with the relevant movant in that case including "[a]mong other things, although Maxon had previously certified under oath that he had read the complaint, ***he informed the court that he did not know what a complaint was*** and had not read anything except a notice on a website before seeking to become lead plaintiff. In addition, although he said he may have spoken to another law firm, ***Maxon did not know that Pomerantz had filed the motion seeking his appointment as lead plaintiff and selection of it as class counsel until the court expressed its intention to question him***. He did not hear from or speak to anyone at Pomerantz until just before the September 28, 2017 hearing[.]" *Garbowski*, 302 F. Supp. 3d at 443–44 (D. Mass. 2018) (emphasis added). Even with those issues, that Court still gave the

5

relevant movant a second chance at appointment and a second hearing to address the many issues at play. *Id*. at 450-51.

**C.    Dr. Kozubal Provided Ample Information and is not "Unknown"; International Trading Group, Inc. Neglected to Read His Provided Information**

International Trading Group, Inc. argues that Dr. Kozubal provided a "dearth" of information which "precludes a finding of adequacy." Dkt. No. 23 at 4. This is inaccurate, misleading, and begs several questions regarding International Trading Group, Inc. itself (not its owner).

Puzzlingly, International Trading Group, Inc. concludes that Dr. Kozubal is "an unknown individual[.]" Dkt. No. 23 at 5. This could not be further from the truth and is clearly a disingenuous argument (or shows International Trading Group, Inc. did not even read Dr. Kozubal's lead plaintiff motion papers).

First, Dr. Kozubal provided in his opening papers that he "has approximately 12 years of investing experience. He holds a Ph.D. in geomicrobiology and is the chief scientific officer of a company which develops microbe-based proteins for meat and dairy substitutes." Dkt. No. 17 at 7; *see also* Dkt. No. 24 at 3. However, to ease any concerns the Court or International Trading Group, Inc. may have, Dr. Kozubal has provided a declaration providing additional information. Declaration of Patrick R. Leverty ("Leverty Decl."), filed herewith, Ex. A.

Second, and likely mostly importantly, individual lead plaintiff movants need not provide additional information (which explains why International Trading Group, Inc. neglected to do so in any meaningful way, particularly compared to Dr. Kozubal). *Kaslingam v. Tilray*, 2020 WL 4530357, at * 3 (S.D.N.Y. Aug. 6, 2020) (rejecting argument that background information is

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

required to make a preliminary showing of adequacy and typicality); *Cavanaugh*, 306 F.3d at 732 ("a straightforward application of the statutory scheme ... provides no occasion for comparing plaintiffs with each other on any basis other than their financial stake in the case. Once that comparison is made ... further inquiry must focus on that plaintiff alone and be limited to determining whether [s]he satisfies the other statutory requirements.").

Third, simply Googling "Mark Kozubal PHD" pulls up many pages of Dr. Kozubal allowing for the Court and all class members to vet him thoroughly.[2] Interestingly, the same cannot be said for International Trading Group, Inc. as Googling[3] that name ("International Trading Group, Inc.") provides many similarly named companies (many of which are not involved in the business of poultry).[4]

Finally, Dr. Kozubal holds a Ph.D. and referring to him as "Mr. Kozubal" demonstrates clear disrespect, an attempt to belittle a fellow class member, or that International Trading Group, Inc. neglected to read Dr. Kozubal's briefing. Dkt. No. 23 at 4-5.

---

[2]https://www.google.com/search?q=mark+kozubal+phd&rlz=1C1CHBF_enUS877US877&sxsrf=AOaemvK0nKzcXs-9llfz5LVF8DDrypySVw%3A1637348988080&ei=fPaXYdC3BLWTwbkP7K2X6A8&ved=0ahUKEwjQ5bqmkKX0AhW1STABHezWBf0Q4dUDCA4&uact=5&oq=mark+kozubal+phd&gs_lcp=Cgdnd3Mtd2l6EANKBAhBGABQAFihA2C6BWgAcAB4AIABkQGIAeIEkgEDMC41mAEAoAEBwAEB&sclient=gws-wiz

[3]https://www.google.com/search?q=International+Trading+Group%2C+Inc.&rlz=1C1CHBF_enUS877US877&oq=International+Trading+Group%2C+Inc.&aqs=chrome..69i57.117j0j7&sourceid=chrome&ie=UTF-8

[4] We have almost no information about International Trading Group, Inc.—including why a poultry company trades so frequently in this stock, what the entity's structure is, or if Mr. McGann can bind the entity or is involved in the entity's trading strategy.

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

**D.      Dr. Kozubal Need Not File a Complaint; Anticipates Filing an Amended Complaint on Behalf of the Class**

"Plaintiff has reviewed a complaint and authorized its filing." Dkt. No. 18-3. International Trading Group, Inc.'s certification's declarations begin with the above sentence. *Id*. International Trading Group, Inc. did not file a complaint in this action.

Somehow, even with that being the case, International Trading Group, Inc. puzzlingly, and disingenuously, asserted this creates an issue for Dr. Kozubal who did the same. Dkt. No. 23 at 4.

