Patrick R. Leverty (NV Bar 8840)
**LEVERTY & ASSOCIATES LAW CHTD.**
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Mark Kozubal*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Ave., 40ʰ Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*Lead Counsel for Mark Kozubal*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, and FRANCOIS LEBEL,<br><br>Defendants. | No. 2:21-cv-01612-CDS-BNW<br><br>**NOTICE OF MOTION AND MOTION OF MARK KOZUBAL TO STAY PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS IN** *SONTHALIA V. USDC-CASJ***, No. 22-70044; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><u>CLASS ACTION</u> |

1

NOTICE OF MOTION AND MOTION OF MARK Kozubal FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS IN *SONTHALIA V. USDC-CASJ*, No. 22-70044; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 2:21-cv-01612-CDS-BNW

Mark Kozubal ("Dr. Kozubal" or "Movant") will and hereby does move for an order staying these proceedings pending resolution of the Petition for Writ of Mandamus before the United States Court of Appeals for the Ninth Circuit in *Sonthalia v. USDC-CASJ*, No. 22-70044 ("*In re Sonthalia*") (the petition, "Mandamus Petition") (Leverty Decl., Ex. A). Shortly, the Ninth Circuit will weigh in on the application of *Dura Pharms. v. Broudo*, 544 U.S. 336 (2005) ("*Dura*") in determining the "largest financial interest" (15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb)) and to "clarify the muddled and contradictory state of this circuit's district court caselaw on how to properly determine 'largest financial interest.'" (*In re Sonthalia*, Dkt. No. 1-2 at 16-17). Here, in appointing International Trading Group, Inc. ("ITG") as lead plaintiff, the Court rejected the application of *Dura* in assessing the competing movants' financial interest. (Dkt. No. 37 at 5-6). It is undisputed that had the Court applied *Dura* in assessing financial interest, that Dr. Kozubal has the largest financial interest. Given these circumstances, the Court should stay these proceedings until the Mandamus Petition is decided. Argument on the Mandamus Petition was held on August 11, 2022.

In support of this Motion, Movant files herewith a Memorandum of Points and Authorities, the Declaration of Patrick R. Leverty with exhibits, and a Proposed Order, and such other written and oral arguments as may be permitted by the Court.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Dr. Kozubal respectfully submits that these proceedings should be stayed because the Court's Lead Plaintiff Order (Dkt. No. 37) and its reasoning are in question in the Mandamus Petition. *See* Leverty Decl., Ex. A. The Ninth Circuit's decision on the Mandamus Petition will provide relevant guidance to calculating financial interest under the PSLRA and *Dura*. If the Court utilized *Dura* in deciding which movant had the largest financial interest, Dr. Kozubal would have the largest financial interest instead of ITG. Accordingly, Dr. Kozubal respectfully submits that it would be improper and inefficient for this putative class action to proceed under ITG's leadership. As there is a stay on discovery per the PSLRA, there is no prejudice to the

NOTICE OF MOTION AND MOTION OF MARK Kozubal FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS IN *SONTHALIA V. USDC-CASJ*, No. 22-70044; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 2:21-cv-01612-CDS-BNW

parties or fellow class members. 15 U.S.C. § 78u–4(b)(3)(B). Further, oral argument on the Mandamus Petition was held on August 11, 2022, so any delay would likely be minimal.

This action was commenced on August 31, 2021 in this Court against Spectrum Pharmaceuticals, Inc., Joseph W. Turgeon, Kurt A. Gustafson, and Francois Lebel ("Defendants") for claims under Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. That same day, a PSLRA early notice was issued advising potential Class members of, among other things, the claims alleged in the action and the 60-day deadline for Class members to move to be appointed as lead plaintiff. *See* Dkt. No. 17-2. On November 1, 2021, four lead plaintiff motions were filed. Dkt. Nos. 15, 17, 18, and 20.

