CHRISTOPHER H. MCGRATH (CA SB# 149129)
*(Pro Hac Vice Application Forthcoming)*
chrismcgrath@paulhastings.com
RAYMOND W. STOCKSTILL (CA SB#275228)
*(Pro Hac Vice Application Forthcoming)*
beaustockstill@paulhastings.com
CARL HUDSON (CA SB#317201)
*(Pro Hac Vice Application Forthcoming)*
carlhudson@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California  92626-1924
Telephone:  1(714) 668-6200
Facsimile:  1(714) 979-1921

*Counsel for All Defendants*

PISANELLI BICE PLLC
JORDAN T. SMITH (NV Bar. No. 12097)
JTS@pisanellibice.com
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  1(702) 214-2100
Facsimile:  1(702)  214-2101

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS J. LEBEL, M.D., and THOMAS J. RIGA,<br><br>Defendants. | CASE NO. 2:21-cv-01612-CDS-BNW<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |

Pursuant to Federal Rule of Evidence 201(c)(2), Defendants Spectrum Pharmaceuticals, Inc. ("Spectrum"), Joseph W. Turgeon, Kurt A. Gustafson, Francois J. Lebel, M.D., and Thomas J. Riga (collectively, "Defendants") respectfully request that the Court take judicial notice of the following eight documents submitted in support of the Motion to Dismiss (the "Motion") the Amended Consolidated Class Action Complaint (the "Complaint") and attached to the accompanying Declaration of Christopher H. McGrath ("McGrath Declaration"):

- Exhibit 2 is a true and correct copy of a letter dated September 12, 2022 from the U.S. Food and Drug Administration ("FDA") to Anil K. Hiteshi of Spectrum regarding the approval of Rolvedon (eflapegrastim-xnst) (formerly Rolontis), which is publicly available at *https://www.accessdata.fda.gov/drugsatfda_docs/appletter/2022/761148Orig1s000Corrected_ltr.pdf*.

- Exhibit 3 is a true and correct copy of Spectrum's Form 8-K filed with the United States Securities and Exchange Commission ("SEC") on July 27, 2020, which is publicly available at *https://www.sec.gov/ix?doc=/Archives/edgar/data/0000831547/000119312520199685/d38176d8k.htm*.

- Exhibit 4 is a true and correct copy of a press release published by Spectrum on March 11, 2021, entitled "FDA Grants Fast Track Designation to Spectrum Pharmaceuticals' Poziotinib," which is publicly available at *https://investor.sppirx.com/news-releases/news-release-details/fda-grants-fast-track-designation-spectrum-pharmaceuticals*.

- Exhibit 5 is a true and correct copy of a press release published by Spectrum on February 11, 2022, entitled "Spectrum Pharmaceuticals Announces Acceptance of New Drug Application Filing for Poziotinib," which is publicly available at *https://investor.sppirx.com/news-releases/news-release-details/spectrum-pharmaceuticals-announces-acceptance-new-drug*.

- Exhibit 6 is a true and correct copy of Spectrum's Form 8-K filed with the SEC on August 11, 2022, which is publicly available at *https://www.sec.gov/ix?doc=/Archives/edgar/data/0000831547/000119312522218502/d375990d8k.htm*.

- Exhibit 7 is a true and correct copy of AstraZeneca plc's Form 6-K filed with the SEC on June 6, 2022, which is publicly available at *https://www.sec.gov/Archives/edgar/data/901832/000165495422007945/a7067n.htm*.

- Exhibit 8 is a true and correct copy of a transcript of a podcast published by the FDA on August 5, 2022, entitled "FDA D.I.S.C.O. Burst Edition: FDA approvals of Enhertu (fam-trastuzumab deruxtecan-nxki) for unresectable or metastaticHER2-low breast cancer, and Nubeqa (darolutamide) in combination with docetaxel for metastatic hormone-sensitive prostate cancer," which is publicly available at https://www.fda.gov/drugs/resources-information-approved-drugs/fda-disco-burst-edition-fda-approvals-enhertu-fam-trastuzumab-deruxtecan-nxki-unresectable-or.

- Exhibit 9 is a true and correct copy of an article published by cancernetwork.com on September 26, 2022, entitled "FDA ODAC Vote Indicates Benefit of Poziotinib Does Not Outweigh Risk for HER2 Exon 20 Ins+ NSCLC," which is publicly available at *https://www.cancernetwork.com/view/fda-odac-vote-indicates-benefit-of-poziotinib-does-not-outweigh-risk-for-her2-exon-20-ins-nsclc*.

