CAMPBELL & WILLIAMS
J. COLBY WILLIAMS, (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: 702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
   & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelly@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | No. 2:21-cv-01612-CDS-BNW |
|---|---|---|
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE |
| SPECTRUM PHARMACEUTICALS, INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

4875-1109-1276.v1

## I.    Introduction

In connection with their Motion to Dismiss the Amended Consolidated Class Action Complaint (ECF 55) ("MTD"), Defendants filed a Request for Judicial Notice (ECF 56) ("RJN") asking the Court to take judicial notice of eight documents (together, the "RJN Documents") and incorporate by reference twenty-three documents. RJN at 3-6.[1] Rather than adhere to the Ninth Circuit's strict standards regarding judicial notice, which is limited to information "not subject to reasonable dispute," Defendants instead attempt to inject new, disputed facts into the case that fit their own narrative. *See* MTD at 1-3; RJN at 3.

Lead Plaintiff International Trading Group, Inc.'s ("Plaintiff's") allegations in the Complaint are clear.[2] With respect to poziotinib, Plaintiff alleges that Defendants made materially false and misleading statements concerning poziotinib's ability to treat patients with lung cancer caused by mutations at exon 20 of the epidermal growth factor receptor ("EGFR"). ¶¶24, 28-29, 49, 77, 78, 82-83. Specifically, Defendants misled investors about poziotinib's efficacy against EGFR-mutated patients relative to other existing therapies. ¶¶6, 29, 37-38, 47, 74, 76. Investors learned the truth over the course of three disclosures, in which the market learned that existing therapies treated these specific patients better than Defendants described, and poziotinib treated them worse than Defendants described. ¶¶133-134, 136, 138.

Despite Plaintiff's sole focus on the statements and stock price movements related to poziotinib's treatment of EGFR-mutated patients, Defendants seek to introduce additional information concerning poziotinib's effectiveness at treating a separate class of patients, those with mutations at exon 20 of the HER2 receptor. MTD at 1-3. In particular, Defendants ask the Court to take "judicial notice" of unspecified information contained in seven documents (Exhibits 3-9 (ECF 55-4 through 55-10)), five of which are dated after the Class Period (Exhibits 5-9). RJN at 1-2. According to Defendants, these documents show that poziotinib ultimately received breakthrough

---

[1]    "Defendants" are Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Joseph W. Turgeon, Kurt A. Gustafson, Francois J. Lebel, M.D., and Thomas J. Riga.

[2]    All "¶_" and "¶¶_" references herein are to the Amended Consolidated Class Action Complaint (ECF 46) (the "Complaint"). Additionally, all capitalized terms used in this Opposition that are not otherwise defined herein have the same meaning as set forth in the Complaint.

- 1 -

therapy designation from the FDA for poziotinib's treatment of HER2-mutated patients. MTD at 2-3. Defendants concede that poziotinib still did not gain approval for this second indication or ever earn revenue for the Company because a more effective drug beat them to market. *Id.* Defendants do not attempt to explain how these extraneous documents – or any information within them – impact Plaintiff's allegations concerning Defendants' false and misleading statements and the stock price activity surrounding poziotinib's treatment of EGFR-mutated patients.

Plaintiff's allegations regarding Rolontis are also straightforward. Plaintiff alleges that Defendants repeatedly made material representations to the market about Spectrum's personal and extensive involvement in preparing the Hanmi plant for a particular FDA inspection, which occurred in May and June 2021. ¶¶7, 67-71, 98-102. Spectrum ultimately failed the inspection on several grounds, which caused a significant stock price decline. ¶¶70-71, 139. Despite the focused nature of these allegations, Defendants again attempt to add facts. They ask the Court to take "judicial notice" of unspecified information contained in a document (Exhibit 2 (ECF 55-3)) from over a year after the Class Period, which they contend shows the Rolontis plant "later passed re-inspection." MTD at 1-2. Defendants again make no effort to explain how the subsequent successful inspection – if accurately depicted in Exhibit 2 – impacts their statements and the stock price movements concerning the alleged inspection.

On the whole, Defendants improperly offer the RJN Documents for their truth to create their own narrative unrestricted by the allegations in the Complaint. This conduct is wholly inappropriate at the pleading stage, and the Court should decline to take judicial notice of these documents.[3]

---

[3] Plaintiff agrees that, while they are not referenced "extensively" as instructed by *Khoja*, Exhibits 10 through 32 are referenced in the Complaint. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018); *see also United States v. Ritchie*, 342 F.3d 903, 907-09 (9th Cir. 2003). As such, Plaintiff does not oppose their incorporation by reference, provided the Court consider them only for the fact of their filing, and not to resolve any factual disputes with respect to the Complaint. *Khoja*, 899 F.3d at 1000, 1003 ("Reasonable people could debate what exactly this conference call disclosed about [defendant's business] . . . "; "[I]t is improper to assume the truth of an incorporated document if such assumptions *only serve to dispute facts stated in a well-pleaded complaint*. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.").

