CHRISTOPHER H. MCGRATH (CA SB# 149129)
(*Admitted Pro Hac Vice*)
chrismcgrath@paulhastings.com
RAYMOND W. STOCKSTILL (CA SB#275228)
(*Admitted Pro Hac Vice*)
beaustockstill@paulhastings.com
CARL HUDSON (CA SB#317201)
(*Admitted Pro Hac Vice*)
carlhudson@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California  92626-1924
Telephone:  1(714) 668-6200
Facsimile:  1(714) 979-1921

*Counsel for All Defendants*

PISANELLI BICE PLLC
JORDAN T. SMITH (NV Bar. No. 12097)
JTS@pisanellibice.com
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone:  1(702) 214-2100
Facsimile:  1(702)  214-2101

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS J. LEBEL, M.D., and THOMAS J. RIGA,<br><br>Defendants. | CASE NO. 2:21-cv-01612-CDS-BNW<br><br>**DEFENDANTS' REPLY IN SUPPORT OF REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |

DEFENDANTS' REPLY ISO REQUEST FOR JUDICIAL NOTICE ISO MOTION TO DISMISS

Defendants respectfully submit this reply in support of their Request for Judicial Notice in Support of Motion to Dismiss ("RJN").[1]

## I. INTRODUCTION

Plaintiff's Opposition to the RJN ("RJN Opp.") purports to take issue with just 8 of the 32 documents referenced in the Declaration of Chris McGrath in support of Defendants' Motion to Dismiss (ECF 55) (the "McGrath Declaration"). Specifically, the RJN Opp. contests the documents for which Defendants sought judicial notice, Exhibits 2-9 to the McGrath Declaration (the "RJN documents"). In doing so, however, Plaintiff also reinterpreted and misconstrued the standard for incorporation by reference, an alarming development given Plaintiff's heavy reliance in its AC on several public documents containing statements that form the basis of its claims – improperly implicating 23 more of the 32 documents, Exhibits 10-32 of the McGrath Declaration (the "incorporated documents").[2] This Court must be able to fully consider the incorporated documents, and otherwise decide Defendants' Motion to Dismiss on their basis as well as the basis of Plaintiffs' allegations. Further, Plaintiff is quick to criticize Defendants' basis for seeking notice of the RJN documents, but in doing so ignores or avoids case law that demonstrates this Court may take notice of such documents.

## II. ARGUMENT

### A. Plaintiff Misstates the Test for Incorporation by Reference, and its Purpose

Plaintiff's articulation of the incorporation by reference doctrine is highly misleading and omits critical portions of the operative test – ironically, the exact sort of ill the doctrine is meant to address. Because of Plaintiff's imprecise dispute as to RJN documents vs. incorporated by reference documents, it is unclear what treatment they are seeking as to the documents incorporated by reference. *See* RJN Opp. 2 n.3. However, to the extent Plaintiff disputes that documents incorporated by reference can ever be reviewed for context missing from Plaintiff's recitation of them, that is clearly incorrect. The purpose of the doctrine, as noted by the very case

---

[1] Unless separately defined herein, capitalized terms have the same definition as in the Motion to Dismiss ("Motion").

[2] Plaintiff's RJN Opp. takes no issue with Exhibit 1, a demonstrative laying out the statements Plaintiff alleges to be false or misleading.

Plaintiff principally cites, is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (2018). Plaintiff's advancing of a definition of this test as requiring "the Court [to] consider [incorporated documents] only for the fact of their filing," is thus flatly wrong and highly concerning. RJN Opp. 2 n.3. Indeed, it is contrary to *Khoja*'s observation that the Ninth Circuit has "stated that, unlike judicial notice, a court 'may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Khoja*, 899 F.3d at 1003 (alteration in original) (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). The general rule is thus that documents incorporated by reference can be reviewed for their truth (with exception only for factual disputes which Plaintiff does not argue here).

Plaintiff must not be permitted to trade on a proffered misinterpretation of the incorporation by reference doctrine that would prohibit full consideration of the incorporated documents. 23 of the 32 documents identified in the McGrath Declaration were documents incorporated by reference. They make up the very statements Plaintiff alleges to be false or misleading, *i.e.*, the very foundations of Plaintiff's case. These documents quintessentially "form[] the basis of [P]laintiff's claim." *Khoja*, 899 F.3d at 1002 (citation omitted). Further, because this condition to incorporation is phrased disjunctively with the extensive citation condition, Plaintiff's note that it does not view the documents sought to be incorporated by reference as being cited "extensively," RJN Opp. 2 n.3, is irrelevant and unpersuasive.

