Jordan T. Smith, Esq.
Bar No. 12097
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101
JTS@pisanellibice.com

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS J. LEBEL, M.D., and THOMAS J. RIGA,<br><br>Defendants. | CASE NO. 2:21-cv-01612-CDS-BNW<br><br>**DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendants Spectrum Pharmaceuticals, Inc. ("Spectrum"), Joseph W. Turgeon, Kurt A. Gustafson, Francois J. Lebel, M.D., and Thomas J. Riga respectfully request that the Court consider and/or take notice of, pursuant to Federal Rule of Evidence 201, the incorporation-by-reference doctrine, and related authority, documents attached as Exhibits 2-31 and 33-35 to the Declaration of John B. Lawrence in support of Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint.

This request is divided into four sets of documents that are judicially noticeable or are relied upon in the Second Amended Consolidated Class Action Complaint (the "SAC"): (1) transcripts of Spectrum's earnings calls, conference calls, and conference presentations; (2) press releases issued by Spectrum; (3) Spectrum filings with the Securities and Exchange Commission (the "SEC"); and (4) public documents published by federal government agencies.

1

**LEGAL STANDARD**

When ruling on a motion to dismiss, courts may look beyond the four corners of the complaint to documents incorporated by reference and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Documents incorporated by reference include those that "'for[m] the basis of the plaintiff's claim,'" or that a complaint refers "'extensively to,'" *Khoja*, 899 F.3d at 1002 (quoting *United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003)), as well as documents that the complaint "necessarily relies" on, the authenticity and relevance of which are uncontested, *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

Courts may consider documents that are incorporated by reference "as though they [are] part of the complaint itself." *Khoja*, 899 F.3d at 1002. If the Court deems a document incorporated by reference, "the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). The reason for this rule is well settled: it "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002. "Although the truth of an incorporated document may not be considered *solely* to dispute *well-pled* facts, the Court need not accept as true conclusory allegations that are contradicted by documents referenced in the complaint." *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *3 (N.D. Cal. Mar. 18, 2024) (emphasis in original). Moreover, courts may assume the truth of incorporated documents even where the plaintiff contends the documents contain false or misleading statements. *Pirani v. Netflix, Inc.*, 2024 WL 69069, at *6 (N.D. Cal. Jan. 5, 2024).

Courts may also consider "matters of which a court may take judicial notice." *Tellabs*, 551 U.S. at 322. Federal Rule of Evidence 201 authorizes a court to take judicial notice of matters that are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. While "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment," "a court cannot take judicial notice of disputed facts contained in such public records."

*In re eHealth, Inc. Sec. Litig.*, 2023 WL 6390593, at \*3 (N.D. Cal. Sept. 28, 2023) (quoting *Khoja*, 899 F.3d at 999). It is "routine" for courts to take judicial notice of "filings with the SEC; transcripts of calls with, or presentations to, analysts and investors; and press releases" in securities fraud cases. *In re Plantronics, Inc. Sec. Litig.*, 2022 WL 3653333, at \*5 (N.D. Cal. Aug. 17, 2022).

## ARGUMENT

**I.      Transcripts of Calls with and Presentations to Analysts and Investors (Exhibits 2-16)**

Exhibits 2-16 are transcripts of Spectrum earnings calls, conference calls, and conference presentations. The Court may consider each of these transcripts on a motion to dismiss. All but one of these transcripts are incorporated by reference into the SAC and are also judicially noticeable. The remaining transcript, Exhibit 2, is judicially noticeable.

*First*, the Court may consider Exhibits 3-16 in their entirety because they are incorporated by reference into the SAC. The SAC's central claims are that Defendants misrepresented Pozi's "prospects for success" (¶¶ 165, 181, 205), and that Defendants misled investors about Spectrum's voluntary withdrawal of a biologics license application ("BLA") for Rolontis and the Hanmi facility's readiness for an FDA inspection required as part of the BLA (¶¶ 224, 235). Exhibits 3-16 contain most of the statements Plaintiff alleges were false or misleading and contain statements supporting Plaintiff's scienter allegations; Plaintiff accordingly references the transcripts extensively throughout the SAC.[1] *See, e.g.*, *Edwards v. Signify Health, Inc.*, 2023 WL 3467558, at \*1 (D. Nev. May 12, 2023) (incorporating call transcripts and noting "[plaintiff] quotes transcripts of the phone calls in his complaint, but frequently uses ellipses and abbreviated sentences to omit the portions of those very documents that weaken his claims"); *Lowe v. Tandem Diabetes Care Inc.*, 2024 WL 1898473, at \*5 (S.D. Cal. Apr. 30, 2024) ("Plaintiffs quote from these conference calls extensively and many of Defendants' allegedly false or misleading statements upon which Plaintiffs base their claims occurred during these calls."); *eHealth, Inc.*, 2023 WL 6390593, at \*2 ("The transcripts of the . . . earnings calls are properly incorporated by reference because Plaintiff challenges statements made on those calls as misleading, such that the calls form the basis of Plaintiff's claims."). Because these transcripts are incorporated by reference into the SAC, the

