CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
   & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., et al.,<br><br>Defendants. | No. 2:21-cv-01612-CDS-BNW<br><br>CLASS ACTION<br><br>LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT |

4879-6872-8523.v1

Lead Plaintiff International Trading Group, Inc. submits this opposition to Defendants' Request for Consideration Under Incorporation by Reference and Judicial Notice in Support of Motion to Dismiss Second Amended Consolidated Class Action Complaint (ECF 101) ("RJN"), filed concurrently with Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint (ECF 99) ("MTD").[1]

## I.    INTRODUCTION

Defendants ask this Court to incorporate by reference or take judicial notice of 35 separate exhibits spanning over 300 pages in connection with their motion to dismiss the Complaint. As the Ninth Circuit recently recognized, however, such efforts by defendants to present their own version of the facts at the pleading stage has become a "concerning pattern in securities cases like this one" that burdens the court and prejudices plaintiffs. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *Hsu v. Puma Biotechnology, Inc.*, 213 F. Supp. 3d 1275, 1281-82 (C.D. Cal. 2016) (criticizing "inappropriate efforts by defendants" bringing "motions to dismiss filed with hundreds of pages of attachments," as such "efforts to expand courts' consideration of extrinsic evidence at the motion to dismiss stage . . . diminish the ability of wronged plaintiffs to get their constitutionally-protected day in court"). While the Court may consider certain materials referenced in the Complaint for the limited purpose of acknowledging their contents, here Defendants have submitted a significant amount of extrinsic material in support of irrelevant or disputed factual arguments that are improper at the pleading stage.

First, Plaintiff objects to the Court's consideration of Exs. 2, 26, and 35 as these documents are not referenced in the Complaint and are not proper subjects of judicial notice under Federal Rule of Evidence 201.[2] These documents include a conference call transcript from October 18, 2017 (***Ex. 2***) and excerpts from Spectrum's 2017 Form 10-K (***Ex. 26***), both of which predate the Class Period,

---

[1]    All capitalized terms not otherwise defined herein have the same meaning as set forth in the Second Amended Consolidated Class Action Complaint (ECF 93) (the "Complaint"). Additionally, all "¶__" and "¶¶__" citations are to the Complaint, and unless otherwise noted, citations are omitted and emphasis is added.

[2]    All "Ex. __" or "Exs. __" references are to Defendants' exhibits attached to the Declaration of John B. Lawrence in Support of Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint (ECF 100).

- 1 -

and the National Cancer Institute's definition of "open label study" (***Ex. 35***).  Notably, the RJN fails to identify ***any*** specific facts to be judicially noticed from these exhibits.  *See Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *5 (D. Nev. Mar. 31, 2024) (quoting *Khoja*, 899 F.3d at 999) ("Courts 'must also consider – and identify – which fact or facts it is noticing' from judicially-noticed documents."); *see also Ferris v. Wynn Resorts Ltd.*, 2021 WL 3216462, at *6 (D. Nev. July 28, 2021) (declining to take judicial notice of certain documents where, like here, the defendants failed to identify the specific facts that they claimed were incorporated by reference or otherwise subject to judicial notice).  Defendants' motion to dismiss reveals that the purported "facts" that Defendants cite these materials for are all subject to reasonable dispute – and have been offered in support of fact-dependent arguments that cannot be resolved at this stage.

Second, pursuant to the doctrine of incorporation by reference, Plaintiff does not object to the Court considering the contents of Exs. 3-16, 18, 23, and 29.  While Defendants unnecessarily lard the record with hundreds of pages that are irrelevant to the Complaint and motion to dismiss, Plaintiff has quoted or otherwise relied upon portions of these documents in the Complaint.  Still, the Court should not consider these exhibits for the truth of the matters asserted therein or to resolve factual disputes at this stage.  *Alvarado v. W. Range Ass'n*, 2024 WL 915659, at *7 (D. Nev. Mar. 4, 2024).

Finally, although Exs. 17, 19-22, 24-25, 27-28, 30-31, and 33-34 are not subject to the doctrine of incorporation by reference, Plaintiff does not object to the Court considering the contents of these documents pursuant to Federal Rule of Evidence 201 as these documents were publicly filed and bear some relevance to allegations in the Complaint.  With respect to several of these exhibits, however, the Court should not consider them for the truth of the matters asserted therein.  *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).

