CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: 702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> SPECTRUM PHARMACEUTICALS, INC., et al., <br><br> Defendants. | No. 2:21-cv-01612-CDS-BNW <br><br> <u>CLASS ACTION</u> <br><br> LEAD PLAINTIFF'S MOTION TO STRIKE CERTAIN EXHIBITS IMPROPERLY OFFERED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS |

4868-4063-5596.v1

Lead Plaintiff International Trading Group, Inc. ("Plaintiff") moves the Court to strike Exhibits 1 and 32 (ECF 100-1, 100-32) to the Declaration of John B. Lawrence in Support of Defendants' Motion to Dismiss the Second Amended Consolidated Class Action Complaint ("Lawrence Declaration") (ECF 100), along with all references based upon those materials. Defendants[1] have violated Local Rule 7-2(g) and the Court-ordered page limit for their Motion to Dismiss the Second Amended Consolidated Class Action Complaint ("Motion to Dismiss") (ECF 99) by improperly using Exhibits 1 and 32 for the sole purpose of presenting additional arguments against falsity and scienter which they could not fit into their Memorandum of Points and Authorities. Accordingly, the Court should strike Exhibit 1 and Exhibit 32 in their entirety.

## I.    PROCEDURAL HISTORY

This District limits briefs filed in support of motions to 24 pages. LR 7-3(b). On May 10, 2024, following a conference of counsel, Defendants filed an Unopposed Motion to Exceed Page Limit seeking 11 additional pages for their Motion to Dismiss, for a total of 35 pages. ECF 97. In their Unopposed Motion to Exceed Page Limit, which the Court granted (ECF 98), Defendants attested that the additional pages were necessary "to adequately brief the issues before the Court." ECF 97 at 2. On May 13, 2024, Defendants filed their Motion to Dismiss and the Lawrence Declaration in support thereof, which included 35 exhibits spanning over 300 pages. ECF 99; ECF 100; ECF 100-1 - 100-35. Exhibit 1 is a 14-page, counsel-generated chart of the alleged misstatements that lists arguments in a column titled "Basis for Dismissal" that do not appear in Defendants' Motion to Dismiss. ECF 100-1. Exhibit 32 is another chart of counsel's creation that purports to indicate whether the Individual Defendants sold their Spectrum stock pursuant to a "Rule 10b5-1 Trading Plan" or a "Tax Withholding Obligation." ECF 100-32. On June 12, 2024, the parties conferred to discuss Plaintiff's concerns regarding the propriety of Exhibit 1. Declaration of Jeffrey J. Stein in Support of Lead Plaintiff's Motion to Strike, filed concurrently herewith, ¶4. In an

---

[1]    Defendants are Spectrum Pharmaceuticals, Inc. ("Spectrum") and Joseph W. Turgeon, Kurt A. Gustafson, Francois J. Lebel, and Thomas J. Riga ("Individual Defendants") (collectively with Spectrum, "Defendants").

- 1 -

4868-4063-5596.v1

attempt to resolve Exhibit 1's deficiencies, Plaintiff proposed that Defendants resubmit Exhibit 1 without the "Basis for Dismissal" column.  Defendants rejected the proposal.  *Id.*, ¶5.  On June 26, 2024, the parties conferred to discuss Plaintiff's concerns regarding the propriety of Exhibit 32.  *Id.*, ¶6.  Defendants again refused to modify their filing.  *Id.*, ¶7.

## II.    LEGAL STANDARD

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, the Court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  Additionally, it is well established that "[w]hether to grant a motion to strike lies within the sound discretion of the District Court."  *Rimini St., Inc. v. Oracle Int'l Corp.*, 2019 WL 2358389, at *3 (D. Nev. June 4, 2019); *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").  Local Rule 10-1(d) provides that "[t]he court may strike any document that does not conform to an applicable provision of these rules or any Federal Rule of Civil or Criminal Procedure."  And under Local Rule 7-2(g): "A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause.  The judge may strike supplemental filings made without leave of court."

## III.    ARGUMENT

"A party cannot put argument in an exhibit to evade [the] page limit."  *Barnett v. Clark Cnty. Sch. Dist.*, 2023 WL 6048796, at *2 (D. Nev. Sept. 14, 2023).  Yet that is precisely what Defendants attempt to do here with Exhibits 1 and 32.  Indeed, Defendants use Exhibit 1 to challenge statements ***for the first time***.  For example, Defendants do not analyze Statement Nos. 8, 9, 11, 18, or 23 ***at all*** in their Motion to Dismiss, yet they provide multiple supposed "bas[e]s for dismissal" for each in Exhibit 1. ECF 100-1 at 4-5, 8-9.  Even where Defendants do address a statement in their Motion to Dismiss, there are several examples in which they use Exhibit 1 to provide ***additional*** arguments against falsity and scienter that do not appear in their Motion.  For instance, Defendants' argument

- 2 -

4868-4063-5596.v1

that Statement Nos. 1, 2, 3, 5, and 37 constitute inactionable opinions only appears in Exhibit 1. ECF 100-1 at 2-3, 14.  Similarly, Defendants' argument that Statement Nos. 12 and 15 are protected as puffery only exists in Exhibit 1, not their Motion to Dismiss.  ECF 100-1 at 5-6.  Courts in this Circuit routinely reject such attempts by defendants "to bypass the District's rule on . . . page limits" and "continue the brief's arguments" in exhibits.  *Rimini*, 2019 WL 2358389, at *3; *see Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016) ("It is difficult to view this appendix as anything other than an unsubtle vehicle for deliberately circumventing the page limits imposed on the parties' briefing."); *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020) (striking exhibit for "presenting additional arguments against falsity which [defendants] could not fit" in their brief).  Accordingly, the Court should strike Exhibit 1.

Defendants' use of Exhibit 32 fares no better.  Exhibit 32 is a chart of Defendants' own creation that provides alleged defenses to each of the Individual Defendants' stock sales.  ECF 100-32.  Specifically, the chart includes argument about the disputed issue of whether each listed transaction was a "Tax Withholding Obligation" or a sale made pursuant to a "Rule 10b5-1 Trading Plan."  *Id.*  But courts may not credit a defendant's counterfactuals or entertain affirmative defenses on a motion to dismiss.  *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (holding that courts must accept all allegations in the complaint as true and draw all inferences in plaintiffs' favor in securities fraud cases); *In re MGM Mirage Sec. Litig.*, 2013 WL 5435832, at *4 (D. Nev. Sept. 26, 2013) (refusing to consider documents that defendants abused to support defenses as inappropriate on a motion to dismiss); *Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) (striking appendix highlighting defendants' contentions of pleadings defects); *Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (declining to consider "a table that Defendants created, which purports to reflect the daily closing

- 3 -

4868-4063-5596.v1

stock prices for Playstudios common stock"). Thus, as Exhibit 32 inserts argument not in the Motion to Dismiss that "veers toward an .attempt by [Defendants] to insert [their] 'own version of events into the complaint,' which is impermissible," Plaintiff requests the Court strike it. *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (citation omitted).

## IV.    CONCLUSION

For the reasons set forth herein, the Court should strike Defendants' Exhibit 1 and Exhibit 32 from the record and from Defendants' Motion to Dismiss.

DATED:  June 27, 2024

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON

s/ Jeffrey J. Stein

JEFFREY J. STEIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff International
Trading Group, Inc.

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International
Trading Group, Inc.

4868-4063-5596.v1