Indeed, Dr. Kozubal and International Trading Group, Inc. had to include that language in their certifications pursuant to the PSLRA itself as noted above: "Each plaintiff seeking to serve as a representative party on behalf of a class shall provide a sworn certification, which shall be personally signed by such plaintiff and filed with the complaint, that— (i) ***states that the plaintiff has reviewed the complaint and authorized its filing***[.]" 15 U.S.C. § 78u-4(a)(2)(A)(i) (emphasis added).

Further, Dr. Kozubal did review a complaint filed in this action. Dkt. No. 17-3; Leverty Decl., Ex. A. Dr. Kozubal, as is often the case in these cases, Dr. Kozubal anticipates filing an amended complaint in this action if appointed lead plaintiff. Leverty Decl., Ex. A ¶4.

Finally, International Trading Group, Inc.'s counsel includes that language in its PSLRA certifications more generally. *See e.g.,* Dkt. No. 17-3; *Turocy v. El Pollo Loco Holdings, Inc., et al*., No. 8:15- cv-01343-DOC(KESx) (C.D. Cal.) (Dkt. No. 22-2); and *Brandel v. Sibanye Gold Limited, et al*., Case No. 1:18-cv-03721-KAM-PK (E.D.N.Y.) (Dkt. No. 9-2). Further, courts have found that similar, "boilerplate" language in a certification regarding authorization of the filing

8

of a complaint does not "undermine [a movant's] ability to fairly and adequately protect the interests of the class members" and "is inconsequential to finding that [movant] met the procedural certification requirements in the PSLRA," *Niederklein v. PCS EdventuresA.com, Inc.*, 2011 WL 759553, at *11 (D. Idaho Feb. 24, 2011).

International Trading Group, Inc. cites *Camp v. Qualcomm Inc.*, for the assertion that "boilerplate" certifications are problematic. Dkt. No. 23 at 5-6 (citing 2019 WL 277360, at *4 (S.D. Cal. Jan. 22, 2019)). However, *Camp* turned on errors in certification, incorrect loss calculations, and the absence of background information in the opening papers. *Camp*, 2019 WL 277360, at *3-4 (S.D. Cal. Jan. 22, 2019). Here there are no errors in Dr. Kozubal's certification, no errors in his loss calculation, and background information about himself was provided. Dkt. Nos. 17-3, 17-4, and 17 at 7.

## II. INTERNATIONAL TRADING GROUP, INC. CANNOT ASSERT NEW ARGUMENTS ON REPLY

In its opening brief International Trading Group, Inc.'s counsel only asserted a single corrective disclosure on August 6, 2021. Dkt. No. 18 at 3 ("On August 6, 2021, Spectrum announced receipt of a Complete Response Letter from the FDA regarding the ROLONTIS BLA which cited deficiencies related to manufacturing and indicated that a reinspection of the Company's manufacturing facility will be necessary. On this news, Spectrum's stock price fell over 21%, to close at $2.55 per share on August 6, 2021."). Likewise, International Trading

9

Group, Inc.'s counsel on its website[5] and in press releases it issued to investors has advised investors that there is only one corrective disclosure on August 6, 2021. International Trading Group, Inc. has provided no plausible theory of partial corrective disclosures and if it does for the first time on reply the Court should reject it. *See e.g.*, *Plaut v. Goldman Sachs Grp., Inc.*, 2019 WL 4512774, at *5 (S.D.N.Y. Sept. 19, 2019) ("'[I]f persons seeking appointment as lead plaintiff were allowed to manipulate the size of their financial loss [by submitting a corrected or amended complaint], the consequent greater loss asserted would invite additional briefing by the other persons seeking appointment as lead plaintiff, which, in turn, would necessitate responses by the person or group of persons seeking to enlarge their losses. This result would effectively render the strict timeliness set forth in the PSLRA meaningless, and would nullify Congress's attempt to expedite the lead plaintiff appointment process.'") (citing *Topping v. Deloitte Touche Tohmatsu CPA*, 95 F. Supp. 3d 607, 619 (S.D.N.Y. 2015)); *Lee v. iQIYI, Inc.*, 2020 WL 6146862, at *2 (E.D.N.Y. Oct. 20, 2020) (finding lead plaintiff movant may be subject to unique defenses who belatedly alleged additional corrective disclosures to address an in-and-out trading issue) (citing cases).

### CONCLUSION

For the foregoing reasons, Dr. Kozubal's motion should be granted in its entirety and the competing motions should be denied.

---

[5] *See* https://web.archive.org/web/20211027092706/https://www.rgrdlaw.com/cases.html; and https://web.archive.org/web/20211031115725/https://www.rgrdlaw.com/cases-spectrum-pharmaceuticals-inc-class-action-lawsuit-sppi.html.

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW

Dated: November 22, 2021          Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD.**

/s/ Patrick R. Leverty
Patrick R. Leverty (NV Bar 8840)
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*[Proposed] Liaison Counsel for Lead Plaintiff*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Ave., 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*[Proposed] Lead Counsel for Lead Plaintiff*

11

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2021, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

<u>/s/ Patrick R. Leverty</u>
Patrick R. Leverty

REPLY MEMORANDUM OF LAW OF MARK KOZUBAL IN FURTHER SUPPORT OF HIS LEAD PLAINTIFF MOTION
2:21-cv-01612-JAD-BNW