On July 28, 2022, the Court entered its Lead Plaintiff Order granting ITG's motion for appointment as Lead Plaintiff and approving its selection of counsel (Dkt. No. 18) and denying Dr. Kozubal's Lead Plaintiff Motion (Dkt. No. 17). Dkt. No. 37. In its Lead Plaintiff Order, the Court adopted a methodology for calculating loss that disregarded *Dura* and stated "*Dura* (specifically, limiting Plaintiffs' claims to those caused by the fraud rather than total economic loss potentially caused by other events on the market) cannot be rationally or consistently applied at the lead-plaintiff stage of the lawsuit." Dkt. No. 37 at 5. The Court also explained that "[h]owever, *Dura* simply holds that a plaintiff must plead loss causation rather than simple economic loss in a securities action. *See Dura*, 544 U.S. at 336. Kozubal's contention that courts do not credit in-and-out losses at the lead-plaintiff stage is not supported by authority from the Ninth Circuit." Dkt. No. 37 at 6. The Court further stated that "[i]n fact … nor does the law require this Court to apply *Dura* to adjust a prospective plaintiff's alleged loss prior to the dismissal stage of a lawsuit." Dkt. No. 37 at 6.

In so doing, the Court found that ITG, a movant with the *smallest* loss under traditional *Dura*-adjusted calculation methodologies (Dkt. No. 24 at 2), had the "largest financial interest in the relief sought by the class" without regard to ITG's *actual* financial interest—based solely on ITG's claimed economic loss. *See* Dkt. No. 37. As a result of this ruling, the movant with the largest financial interest, under methodologies that account for recoverable losses under *Dura*, was not appointed as Lead Plaintiff.

3

On March 14, 2022, after briefing on the lead plaintiff motions in this case, Sweta Sonthalia filed her Mandamus Petition with the Ninth Circuit concerning the PSLRA lead plaintiff order in *Mehedi v. View, Inc., et al.,* No. 5:21-cv-06374-BLF (N.D. Cal.). *See* Leverty Decl., Ex. A. The Mandamus Petition seeks relief including clarifying caselaw among the Ninth Circuit's district courts regarding the relevancy of different methods of calculating financial interest pursuant to the PSLRA—including under *Dura. See In re Sonthalia*, Dkt. No. 1-2 at 11-12, 15-17, 19-21, 26, 29-37, 39; *see also In re Sonthalia*, Dkt. No. 12 (Leverty Decl., Ex. B).

On April 20, 2022, the Ninth Circuit issued an Order finding that "[t]he petition for a writ of mandamus raises issues that warrant an answer." *In re Sonthalia*, Dkt. No. 3. The Ninth Circuit further provided fourteen (14) days for the real parties in interest and the District Court (at its own election) to file an answer to the Mandamus Petition and allowed the petitioner five (5) days to reply to any answer. *Id.* Of particular note, all relevant parties (including the appointed lead plaintiff, the petitioner, and the District Court) argue that their calculation is compliant with *Dura* at the lead plaintiff appointment stage. *In re Sonthalia*, Dkt. Nos. 1-2, 12, 13 and 14; *see also Mehedi v. View, Inc., et al.,* No. 5:21-cv-06374-BLF (N.D. Cal.), Dkt. Nos. 46, 47, 49, 67 and 76.

On August 11, 2022, the Ninth Circuit held oral argument on the Mandamus Petition. *In re Sonthalia*, Dkt. No. 18.