Defendants also request that in connection with its review of the Motion to Dismiss, the Court consider the documents attached to the McGrath Declaration as **Exhibits 10-32**,[1] which are materials referenced in Plaintiffs' Complaint and thus are appropriate for this Court consider on this Motion given the incorporation by reference doctrine, as described more fully below.

---

[1] Exhibit 1 is not discussed here as it is simply a demonstrative that lists all of the statements alleged by Plaintiff's Complaint to be false or misleading.

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

## I.    JUDICIAL NOTICE STANDARDS

When deciding a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), courts should "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in  particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).  Courts may take judicial notice of any fact "not subject to reasonable dispute," which is a fact generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).  This is particularly true motions to dismiss federal securities claims, given the reforms adopted by Congress in the Private Securities Litigation Reform Act to address "significant evidence of abuse in private securities lawsuits.*" In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 977-78 (9th Cir. 1999) (citations omitted).  Judicial notice and the incorporation by reference doctrine address the concern specifically that plaintiffs can use selectively-quoted, out-of-context, references to public documents to create the illusion that their claims can muster under the "exacting," *Tellabs*, 551 U.S. at 313, pleading requirements of the PSLRA.  *See, e.g.*, *In re Lifelock Sec. Litig.*, 690 Fed. Appx. 947, 949, 951-52 (9th Cir. 2017) (affirming dismissal of federal securities fraud claim where district court "took judicial notice of a [company's] entire 2013 Form 10-K filing, not just the portion contained in the [operative complaint]").

## II.    ARGUMENT

### A.    Courts Routinely Take Judicial Notice of Documents Like Exhibits 2-9

#### 1.    Courts Routinely Take Judicial Notice of Public Records of Administrative Bodies Like Exhibits 2 and 8

Defendants request that the Court take judicial notice of Exhibits 2 and 8, both of which are publicly available documents reflecting the records of the United States Food and Drug Administration ("FDA.")  Courts may and routinely do take judicial notice of these "'records and

reports of administrative bodies.'" *In re Allied Nevada Gold Corp.*, No. 14-CV-00175, 2016 WL 4191017, at *4 (D. Nev. Aug. 8, 2016) (citing *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)); *see also Noble Asset Management v. Allos Therapeutics, Inc.*, No. 04-CV-1030, 2005 WL 4161977, at *2 (D. Colo. 2005) (taking judicial notice of "public documents by the FDA related to its process for reviewing new drug applications" on a motion to dismiss). This is particularly true where, as here, at issue in the case in which judicial notice is sought is "what was in the public realm at the time." *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009); *see also Constr. Laborers Pension Tr. of Greater St Louis v. Neurocrine Biosciences, Inc.*, No. 07-CV-1111, 2008 WL 2053733, *6 (S.D. Cal. May 12, 2008) (taking judicial notice on motion to dismiss of FDA guidelines because they were "publically available to a reasonable investor during the class period").

Both Exhibits 2 and 8 are records from the FDA, both of which are obtainable on websites for the administrative agency that are available to the public. They are "not subject to reasonable dispute," Fed. R. Evid. 201, given they are FDA records, as well as the fact that Plaintiff frequently credits FDA decisions and statements as true throughout its Complaint.

### 2. The Court May Consider Exhibits 3-7 and 9 for the Purposes for Which They Are Proffered

Courts also routinely take judicial notice of public materials generally when what is at issue, as is the case here in this Section 10(b) action asserting claims of securities fraud, is what was known to the public. The logic of this treatment is that these materials are not necessarily offered for truth of the contents, but rather, to demonstration the information publicly available, and thus in the efficient market that Plaintiff alleges and acknowledges, AC ¶144, known to the public during relevant periods. *See, e.g., Sierra Dev. Co. v. Chartwell Advisory Grp., Ltd.*, No. 13-CV-00602, 2015 WL 3852298, at *1 (D. Nev. June 22, 2015) (judicially noticing documents that "serve to demonstrate what as in the public domain" on a motion to dismiss); *In re Nuvelo, Inc., Sec. Litig.*, 668 F. Supp. 2d 1217, 1219-20 (N.D. Cal. 2009) (taking judicial notice in connection with a motion to dismiss of materials because they demonstrated the