- 2 -

## II.     Legal Standard

Generally, district courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). A "court may not consider any material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim without converting it into a motion for summary judgment." *Sledge v. Allen*, 2020 WL 6333958, at *1 (D. Nev. June 29, 2020), *report and recommendation adopted*, 2020 WL 4530466 (D. Nev. Aug. 6, 2020). However, "[t]here are two exceptions to this rule: the incorporation-by-reference doctrine, and judicial notice under Federal Rule of Evidence 201." *Khoja*, 899 F.3d at 998.

The Ninth Circuit has identified "a concerning pattern in securities cases like this one: exploiting [incorporation-by-reference and judicial notice] improperly to defeat what would otherwise constitute adequately stated claims at the pleading stage." *Id*. As the Court of Appeals noted in *Khoja*:

> Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*Id.* And the Court in *Hsu v. Puma Biotechnology, Inc.* expressed a similar sentiment:

> Nonetheless, with little to lose, too many defense attorneys are tempted by the puncher's chance offered by such a motion. At worst, they lose a generally inexpensive motion. But at best, they can knock their opponent out cold, right at the beginning of round one. In this way, efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage are consistent with other developments in the law that diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court. *See Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868; *Twombly*, 550 U.S. 544, 127 S. Ct. 1955. Such trends are particularly troubling in the common situation of asymmetry, where a defendant starts off with sole possession of the information about the alleged wrongdoing.

213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016). Defendants' conduct here perfectly exemplifies the "troubling" and "unscrupulous" abuse of judicial notice discussed in *Khoja* and *Puma*.

- 3 -

4875-1109-1276.v1

## III.   Argument

### A.   The RJN Does Not Identify a Single Fact that May Be Judicially Noticed

"[A]ny documents the Court considers under [the judicial notice or incorporation by reference] doctrine should only be considered for their existence, and not for the truth of their contents." *Puma*, 213 F. Supp. 3d at 1282.  The "Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document." *Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, 2021 WL 4133858, at \*2 (N.D. Cal. Sept. 10, 2021) (citing *Khoja*, 899 F.3d at 999); *see also Khoja*, 899 F.3d at 999 ("A court must also consider – and identify – which fact or facts it is noticing . . . .").  Even if a "'document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.'" *Sledge*, 2020 WL 6333958, at \*2 (quoting *Khoja*, 899 F.3d at 999).[4]  Indeed, the Ninth Circuit recently held that a district court "did not abuse its discretion in declining to notice particular facts within [a party's] requests for judicial notice.  One of those requests contained 209 pages, and [the party] did not identify any particular facts within these documents.  Thus, the court could not identify any judicially noticeable facts." *Limcaco v. Wynn*, 2023 WL 154965, at \*3 (9th Cir. Jan. 11, 2023).

Since *Khoja* was decided, district courts have rejected requests for judicial notice that fail to identify any ***facts*** that purportedly should be judicially noticed.  A request for judicial notice must fail when "the defendants do not explain why they seek judicial notice of these documents or what facts they want judicially noticed.  'Judges are not like pigs, hunting for truffles buried in briefs,' so [the court need] not scour the defendants' brief for explanation." *Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at \*6 (D. Nev. July 28, 2021) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *see also Capaci v. Sports Rsch. Corp.*, 445 F. Supp. 3d 607, 617 (C.D. Cal. 2020) ("Because defendant does not identify which facts within the exhibits it asks the court to judicially

---

4   Unless otherwise noted, citations are omitted throughout.

- 4 -

4875-1109-1276.v1

notice nor does it explain why the court can judicially notice those facts, the court denies defendant's request for judicial notice.").

Here, the RJN is completely devoid of explanation as to which facts Defendants are requesting the Court to notice. *See generally* ECF 56 (RJN).  Accordingly, none of Defendants' RJN documents should be judicially noticed for the truth of any fact they include.

### B.    The RJN Documents Should Not Be Incorporated By Reference

Defendants may only "seek to incorporate a document into the complaint 'if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.'" *Khoja*, 889 F.3d at 1002.  In *Khoja*, the Ninth Circuit explained that "[a]lthough incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, we reiterate that it is improper to do so only to resolve factual disputes against the plaintiff's well-pled allegations in the complaint."  *Id.* at 1014.  The "incorporation-by-reference doctrine does not override the fundamental rule that courts must interpret the allegations and factual disputes in favor of the plaintiff at the pleading stage."  *Id.*; *see also Urb. Outfitters, Inc. v. Dermody Operating Co.*, LLC, 572 F. Supp. 3d 977, 993 (D. Nev. 2021) ("[W]hen a document 'merely creates a defense to the well-pled allegations in the complaint, then that document did not necessarily form the basis of the complaint.'").

Here, Defendants do not attempt to demonstrate that *en masse* incorporation of the RJN Documents will be used for proper purposes.  *See* RJN at 5-6.  Accordingly, the Court should disregard these exhibits, along with any inferences drawn therefrom in deciding the motion to dismiss.