Plaintiff notably points to no statement in any document incorporated by reference[3] as purportedly being inappropriately cited. To the extent Plaintiff may later maintain otherwise, however, the full extent of the documents quoted by Plaintiff in its Complaint, Exhibits 10-32 of the McGrath Declaration, can be considered for their full context in this Court's decision of the Motion, including any portions of Exhibits 10-32 that "weaken—or doom—[Plaintiff's] claims."

---

[3] Plaintiff appears to argue that the RJN documents (Exhibits 2-9 to the McGrath Declaration) cannot be incorporated by reference, RJN Opp. 5, but that argument is misplaced because Defendants do not seek to have the *RJN documents* incorporated by reference (they instead seek to have the Court take judicial notice of the RJN documents).

*Khoja*, 899 F.3d at 1002.  An example of the risk posed by Plaintiff's reading of the law in this Section 10(b) securities case is the cautionary language associated with the statements Plaintiff alleges were false.  Plaintiff, having quoted another portion of such documents, cannot prevent the Court's consideration of the cautionary language in the same documents, which, *inter alia*, insulate the statements Plaintiff alleges to be false within the PSLRA's safe harbor.  *See* Mot. 16 (citing Exhibit 27).

### B.       Defendants' RJN Documents Can Be Judicially Noticed

Plaintiff argues that none of the RJN documents can be judicially noticed, but in doing so, Plaintiff ignore swaths of case law regarding judicially noticeable documents and information.

First, Plaintiff entirely ignores the case law cited by Defendants describing what documents typically can be judicially noticed.  As noted previously in the RJN, the overriding standard for judicial notice is that it is appropriate to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  As described in the RJN, most of the documents Defendants seek to have judicially notice (Exhibits 2-8) are the sort that are not subject to dispute.[4]  Courts may and routinely do take judicial notice of these "records and reports of administrative bodies."  *In re Allied Nevada Gold Corp.*, No. 3:14-CV-00175-LRH-WGC, 2016 WL 4191017, at *3 (D. Nev. Aug. 8, 2016) (citing *Interstate Natural Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953)); *see also Noble Asset Mgmt. v. Allos Therapeutics, Inc.*, No. 04-CV-1030-RPM, 2005 WL 4161977, at *2 (D. Colo. 2005) (taking judicial notice of "public documents provided by the FDA relating to its process for reviewing new drug applications" on a motion to dismiss).

Further supporting that these are not disputable facts, or documents whose accuracy cannot be reasonably disputed, is the fact that Plaintiff never disputes their accuracy.  Instead, Plaintiff devotes almost its entire RJN Opp. to arguing that the RJN creates factual disputes, while

---

[4] Exhibit 9, in turn, was in the public domain within the meaning of term described in the case law below.

notably only ever hinting at one purported factual dispute – that the RJN documents somehow conflict with its generalized statement that Spectrum's "stock price has never recovered from this dramatic decline, remaining under $1.00 per share at the time of this filing [September 26, 2022]." RJN Opp. 6.  This statement is not inconsistent with any of the RJN documents, particularly not the portions cited in Defendants' factual summary, which does not even reference Spectrum' share price.  *See* Mot. 1-3.  Given this statement does not create any factual dispute, Plaintiff has identified only hypothetical, not actual, disputes connected to the RJN documents, which is not a basis to deny judicial notice.

Next, Plaintiff takes issue with the authority cited by Defendants establishing that courts may take judicial notice of documents in the public domain, but that case law remains operative. Defendants cited *Sierra Dev. Co. v. Chartwell Advisory Grp., Ltd.*, for the proposition that courts may take judicial notice of documents that "demonstrate what was in the public domain at the time," No. 13-cv-00602, 2015 WL 3852298, at *1 (D. Nev. June 22, 2015) (citing *Von Saher v. Norton Simon Museum of Art*, 592 F.3d 954, 960 (9th Cir. 2009).  Plaintiff criticized this case as being inconsistent with the case it principally relied on, *Khoja*, which was decided after *Sierra*. RJN Opp. 6.  But *Sierra* was far from the only case to recognize this proposition regarding documents in the public domain, which has continued to be cited past the decision of *Khoja*.  In particular, *Sierra* cited the Ninth Circuit case *Von Saher* for this proposition.  In turn, that portion of *Von Saher* has been cited repeatedly as good law, including after *Khoja*.  *See, e.g.*, *Abiding Place Ministries v. Newsom*, No. 3:21-cv-00518-RBM-DDL, 2023 WL 1999488, at *3 (S.D. Cal. Feb. 14, 2023) (citing *Von Saher* for this proposition); *Elhassani v. U.S. Citizenship & Immigr. Servs.*, No. 33:20-cv-02159-BEN-AHG, 2022 WL 168631, at *19 (S.D. Cal. Jan. 14, 2022) (citing *Von Saher* for this proposition). Such decisions recognize there is no inherent conflict between allowing materials to demonstrate what documents are in the public realm at relevant times, and a rule prohibiting factual disputes on a motion to dismiss, thus defeating Plaintiff's argument.