---

[1] *See, e.g.*, ¶¶ 89, 92, 166-68, 171-72, 185, 188, 206, 226, 237, 241, 243-44, 249, 254.

Court may assume the truth of these documents for the purposes of deciding the Motion to Dismiss.

*Second*, the Court may take judicial notice of Exhibits 2-16 because all of these transcripts are matters of public record not subject to reasonable dispute. "Courts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases" for "the purpose of considering what was disclosed to the market." *Strezsak*, 2024 WL 1160900, at \*4 (taking judicial notice of investor conferences transcripts); *see also Waterford Twp. Police v. Mattel, Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018), *aff'd*, 794 F. App'x 669 (9th Cir. 2020) (taking judicial notice of earnings calls transcripts). Defendants do not ask the Court to assume the truth of any facts or information contained in a transcript the Court solely judicially notices. Rather, Defendants ask the Court to consider the transcripts so that it understands the context in which the alleged misrepresentations were made and it understands what was said and when. *Plantronics, Inc.*, 2022 WL 3653333, at \*5 (taking judicial notice of transcripts of investor calls and presentations "for the purpose of determining what information was available to the market").

**II.      Press Releases Issued by Spectrum (Exhibits 17-25)**

Exhibits 17-25 are publicly disseminated press releases of Spectrum. Exhibits 18 and 23 are both incorporated by reference and judicially noticeable. Exhibits 17, 19-22, and 24-25 are judicially noticeable.

*First*, Exhibits 18 and 23 are incorporated by reference into the SAC. Because the SAC alleges that Spectrum's March 15, 2019 press release contained false or misleading statements, ¶ 229, Exhibit 18 necessarily "forms the basis of" Plaintiff's claim. *In re CV Scis., Inc. Sec. Litig.*, 2019 WL 6718086, at \*2 (D. Nev. Dec. 10, 2019) (incorporating press releases that "contain the allegedly false or misleading statements at issue in this case"). Similarly, Plaintiff relies on Exhibit 24 to support his loss causation allegations, ¶ 293, and thus Exhibit 23 "serves as the foundation for an element of" Plaintiff's claim. *Callen v. Resonant Inc.*, 2023 WL 9348105, at \*1 (C.D. Cal. Dec. 27, 2023); *see Reckstin Fam. Tr. v. C3.ai, Inc.*, 2024 WL 734497, at \*5 & n.8 (N.D. Cal. Feb. 22, 2024) (incorporating public analyst reports as relevant to loss causation). The SAC also refers extensively to Exhibit 23. *See* ¶¶ 96, 112, 132, 262, 293. Exhibits 18 and 23 are thus relied on by Plaintiff, are central to Plaintiff's claims, and their authenticity is not in question. The Court may

thus assume that these documents are true for the purposes of deciding the motion to dismiss.