## II.    LEGAL STANDARD

As a general rule, courts ruling on a Federal Rule of Civil Procedure 12(b)(6) motion may not consider materials extrinsic to the complaint when assessing the sufficiency of the allegations contained in the pleading.  *Khoja*, 899 F.3d at 998.  The only two exceptions are when extrinsic

- 2 -

4879-6872-8523.v1

materials are either: (a) incorporated in the complaint; or (b) subject to judicial notice pursuant to Federal Rule of Evidence 201. *Id.*

Incorporation by reference is a "judicially created doctrine that treats certain documents as though they are part of the complaint itself." *Id.* at 1002. The Court may properly consider a document under this doctrine "if the plaintiff refers ***extensively*** to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). The "mere mention of the existence of a document is insufficient to incorporate the contents of a document." *Id.*; *Khoja*, 899 F.3d at 1002. Moreover, it is "'improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint.'" *Alvarado*, 2024 WL 915659, at *7 (quoting *Khoja*, 899 F.3d at 1003). Incorporation by reference is also improper "if the document merely creates a defense to the well-pled allegations in the complaint"; otherwise, "defendants could use the doctrine to insert their own version of events into the complaint to defeat otherwise cognizable claims." *Khoja*, 899 F.3d at 1002.

Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Courts may take judicial notice of '***undisputed*** matters of public record,' but generally may not take judicial notice of '***disputed*** facts stated in public records.'" *Maiman v. Talbott*, 2010 WL 11421950, at *7 (C.D. Cal. Aug. 9, 2010) (emphasis in original) (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001)).

The limited application of these two doctrines is not relaxed with respect to Federal Rule of Civil Procedure 12(b)(6) motions in cases, like this one, involving violations of the federal securities laws. *Playstudios*, 2024 WL 1380802, at *6 (noting that "'the unscrupulous use of extrinsic documents to resolve competing theories against the complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery'" and the risk is "'especially significant'" in securities fraud matters). "'[I]f defendants are permitted to present their own version of the facts at the pleading stage [through improperly incorporated or noticed documents] – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even

- 3 -

4879-6872-8523.v1

the most aggrieved plaintiff to demonstrate a sufficiently "plausible" claim for relief.'" *Immanuel Lake v. Zogenix, Inc.*, 2020 WL 3820424, at *4 (N.D. Cal. Jan. 27, 2020) (quoting *Khoja*, 899 F.3d at 999).

## III.   ARGUMENT

### A.   Defendants' Exs. 2, 26, and 35 Are Not Incorporated by Reference or Judicially Noticeable

As an initial matter, Exs. 2, 26, and 35 are not referenced in the Complaint and do not form the basis of any of Plaintiff's claims.  Accordingly, the doctrine of incorporation by reference does not apply.  *Khoja*, 899 F.3d at 1002; *see also Hill v. Amentum Servs., Inc.*, 2024 WL 1376988, at *2 (D. Nev. Apr. 1, 2024) ("'[s]ubmitting documents not mentioned in the complaint to create a defense is nothing more than another way of disputing the factual allegations in the complaint, but with a perverse added benefit: unless the district court converts the defendant's motion to dismiss into a motion for summary judgment, the plaintiff receives no opportunity to respond to the defendant's new version of the facts'").  Nor is judicial notice of these exhibits appropriate under Federal Rule of Evidence 201.  Defendants impermissibly request that the Court judicially notice the information contained in Exs. 2, 26, and 35 for facts that are subject to reasonable dispute, and thus inappropriate for judicial notice.  Accordingly, the Court should not consider Exs. 2, 26, and 35 – or any arguments based on them – in ruling on Defendants' motion to dismiss.

### 1.   Pre-Class Period Materials (Exs. 2 and 26)

Courts may decline to take judicial notice of documents that are "not relevant or helpful" to the issues raised in a pending motion. *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023); *see also Commonwealth Land Title Ins. Co. v. Iota Indigo, LLC*, 2015 WL 4647863, at *3 (D. Nev. Aug. 5, 2015).  Here, Defendants seek judicial notice of two documents for "facts" that pre-date the Class Period to impermissibly insert their "'own version of the facts'" into the record. *Immanuel Lake*, 2020 WL 3820424, at *4.  The Court should not consider these documents.