## II.     ARGUMENT

District Courts' inherent authority to control their dockets empowers them with the broad discretion to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

Here, all considerations of "economy of time and effort for [the Court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh in favor of staying these proceedings pending

disposition of the Mandamus Petition. The Ninth Circuit will shortly issue a decision that will explain the proper use of *Dura* in assessing the largest financial interest at the lead plaintiff stage. If this putative class action proceeds under ITG's leadership before the Ninth Circuit adjudicates the Mandamus Petition, there is a concrete risk that these proceedings will proceed under the leadership of an improperly appointed Lead Plaintiff—given that is it undisputed that Dr. Kozubal has the largest financial interest under *Dura*. There is also concrete risk that ITG and Defendants will expend time and resources preparing an amended complaint and at least begin briefing a motion to dismiss the same—all before the Ninth Circuit rules on the Mandamus Petition. *See* Dkt. No. 35. If the Ninth Circuit ultimately directs lower courts to explicitly utilize a certain loss calculation, especially one that considers *Dura*, Dr. Kozubal may seek to file a motion for reconsideration of the lead plaintiff motions, or similar, and eventually file his own amended complaint, rendering moot any amended complaint by ITG, Defendants' motion to dismiss, and all related briefing. Accordingly, the parties will expend significant time and resources litigating this action only to have to push the "reset" button in the event that the lead plaintiff order is vacated, reconsidered, or anything similar.

The prospect that the Ninth Circuit may provide new guidance or holdings on financial interest calculations, especially under *Dura*, further justifies the requested stay of proceedings. *See e.g.,* Leverty Decl., Ex. C (*Borteanu v. Nikola Corp. et al.*, No. 2:20- cv-01797-SPL (D. Ariz. Mar. 2, 2021), Dkt. No. 68 (granting a motion to stay proceedings in a securities class action pending resolution of a petition for writ of mandamus challenging the propriety of an order appointing lead plaintiff)); *see also* Leverty Decl., Ex. D (*In re Tesla, Inc. Sec. Litig.,* No. 18-cv-04865-EMC (N.D. Cal. Apr. 15, 2019), Dkt. No. 211) (same)).

Additionally, Dr. Kozubal does not anticipate a long delay as the Mandamus Petition is fully briefed and oral argument was held on August 11, 2022. *See* Leverty Decl., Ex. E-G (docket history of *In re Sonthalia—i.e.* appellate history of writ of mandamus challenging lead plaintiff appointment in *View*; docket history of *Mersho v. USDC-AZP*, No. 20-cv-73819 (9th Cir. 2021)—*i.e.* appellate history of writ of mandamus challenging lead plaintiff appointment in *Nikola*, No. 2:20-cv-01797-SPL; and *Bridgestone Inv. Corp. v. USDC-CASF*, No. 19-cv-70031 (9th Cir.

2019)—*i.e.* appellate history of writ of mandamus challenging lead plaintiff appointment in *In re Tesla*, No. 18-cv-04865-EMC). As such, Dr. Kozubal submits that the interests of judicial economy; an efficient use of party resources; and the need to avoid prejudice to the parties, all weigh in favor of issuing the requested stay of proceedings.

As there is a stay on discovery per the PSLRA, there is no prejudice to the parties or fellow class members. *See* 15 U.S.C. § 78u–4(b)(3)(B).

## III.    CONCLUSION

For the foregoing reasons, Dr. Kozubal respectfully requests that the Court enter an Order staying the proceedings in these proceedings pending resolution of the Mandamus Petition by the United States Court of Appeals for the Ninth Circuit.

Dated: August 12, 2022                    Respectfully submitted,

**LEVERTY & ASSOCIATES LAW CHTD.**

/s/ *Patrick R. Leverty*
Patrick R. Leverty (NV Bar 8840)
Reno Gould House
832 Willow Street
Reno, NV 89502
Telephone: (775) 322-6636
Facsimile: (775) 322-3953
Email: pat@levertylaw.com

*Liaison Counsel for Mark Kozubal*

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim, Esq.
275 Madison Ave., 40$^h$ Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: pkim@rosenlegal.com

*Lead Counsel for Mark Kozubal*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

/s/ Patrick R. Leverty
Patrick R. Leverty

NOTICE OF MOTION AND MOTION OF MARK Kozubal FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS IN *SONTHALIA V. USDC-CASJ*, No. 22-70044; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF – 2:21-cv-01612-CDS-BNW