information available to the market during the class period); *In re Gilead Sciences Sec. Litig.*, No. C03-4999, 2005 WL 181885, *4 (N.D. Cal. Jan. 26, 2005) (on a motion to dismiss, taking judicial notice of materials that "reflect[] information available to the market at the time").  This is true for a number of different types of public materials, including news articles and press releases.  *See, e.g.*, *ScrippsAmerica, Inc. v. Ironridge Global LLC*, 119 F. Supp. 3d 1213, 1230-32 (C.D. Cal. 2015) (collecting cases).  In several instances, however, events and FDA actions referenced in the documents to be noticed (e.g., Exhibit 4's confirmation that Fast Track Designation for Poziotinib was granted by the FDA in March 2021) cannot be reasonably be disputed by Plaintiff.  *See* Fed. R. Evid. 201(b).

Exhibits 3-7 and 9-11 are all publicly available materials offered for the purposes described above.  Plaintiffs' Complaint heavily puts at issue what was available to the market during relevant periods, with a view towards arguing that Defendants misstated facts on the basis of information not known to the public.  Exhibits 3-7 and 9, in turn, make clear the information that would have been actually known to the market, given the efficient market that Plaintiff posits.

**B.**     **The Court May Consider the Contents of Exhibits 10-32, Materials Incorporated by Reference into the Complaint**

Courts "may," and routinely do, "take judicial notice of documents that are incorporated by reference into, although not attached to a complaint if: (1) the complaint refers to the document, (2) it is central to the plaintiff's claims, and (3) the authenticity of the document is not in question.  *Ramanathan v. Saxon Mortgage Servs., Inc.*, No. 2:10–CV–02061–KJD–LRL, 2011 WL 2532415, at *2 (D. Nev. June 24, 2011) (considering document that was incorporated by reference in complaint in connection with ruling on a motion to dismiss); *In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (same); *see also Gammel v. Hewlett-Packard Co.*, 905 F. Supp. 2d 1052, 1061 (C.D. Cal. 2012) (explaining that the doctrine of incorporation by reference is distinct from the doctrine of judicial notice, and permits the court to consider the content of documents incorporated by reference in the complaint in connection

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

with deciding a motion to dismiss).  Where, as here, "a plaintiff fails to attach to the complaint the documents upon which the complaint is premised, a defendant may attach such documents in order to show that they do not support the plaintiff's claim."  *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *5 (N.D. Cal. Mar. 2, 2012)

Courts may treat documents incorporated by reference, as "'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'"  *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting United States v. Ritchie, 342 F.3d 903, 907–08 (9th Cir. 2003)); see also *Allied*, 2016 WL 4191017, at *4 (in a securities class action, considering SEC filings, earnings call transcripts, and press releases incorporated by reference in the complaint).  Plaintiff's Complaint refers to and "central[ly]," 2011 WK 2432415, at *2, relies on Exhibits **10-32**.  These exhibits, read as a whole with the Complaint, effectively constitute an allegation that their contents, in full, were available to investors during all relevant periods, and Plaintiff's allegations that parts of them constituted false statements is *the* basis for its Section 10(b) claims.  Further, the authenticity of these documents are not in question; rather, in alleging these are "false statements" made on behalf of Defendants, Plaintiff necessarily assumes they are authentic messages coming from Spectrum and the individual defendants.  It is more than appropriate for the Court to consider these documents incorporated by reference to ensure that Plaintiff has omitted none of their critical context—as Plaintiff has in fact omitted.

## III.    CONCLUSION

Defendants accordingly respectfully request that in connection with its consideration of the Motion to Dismiss, the Court (1) take judicial notice of Exhibits 2-9, and (2) consider the documents incorporated by reference in Plaintiffs' complaint, which are Exhibits 10-32.

DATED:  November 30, 2022

PISANELLI BICE PLLC

*/s/  Jordan T. Smith*
Jordan T. Smith (NV Bar No. 12097)
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

PAUL HASTINGS LLP
Christopher H. McGrath (CA SB# 149129)
*(Pro Hac Vice Application Forthcoming)*
Raymond W. Stockstill (CA SB#275228)
*(Pro Hac Vice Application Forthcoming*)
Carl Hudson (CA SB#317201)
*(Pro Hac Vice Application Forthcoming*)
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California  92626-1924

*Counsel for All Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 30th day of November, 2022, I caused to be served via the Court's CM/ECF system true and correct copies of the above and foregoing **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** to all parties registered for electronic service.

*/s/ Kimberly Peets*
An employee of Pisanelli Bice PLLC