### C.    Defendants Improperly Ask the Court to Accept the Truth of Exhibits Used to Dispute Facts in the Complaint

Defendants' request should also be denied because their exhibits are submitted improperly to dispute the Complaint's factual allegations.  The Ninth Circuit in *Khoja* held "it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.  This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage."  *Khoja*, 899 F.3d at 1003 (citing, *inter alia*, *In re*

- 5 -

4875-1109-1276.v1

*Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016) ("At the motion to dismiss phase, the trial court must accept as true all facts alleged in the complaint and draw all reasonable inferences in favor of the plaintiff.").

Here, Defendants' sole purpose for submitting the RJN Documents is to dispute the factual allegations of the Complaint. Indeed, Defendants' statement of the "Introduction and Factual Summary" in their motion to dismiss cites all eight of the RJN Documents. MTD at 1-3. Defendants attempt to use these unrelated materials to introduce an alternate narrative, in which the story of poziotinib and Rolontis did not end in abject failure. MTD at 2. To the extent this narrative overlaps with allegations in the Complaint, it conflicts with them. Indeed, Plaintiff points out in the Complaint that investors never regained confidence in the Company after the Class Period, as Spectrum "stock price has never recovered from this dramatic decline, remaining under $1.00 per share at the time of this filing [September 26, 2022]." ¶8. It is not the Court's responsibility to resolve such factual disputes at the pleading stage.

**D.    The RJN Documents Do Not Satisfy Even Defendants' Incorrect RJN Standard**

Defendants cite *Sierra Dev. Co. v. Chartwell Advisory Grp., Ltd.*, 2015 WL 3852298, at *1 (D. Nev. June 22, 2015) as an example of the court noticing documents that "serve to demonstrate what was in the public domain" and thus what is "known to the public during relevant periods." *Id.*; RJN at 4. But *Sierra* predates by *Khoja* by three years, and Defendants fail to make any attempt to align the lower court's holding with the conflicting holding in *Khoja*. *See Khoja*, 899 F.3d at 998 ("[T]he unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery."). In any event, five of the RJN Documents (Exhibits 5-9) are from well after the Class Period, and therefore do not satisfy even *Sierra*'s directive to demonstrate what was "known to the public during relevant periods." Accordingly, these five documents fail to meet even Defendants' own standard. RJN at 2-3.

- 6 -

4875-1109-1276.v1

**IV.    Alternatively, if the Court Considers Defendants' Exhibits for Their Truth, It Must Convert the Motion to Dismiss Into a Motion for Summary Judgment**

Should the Court consider the RJN Documents for anything more than their existence, it should convert Defendants' RJN to a motion for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . matters outside of the pleadings are . . . not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Once the motion is converted into one for summary judgment, Plaintiff must be afforded an opportunity to conduct discovery "to present all the material that is pertinent" by Defendants' motion. Fed. R. Civ. P. 12(d).

**V.    Conclusion**

For the foregoing reasons, the Court should reject Defendants' attempt to exploit the judicial notice and incorporation-by-reference procedures. If, however, the Court is inclined to consider any of the RJN Documents, the Court should convert Defendants' motion into a motion for summary judgment and allow Plaintiff discovery before any ruling on the motion.

DATED: January 27, 2023

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY

s/ Jeffrey J. Stein
JEFFREY J. STEIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelly@rgrdlaw.com

Lead Counsel for Lead Plaintiff International Trading Group, Inc.

- 7 -

4875-1109-1276.v1

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International
Trading Group, Inc.

- 8 -

4875-1109-1276.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on January 27, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jeffrey J. Stein
JEFFREY J. STEIN

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  jstein@rgrdlaw.com

4875-1109-1276.v1

# Mailing Information for a Case 2:21-cv-01612-CDS-BNW Luo v. Spectrum Pharmaceuticals, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **John P. Aldrich**
  jaldrich@johnaldrichlawfirm.com,traci@johnaldrichlawfirm.com,eleanor@johnaldrichlawfirm.com,sorme@johnaldrichlawfirm.com

- **Joseph Alexander Hood , II**
  ahood@pomlaw.com

- **John M. Kelley**
  JKelley@rgrdlaw.com,jkelley@ecf.courtdrive.com

- **Patrick R. Leverty**
  pat@levertylaw.com,staff@levertylaw.com,patleverty@gmail.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com

- **Ryan A. Llorens**
  ryanl@rgrdlaw.com,ryanl@ecf.courtdrive.com,E_File_SD@rgrdlaw.com

- **Andrew R. Muehlbauer**
  andrew@mlolegal.com,witty@mlolegal.com,sean@mlolegal.com

- **David C OMara**
  david@omaralaw.net,val@omaralaw.net,bsnyder@omaralaw.net

- **Jordan T. Smith**
  jts@pisanellibice.com,kap@pisanellibice.com,sd@pisanellibice.com,lit@pisanellibice.com

- **Jeffrey J. Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,E_File_SD@rgrdlaw.com,CReis@ecf.courtdrive.com,creis@rgrdlaw.com

- **J Colby Williams**
  jcw@cwlawlv.com,pre@cwlawlv.com,cbb@cwlawlv.com,srm@cwlawlv.com,jyc@cwlawlv.com,mmh@cwlawlv.com,maw@cwlawlv.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Michael          Albert
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Jennifer         N. Caringal
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Danielle         S. Myers
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Juan             Carlos Sanchez
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
```