Further, Plaintiff's urging to this Court to deny Defendants' RJN for reference to facts in documents finds no foundation in recent RJN cases.  In *Abiding Place Ministries*, the court

specifically took notice of "government documents, court filings, press releases and news articles," without reference to specific facts. *Abiding Place Ministries*, 2023 WL 1999488, at *4. Ignored by Plaintiff as well is a case, cited in Defendants' RJN, where the Ninth Circuit affirmed a district court that judicially noticed an entire form 10-K in a securities case. *See In re Lifelock Inc. Sec. Litig.*, 690 F. App'x 947, 949, 951-52 (9th Cir. 2017) (unpublished). Further, in *Elhassani*, the Court took judicial notice of the facts cited in the briefing of the party seeking notice, in response to a request for judicial notice of certain documents. *Elhassani*, 2022 WL 168631, at *18. This court may do the same for the specific facts cited in Defendants' brief as to these exhibits.

**C.     Defendants' Motion to Dismiss Does Not Depend on the RJN Exhibits**

While the exhibits Defendants request to have judicially noticed in this action provide context missing from Plaintiff's account of the facts this case, Defendants' Motion is not contingent on any of them. *See* Mot. 2 n.4. No document sought to be noticed (*i.e.*, any of Exhibits 2-8 to the McGrath Declaration) is referenced beyond Defendants' factual summary in its initial motion. *Compare* Mot. at 1-3 (citing Exhibits 2-9), *with* Mot. at 4-24 (citing none of those exhibits). Further Plaintiff, despite its muddying of the incorporation by reference standard discussed at length above, takes no issue with any citation of Defendants to any of those documents incorporated by reference.

Moreover, Defendants' Motion does not substantively depend on the RJN documents. Plaintiff's claim fails on the basis of its allegations alone, as Plaintiff fails to establish the elements of a Section 10(b) violation. While the RJN documents provide additional detail around the background of Rolontis and Poziotinib and show what information Plaintiff ignored in making its allegations, the legal analyses for why Plaintiff has (i) shown no false or misleading statement, (ii) shown no scienter, (iii) pointed to no statements other than those that are non-actionable corporate optimism, and (iv) pointed to no statements other than those covered by the PSLRA's safe harbor, are fully independent of the RJN documents, and are based solely on Plaintiff's insufficient allegations.

## III.    CONCLUSION

Defendants maintain it is appropriate for this Court to judicially notice Exhibits 2-9 to the McGrath Declaration.  Whatever Plaintiff's issue with those documents, though, the Court must consider the documents incorporated by reference, Exhibits 10-32 to the McGrath Declaration, and decide the Motion on the basis of those incorporated documents and Defendants' showing in its Motion that Plaintiffs' allegations are insufficient even treated alone.


DATED:  February 27, 2023

PAUL HASTINGS LLP

/s/  Christopher H. McGrath
Christopher H. McGrath (CA SB# 149129)
(Admitted Pro Hac Vice)
chrismcgrath@paulhastings.com
Raymond W. Stockstill (CA SB#275228)
(Admitted Pro Hac Vice)
beaustockstill@paulhastings.com
Carl Hudson (CA SB#317201)
(Admitted Pro Hac Vice)
carlhudson@paulhastings.com
PAUL HASTINGS LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, California  92626-1924
Telephone:  1(714) 668-6200
Facsimile:  1(714) 979-1921

Counsel for All Defendants


PISANELLI BICE PLLC
Jordan T. Smith (NV Bar No. 12097)
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 1(702) 214-2100
Facsimile: 1(702) 214-2101
JTS@pisanellibice.com

Counsel for Defendant Spectrum
Pharmaceuticals, Inc.