*Second*, Exhibits 17-25 are properly the subject of judicial notice. *See, e.g.*, *Farhar v. Ontrak, Inc.*, 2024 WL 1136128, at *4 (C.D. Cal. Feb. 2, 2024) ("Courts in the Ninth Circuit routinely take judicial notice of press releases."); *Sneed v. AcelRx Pharms., Inc.*, 2022 WL 4544721, at *3 (N.D. Cal. Sept. 28, 2022) (taking judicial notice of press releases); *Strezsak*, 2024 WL 1160900, at *4 (same). For example, courts take judicial notice of "the fact that the [press releases] contained purportedly cautionary language about forward-looking statements." *Aramic LLC v. Revance Therapeutics, Inc.*, 2024 WL 1354503, at *3 (N.D. Cal. Apr. 2, 2024); *see* Exs. 21, 23-27, 29-31 (containing forward-looking-statement warnings and cautionary language). Defendants do not ask the Court to assume the truth of the facts underlying any Spectrum press release the Court solely judicially notices. Defendants ask the Court to consider the press releases so that it understands the context in which the alleged misrepresentations were made, including the cautionary language the SAC omits, and what information Spectrum released and when. *See Sylebra Cap. Partners Master Fund Ltd v. Everbridge, Inc.*, 2023 WL 3549506, at *1 (C.D. Cal. May 9, 2023) (taking judicial notice of press release for the purpose "that certain information . . . was disclosed to the market"); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("Judicial notice of [press releases] is proper for several reasons . . . [T]he court is required to consider 'any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant.'") (citing 15 U.S.C. § 78u–5(e)).

**III.     Documents Filed with the SEC (Exhibits 26-31 and 33)**

Exhibits 26-31 and 33 are public documents filed with the SEC. Exhibit 29 is both incorporated by reference and is judicially noticeable. Exhibits 26-31 and 33 are judicially noticeable.

*First*, Exhibit 29 is a Prospectus Supplement filed with the SEC that is both incorporated by reference and is judicially noticeable. The SAC alleges that Spectrum made false and misleading statements in its July 29, 2020 prospectus supplement concerning results of the Pozi MD Anderson study. ¶ 212. Thus, Exhibit 29 necessarily "forms the basis" of Plaintiff's claims. *Crews v. Rivian Automotive*, 2023 WL 3050081, at *8 (C.D. Cal. Feb 16, 2023) (incorporating final prospectus filed

with the SEC that contained "statements Plaintiffs allege are actionable under federal securities law"); *Moradpour v. Velodyne Lidar, Inc.*, 2022 WL 20611446, at \*2 (N.D. Cal. Jul. 1, 2022) (incorporating multiple prospectuses filed with the SEC).

*Second*, Exhibits 26-28, 30-31, and 33 are stock disclosure forms (Form 3 and 4) and periodic reports (Forms 10-K and 10-Q) that are filed with the SEC and are judicially noticeable. *See Smith v. NetApp, Inc.*, 2021 WL 1233354, at \*4 (N.D. Cal. Feb. 1, 2021) ("SEC filings are subject to judicial notice as sources whose accuracy cannot reasonably be questioned."); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at \*5 (N.D. Cal. June 28, 2005) (finding that "SEC filings are appropriately noticed by the Court," even when those documents were filed with the SEC outside the class period). Defendants request that the Court take judicial notice of the following categories of documents:

*Forms 3 and 4*: Exhibit 33 is a compilation of (1) one Form 3; (2) two Forms 4 filed before the class period; and (3) 87 Forms 4 filed during the class period, which are filed with the SEC and reflect Defendants' stock trading activity. The Court may consider Exhibit 33 because the Form 3 and Forms 4 are matters of public record not subject to reasonable dispute. The SAC relies on Defendants' history of stock sales as a central component of its theory of scienter.[2] Courts in this Circuit routinely take judicial notice of filings reflecting trading activity including Forms 4 "to determine whether insider stock sales raise an inference of scienter to support a § 10(b) action." *Azar v. Yelp, Inc.*, 2018 WL 6182756, at \*4 (N.D. Cal. Nov. 27, 2018); *Strezsak*, 2024 WL 1160900, at \*4 ("Courts may take judicial notice of SEC Forms 4 to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan."); *Netflix*, 2005 WL 1562858, at \*5 (judicial notice of Form 4 filed outside class period proper to consider "whether the sales were consistent with the insider's trading history"). Defendants' Forms 3 and 4 may thus be properly judicially noticed for their truth "because they contain relevant information required for an assessment of the SAC's scienter allegations, and their authenticity is not in question." *See Hampton v. Aqua Metals, Inc.*, 2020 WL 6710096, at \*4 (N.D. Cal. Nov. 2020) (holding defendant's Forms 4 were judicially noticeable for their truth because they "provide relevant information concerning an inference of scienter . . . and

---

[2] *See, e.g.*, ¶¶ 241, 247, 258-64.

courts routinely consider such documents").