First, Defendants seek judicial notice of *Ex. 2*, a conference call transcript from October 18, 2017, to claim that "Riga's 'reminder' [on the Company's March 6, 2018 earnings call] was a callback to the October 18, 2017 conference call on which MD Anderson's Dr. John Heymach

- 4 -

4879-6872-8523.v1

discussed the early data MD Anderson presented at World Lung." MTD at 7. Defendants reach back to this one-off discussion by Dr. Heymach in an attempt to excuse alleged misstatements Riga and Turgeon made *several months later*. *Id.* Defendants strain to argue that, due to this distant comment from a different person, investors "would have understood" that Turgeon and Riga really meant just TKIs and not other treatments every time they insisted that Pozi would succeed because "'current available treatments'" and "'current TKIs and other therapies'" had low response rates. *Id.* at 9. The vague meaning of Dr. Heymach's statements and their tenuous connection to Defendants' statements do not approach the hefty "not subject to reasonable dispute" judicial notice standard. Fed. R. Evid. 201(b).

Second, Defendants seek judicial notice of *Ex. 26*, excerpts from Spectrum's Form 10-K for the fiscal year ending on December 31, 2017, to claim: (1) that Riga's November 8, 2018 misstatements are protected under the Private Securities Litigation Reform Act of 1995's safe harbor because "Defendants referred listeners to Spectrum's press releases and SEC filings [*from 11 months earlier*], which . . . contained 'meaningful cautionary language'" (MTD at 12); and (2) "it contains information concerning prior ATM offerings that is relevant to understanding the amount and timing of Spectrum's stock sales" (RJN at 7). Again, Defendants inappropriately use these exhibits in an attempt to reach back in time to obscure the actual context in which their statements were made. For example, Spectrum filed a press release on the same day as Riga's November 8, 2018 misstatement (*Ex. 17*), which failed to include any meaningful cautionary language. The portion of Ex. 26 discussing prior ATM offerings should also be disregarded as irrelevant. Plaintiff alleges that Spectrum's three ATM offerings and the underwritten public offering announced on July 30, 2020 motivated them to inflate the stock *during the Class Period*. *See* ¶¶52-54. The existence of pre-Class Period financings and the motivations they created do not impact the Court's analysis here.

In sum, neither of these documents were issued to the market during the Class Period, and none of their contents have any actual bearing on the issues presented by Defendants' motion to dismiss. *See In re CV Therapeutics, Inc.*, 2004 WL 1753251, at *12 (N.D. Cal. Aug. 5, 2004) (declining to take judicial notice of "two press releases outside the class period [that] are not

- 5 -

referenced in the complaint"); *Di Donato v. Insys Therapeutics Inc.*, 2017 WL 3268797, at \*8 (D. Ariz. Aug. 1, 2017) (declining to take judicial notice of the "substantive content" of outside court filings); 21B Charles Alan Wright & Kenneth W. Graham, Jr., *Federal Practice and Procedure* §5104 (2d ed. 2024) ("[a]n irrelevant fact could hardly be an 'adjudicative fact'"). Judicial notice of Exs. 2 and 26 is not proper.

### 2.     National Cancer Institute Article (Ex. 35)

Defendants request judicial notice of ***Ex. 35***, the National Cancer Institute's definition of "open label study." Even though Defendants request this definition be judicially noticed as an indicator of what was in the public realm, Defendants treat this definition as fact in their motion to dismiss, using it as their sole asserted definition of "open label study." MTD at 14. The interpretation of the definition of "open label study" is a plainly disputed question of fact in this case. Moreover, Plaintiff's allegations regarding the "open label" nature of the ZENITH20 trials stem from the Individual Defendants' own representations. For example, on the Company's Q1 2018 Earnings Call on May 3, 2018, Riga stated: "As we evaluate the criteria for breakthrough therapy designation, we believe that pozi meets the criteria ***if the early data continues***." ¶97. On October 2, 2019, Lebel said: "[I]t is an open arm study. ***So, in theory we could look at the data – we could've looked at the data***." ¶98. And on August 10, 2020, when discussing Cohort 4 – the HER2 counterpart to the EGFR Cohort 3 study – Lebel said: "***Obviously, we're looking at data***. It's an open-label study, and we will look at it, so that we're in a good position to discuss with the FDA." *Id.*