*Forms 10-K and 10-Q*: The Court may consider Exhibits 26-28 and 30-31 because these Forms 10-K and 10-Q are also documents filed with the SEC that are not subject to reasonable dispute. *Sneed*, 2022 WL 4544721, at *3 (taking judicial notice of publicly filed documents including Forms 10-K because they are "publicly available and their accuracy is not disputed"); *In re Splunk, Inc. Sec. Litig.*, 592 F. Supp. 3d 919, 930 (N.D. Cal. 2022) (taking judicial notice of public filings including defendant's Forms 10-K "for the purpose of determining what information was available to the market").

Similar to the press releases discussed above, Defendants request that the Court consider these Forms 10-K and 10-Q because they contain cautionary language and risk disclosures that provide context for the alleged misrepresentations that fall within the PSLRA safe harbor. *See NetApp*, 2021 WL 1233354, at * 4 (taking judicial notice of risk disclosures in 10-K statements and noting they are "properly considered as context for the PSLRA safe harbor for forward looking statements"); *Moradpour*, 2022 WL 20611446, at *2 (taking judicial notice of Form 10-K and noting "the PSLRA permits a court to 'consider . . . any cautionary statement accompanying the forward-looking statement, which are not subject to material dispute, cited by the defendant'") (citing 15 U.S.C. § 78u-5(e)). Defendants request that the Court also consider Exhibit 26 because it contains information concerning prior ATM offerings that is relevant to understanding the amount and timing of Spectrum's stock sales. *See Netflix*, 2005 WL 1562858, at *5.

**IV.    Other Documents (Exhibits 34-35)**

Exhibit 34 is a Briefing Document released by the FDA and is both incorporated by reference and judicially noticeable. The SAC relies on the Briefing Document to support its claim that Defendants' statements concerning "the severity of the AEs [adverse events] associated with the ZENITH20 trial throughout the Class Period" were false. ¶¶ 252-53. Because Plaintiff relies on this document to allege the falsity of Defendants' statements, this document necessarily "form[s] the basis of" Plaintiff's claims. *See Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (incorporating FDA press release by reference because it "bolsters the [complaint's] falsity allegations"). Exhibit 34 is also judicially noticeable because it is a document

authored by a government agency and available on that agency's website that is not subject to reasonable dispute. *Homyk v. ChemoCentryx, Inc.*, 2023 WL 3579440, at *4 (N.D. Cal. Feb 23, 2023) ("Government publications that are publicly available on agency websites, including FDA guidance documents, are properly subject to judicial notice.").

Exhibit 35 is a document provided by the National Cancer Institute, a government agency, on the agency's official website and is properly the subject of judicial notice. Defendants request that the Court take judicial notice of the National Cancer Institute's definition of "open label study" to understand the context in which Defendants made statements concerning open label studies and also what information was available to the market concerning open label studies. *Dresner v. Silverback Therapeutics, Inc.*, 2023 WL 2913755, at *4 (W.D. Wash. Apr. 12, 2023) (taking judicial notice of the same National Cancer Institute definition "for the purpose of understanding what is generally understood by 'open-label' and best clinical practices"); *Ferraro Family Foundation, Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 752 (N.D. Cal. 2020) (taking judicial notice of documents "because they are . . . found on government websites").

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 2-31 and 33-35 in assessing the Motion to Dismiss.

DATED this 13th day of May, 2024.

BAKER BOTTS L.L.P.

By:   */s/ Kevin M. Sadler*
       Kevin M. Sadler (*pro hac vice*)
       1001 Page Mill Road,
       Building One, Suite 200
       Palo Alto, California 94304

       Scott D. Powers (*pro hac vice*)
       401 South 1st Street, Suite 1300
       Austin, Texas 78704

       John B. Lawrence (*pro hac vice)*
       2001 Ross Avenue, Suite 1100
       Dallas, Texas 75225

*Counsel for All Defendants*

PISANELLI BICE PLLC

By:   */s/ Jordan T. Smith*
       Jordan T. Smith, Esq., #12097
       400 South 7th Street, Suite 300
       Las Vegas, Nevada 89101

*Counsel for Defendant Spectrum
Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 13th day of May, 2024, I caused to be e-filed/e-served with the Court's CM/ECF system true and correct copies of the above and foregoing **REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** to all parties registered for service.

_/s/ Cinda Towne_
An employee of Pisanelli Bice PLLC