Ultimately, the consideration of Ex. 35 for Defendants' version of the facts only "encourages a weighing of factual disputes; a process that is improper on a motion to dismiss." *Chan v. Orthologic Corp.*, 1998 WL 1018624, at \*7 (D. Ariz. Feb. 5, 1998); *In re Immune Response Sec. Litig.*, 375 F. Supp. 2d 983, 995 (S.D. Cal. 2005) (same). Thus, judicial notice of Ex. 35 is inappropriate.

4879-6872-8523.v1

**B.      Documents Referenced in the Complaint May Be Considered for Their Contents**

Pursuant to the doctrine of incorporation by reference, Plaintiff does not object to the Court's consideration of Exs. 3-16, 18, 23, and 29.  Each of the documents were referenced in the Complaint (or forms the basis of certain allegations) and Plaintiff does not dispute their authenticity. Accordingly, judicial notice for the purpose of confirming the contents of the referenced earnings calls, press releases, and SEC filings is also appropriate.

While Plaintiff does not oppose consideration of these exhibits, it is still improper for this Court to consider them for the truth of the matters asserted therein.  *See Khoja*, 899 F.3d at 1003 ("[I]t is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint."); *In re Zillow Grp., Inc. Sec. Litig.*, 2018 WL 4735711, at *3 (W.D. Wash. Oct. 2, 2018) (quoting *Patel v. Parnes*, 253 F.R.D. 531, 546 (C.D. Cal. 2008)) ("While the Court can take judicial notice of the fact that a document was filed with the SEC, and of the contents of such a filing, '[t]he truth of the content, and the inferences properly drawn from them . . . is not a proper subject of judicial notice under Rule 201.'").

**C.      Defendants' Exs. 17, 19-22, 24-25, 27-28, 30-31, and 33-34 May Be Judicially Noticed for Their Contents, but Certain Facts Remain in Dispute**

Plaintiffs do not directly oppose Defendants' request for judicial notice of Exs. 17, 19-22, 24-25, 27-28, 30-31, and 33-34, but under settled law, these documents may be considered only for the purpose of determining what statements the documents contain, not to prove the truth of those contents.  *United States v. Mariscal*, 285 F.3d 1127, 1131 (9th Cir. 2002) (judicial notice only appropriate as to undisputed matters).  Courts may judicially notice "***undisputed*** matters of public record," but not "***disputed*** facts stated in public records."  *Lee*, 250 F.3d at 690 (emphasis in original); *accord O'Neal v. Las Vegas Metro. Police Dep't*, 2018 WL 4088002, at *7 (D. Nev. Aug. 27, 2018); *Von Saher*, 592 F.3d at 960 (The existence of publicly available documents may be judicially noticed, but "'not whether the contents of those articles were in fact true.'").

For example, Defendants cite to Ex. 33 – the Individual Defendants' Forms 4 and Thomas Riga's Form 3 – for purposes of countering Plaintiff's allegations of scienter.  In these Forms,

- 7 -

4879-6872-8523.v1

Defendants *themselves* assert that they made transactions pursuant to "tax withholding obligations" or 10b5-1 "trading plan[s]." *Id.* Defendants' unfounded assertions cannot be accepted as true. *Von Saher*, 592 F.3d at 960. In any event, related questions concerning the motivations behind the transactions and the timing of the 10b5-1 plan are inappropriate for resolution at the Federal Rule of Civil Procedure 12(b)(6) stage. *In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *22 n.13 (N.D. Cal. June 2, 2020) ("[T]he use of the 10b5-1 plan is an affirmative defense that does not rebut well-pled allegations of scienter at the pleading stage.").

## IV.    CONCLUSION

For the reasons stated herein, the Court should decline to consider Defendants' Exs. 2, 26, and 35 in deciding Defendants' motion, and should not consider any disputed facts for their truth.

DATED:  June 27, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON

s/ Jeffrey J. Stein
JEFFREY J. STEIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff International
Trading Group, Inc.

4879-6872-8523.v1

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International
Trading Group, Inc.

- 9 -

4879-6872-8523.v1