Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS J. LEBEL, M.D., and THOMAS J. RIGA,<br><br>Defendants. | CASE NO. 2:21-cv-01612-CDS-BNW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** |

The Court should deny Plaintiff's Motion to Strike Exhibits 1 and 32, which seeks to deprive the Court of information that would assist in performing the careful analysis the PSLRA mandates. Neither exhibit contains argument that was not contained within Defendants' Motion to Dismiss (ECF 99). Defendants submitted Exhibit 1 "as a helpful guide to the Court," and not as a means to avoid page limitations. Courts across the country routinely accept such charts in securities cases, and one is especially needed here given the 300+ paragraphs of allegations. *See, e.g.*, *Edwards v. McDermott Int'l, Inc.*, 2022 WL 3927828, at *5 n.3 (S.D. Tex. Aug. 30, 2022). Defendants likewise submitted Exhibit 32—a compilation of "voluminous" data contained within Exhibit 33 (which is not at issue in the Motion to Strike) as a courtesy to the Court, and the compilation is authorized by Federal Rule of Evidence 1006. Plaintiff cannot demonstrate any prejudice that would result from the Court's consideration of these exhibits. There is no basis to strike either exhibit.

**I.     THERE IS NO BASIS TO STRIKE EXHIBIT 1.**

> **A.     Exhibit 1 Is Simply An Organizational Chart To Aid The Court.**

Plaintiff filed a 120-page, 332-paragraph second amended complaint ("SAC") challenging 38 statements spanning a period of over three years. The number of legal defenses available to Defendants is commensurate with the SAC's considerable scope. As explained in the Motion to Dismiss, the dozens of statements Plaintiff challenges all fail for multiple, independent reasons. To aid the Court, Defendants compiled and submitted a demonstrative chart with their Motion (ECF 100-1) that organizes the challenged statements in chronological order and contains a column providing summary bullet points of why each statement is non-actionable (*e.g.*, "safe harbor" or "no scienter"). The chart is simply an organizational tool intended to assist the Court in sorting and evaluating the voluminous statements and legal defenses raised by the parties. It contains no citations to case law, no substantive analysis, and no legal argument beyond what is already in Defendants' Motion to Dismiss.

> **B.     Charts Like Exhibit 1 Are Securities Class Action Staples.**

Courts nationwide routinely consider (and welcome) charts like Defendants' as merely "compris[ing] organizational work that the Court would otherwise have to take upon itself." *Studen v. Funko, Inc.*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024) (declining to strike very

1

similar chart) (Ex. A); *see also, e.g.*, *Leacock v. IonQ, Inc.*, No. 8:22-cv-01306-DLB (D. Md. Feb. 7, 2023), ECF 75-57 (similar chart) (Ex. B); *Teamsters Loc. 237 Welfare Fund v. ServiceMaster Glob. Holdings, Inc.*, No. 2:20-cv-02553-STA-tmp (W.D. Tenn. Aug. 12, 2021), ECF 63-2 (similar chart) (Ex. C). Indeed, in a securities case in this Circuit just last year, the law firm representing Plaintiff did not oppose the defendants' submission of a materially indistinguishable chart. *Hadian v. Fate Therapeutics, Inc.*, No. 3:23-cv-00111-RBM-AHG (S.D. Cal. Sept. 22, 2023), ECF No. 38-5 (Ex. D). Some federal courts not only consider such charts, but affirmatively require them.[1] Defendants' chart is neither unusual nor untoward.

### C.     Defendants Have Not Circumvented The Court's Page Limits.

Plaintiff's claim that Exhibit 1 constitutes an improper extension of the page limit for Defendants' Motion to Dismiss has been specifically considered and rejected by courts. *See, e.g.*, *Edwards*, 2022 WL 3927828, at *5 n.3 (overruling plaintiff's objection to near identical chart because the court "view[s] Appendix A as a helpful guide to the Court, not a devious attempt to avoid page limitations") (Ex. E); *Fogel v. Wal-Mart de México SAB de CV*, 2017 WL 751155, at *18 (S.D.N.Y. Feb. 27, 2017) ("[T]he Court does not find that Defendants' appendices were attached in an attempt to skirt the Court's orders, but rather credits Defendants' argument that their appendices were intended to serve as mere organizational tools.") (Ex. F). Defendants' chart simply does not "rise[] to the level of legal argument," and therefore, does not exceed the 35-page limit. *See In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 65 (S.D.N.Y. 2009) (refusing to strike exhibit summarizing testimony and organized by argument); *see also Senne v. Kan. City Royals Baseball Corp.*, 315 F.R.D. 523, 570 (N.D. Cal. 2016) (refusing to strike charts that merely "identif[ied] the specific evidence that Defendants contend supports the general arguments set forth in their briefs").

---

[1]     *See, e.g.*, *N. Port Firefighters' Pension—Loc. Option Plan v. Temple-Inland, Inc.*, 936 F. Supp. 2d 722, 739 (N.D. Tex. 2013) ("Given the length of the allegations and the exacting pleading standards for PSLRA cases, the parties were directed to submit a chart to aid the Court's determination of whether the Plaintiffs' voluminous pleadings satisfy the standards for securities fraud cases."); *Phelps v. Stomber*, 292 F.R.D. 83, 87 (D.D.C. 2013) ("The Court also ordered plaintiffs to create a chart that listed every statement in the Offering documents that they alleged was false as well as every omission that they alleged was actionable . . . . Defendants were then permitted to complete a second column pointing out when and where they contended the allegedly omitted facts had actually been disclosed and responding to the alleged affirmative misrepresentations as well.").

Plaintiff's main critique is that Defendants' chart supposedly contains certain bullet points representing legal arguments that Plaintiff contends do not appear in Defendants' Motion to Dismiss. *See* Mot. to Strike at 2-3. While the Motion to Dismiss does not purport to exhaustively catalog each of the 38 statements (nor is there any requirement that Defendants do so), Plaintiff's contention that Exhibit 1 refers to arguments about the alleged misrepresentations that are not included in that Motion is wrong. For example, Plaintiff's suggestion that the Motion to Dismiss did not address Nos. 8, 9, 11, 18, or 23 "at all" and provided no "bas[e]s for dismissal" of those statements is absurd. *See id.* at 2. Defendants made each of those challenged statements during the ZENITH20 trial, and Plaintiff's (insufficient) theories of both falsity and scienter were identical for each one. Defendants had no need to individually "analyze" those statements, *see id.*, because Defendants made clear that every ZENITH20 statement fundamentally failed for the same reasons: Plaintiff had not adequately pleaded its three "falsity theories," nor its hodgepodge of scienter theories. *See, e.g.*, MTD at 13, 23-26, 33-35. Plaintiff likewise contends that the "opinion statement" bullet for No. 37 was not argued in the Motion to Dismiss, Mot. to Strike at 2-3, but the language of Statement No. 37 is indistinguishable from exemplary statements cited as opinions in Defendants' Motion to Dismiss.[2] And similarly, Plaintiff claims that the "puffery" bullet for No. 15 was not argued in the Motion to Dismiss, Mot. to Strike at 3, but the language of No. 15 is also indistinguishable from Statement No. 13.[3] Plaintiff's Motion to Strike is overblown.

Defendants' Motion contains robust discussion of the applicable law and how it applies to all of the challenged statements, including specific discussion of representative examples demonstrating why the Plaintiff's claim is not adequately pleaded. To the extent a handful of individual bullets are not expressly stated for each specific statement in Defendants' Motion, it is a result of Plaintiff's "kitchen sink" pleading and the impracticality of addressing in detail the dozens

---

[2]    *See* MTD at 31 (listing paragraph cites after "*E.g.*," signal); *compare* ECF 100-1, Statement No. 37 ("We believe this inspection marks *the final step in the approval process*, and that Hanmi's world-class facility *is ready for this inspection*."), *with id.*, Statement No. 35 ("[W]e believe that the inspection represents *the final step in the review process*. We and our partner, Hanmi, *are ready for the FDA preapproval plant inspection*."), *and id.*, Statement No. 35 ("[W]e really feel *we're ready for this inspection*.").

[3]    *See* MTD at 20; *compare* ECF 100-1, Statement No. 15 ("we are in a *leading position* right now"), *with id.*, Statement No. 13 ("it's nice to be in a *pole position*").

3

of challenged block-quoted statements—made worse by the fact that it is often unclear which portion(s) of the block quotes Plaintiff challenges.[4] Courts have repeatedly declined to strike similar charts in the face of this same argument. For example:

- In *Mahoney v. Foundation Medicine, Inc.*, the plaintiff moved to strike a similar chart, Ex. G, contending the chart "improperly raise[d] arguments . . . that should have been included within Defendants' Memorandum" and contained supporting case law not found in the defendants' motion, Pl's Mem. L. in Supp. of Mot. to Strike at 4-6, No. 1:17-cv-11394-LTS (D. Mass. Apr. 23, 2018), ECF 32. The court denied the motion to strike because the court "[did] not view the [chart] as argumentative in nature" and the chart was "helpful to the Court, particularly because the Amended Complaint span[ned] more than 120 pages." *Mahoney*, 342 F. Supp. 3d 206, 212 (D. Mass. 2018).

- In *Garden City Employees' Retirement System v. Anixter International, Inc.*, the plaintiff moved to strike a similar chart, Ex. H, contending the chart "contains arguments on the merits found *only* in [the chart]," Reply in Supp. of Pl's Mot. to Strike at 6 n.7, No. 1:09-cv-05641 (N.D. Ill. Mar. 22, 2010), ECF 55 (emphasis in original). The court denied the motion to strike, agreeing with prior courts that the chart was merely "organizational" in nature and was not "'an attempt by the defendant to evade any of this Court's rules' regarding page limits." *Garden City*, 2011 WL 1303387, at *9 (N.D. Ill. Mar. 31, 2011).

- In *Studen v. Funko, Inc.*, the plaintiff moved to strike a similar chart, Ex. A, contending the chart "egregiously" contained "challenges to statements not disputed in the body of [the defendants'] brief" and was "an attempt to bypass" the applicable word limits, Mem. L. in Supp. of Pls' Opp'n to Defs' Mot. to Dismiss at 7, No. 2:23-cv-00824-JLR (W.D. Wash. Feb. 9, 2024), ECF 47. The court denied the motion to strike because the chart reflected

---

[4] *See, e.g., United Ass'n Nat'l Pension Fund v. Carvana Co.*, 2024 WL 863709, at *10 (D. Ariz. Feb. 29, 2024) ("[M]erely bolding and italicizing swaths of text does not assist the Court in determining which statements are allegedly misleading or why."); *Patel v. Parnes*, 253 F.R.D. 531, 552-53 (C.D. Cal. 2008) ("[C]ourts have repeatedly lamented plaintiffs' counsels' tendency to place the burden [] on the reader to sort out the statements and match them with the corresponding adverse facts to solve the 'puzzle' of interpreting Plaintiffs' claims.") (collecting cases).

"organizational work" the court would otherwise be required to undertake itself and considered a responsive chart the plaintiff submitted as alternative relief, which Plaintiff could have done here. *Studen*, 2024 WL 2209686, at *6 (W.D. Wash. May 16, 2024).

- In *Pitman v. Immunovant, Inc.*, the plaintiff moved to strike a similar chart, Ex. I, contending the chart contained "43 new arguments and is therefore 'an inappropriate way to exceed the page limits,'" 2024 WL 964258, at *1 n.3 (E.D.N.Y. Feb. 25, 2024). The court declined to strike the chart, "disagree[ing] with Plaintiff's characterization of the chart," because the chart was merely "provided for the Court's convenience to assess the text of the statements at issue with [the] Defendant's arguments." *Id.*

Plaintiff's cited authorities, on the other hand, do not persuade. *See* Mot. to Strike at 2-3. All but one bear no relation to securities fraud actions or the actual chart at issue here. They are thus readily distinguishable.[5] And as for the lone case in the securities context, the court's one-paragraph summary analysis sheds no light on the specific nature or content of the chart in question (and because the motion to strike was granted, it is not available on the court's docket to review). *See In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686, at *3 (S.D. Cal. June 1, 2020).

### D. Plaintiff Has Not Been Prejudiced.

Plaintiff has failed to "identify any concrete way in which it would be prejudiced by admission of [Defendants' chart]." *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 53 (D.D.C. 2006) (observing motions to strike are "generally disfavored" and refusing to strike chart that "consist[ed] overwhelmingly . . . of information and argument presented elsewhere in the parties' various submissions," with "only five entries that [even] arguably were not presented in [the defendant's] . . . brief"). Plaintiff does not claim that due

---

[5]    *See Barnett v. Clark Cty. Sch. Dist.*, 2023 WL 6048796, at *2 (D. Nev. Sept. 14, 2023) (striking charts containing "argu[ments] that the facts in the plaintiffs' response brief are not supported by the evidence the plaintiffs cite"); *Rimini St., Inc. v. Oracle Int'l Corp.*, 2019 WL 2358389, at *3 (D. Nev. June 4, 2019) (striking tables containing "a line-by-line analysis and refutation of [plaintiff]'s statement of facts complete with citations to the record and the Ninth Circuit's opinion in *Oracle*"); *Todd v. Tempur-Sealy Int'l, Inc.*, 2016 WL 5746364, at *4 n.3 (N.D. Cal. Sept. 30, 2016) (appendices at issue included "quotations from Defendants' response brief, citations to relevant deposition testimony, and Plaintiffs' own argumentative responses" and also contained "numerous legal assertions based upon Defendants' own interpretations of case law").

to the existence of Exhibit 1 it was unable in its Opposition to fully address the arguments raised in Defendants' Motion to Dismiss. Nor does Plaintiff explain why, rather than moving to strike Exhibit 1, it did not choose to submit its own responsive chart, to assist the Court in organizing the parties' arguments, as plaintiffs often do. *See Studen*, 2024 WL 2209686, at *6. And while Defendants maintain that the chart does not raise any additional legal arguments not contained in their Motion to Dismiss, should the Court disagree, it is within the Court's discretion not to rely on those specific points. *See Mich. Carpenters' Pension Fund v. Rayonier Advanced Materials, Inc.*, 2019 WL 1429667, at *3 (M.D. Fla. Mar. 29, 2019) (finding no good cause to strike near identical chart and noting court would rely on chart as "helpful in organizing the information before the Court" but would not "consider any portions . . . that present new" arguments) (Ex. J).

## II.     THERE IS NO BASIS TO STRIKE EXHIBIT 32.

### A.     Defendants Again Prepared A Summary Chart To Benefit The Court.

Plaintiff curiously argues that the Court may take judicial notice of Individual Defendants' Form 4s, *see* ECF 106 at 7, but may *not* consider a summary chart reflecting the exact same information contained in those same documents, *see* Mot. to Strike at 3-4. Defendants' Exhibit 32 is just a verbatim copy of Plaintiff's Appendix E to the SAC (ECF 93) with two added columns containing no more than check marks indicating which trades were pursuant to Rule 10b5-1 plans or for tax-withholding purposes. ECF 100-32. Those check marks are expressly and solely "*based on the Form 4s contained in Exhibit 33.*" *Id.* at 2 n.1. In other words, to save the Court the expense of wading through 89 separate Form 4s, Defendants simply submitted a chart or index summarizing their contents, which contents Plaintiff concedes the Court may judicially notice. Plaintiff does not claim the chart is inaccurate in any respect. Plaintiff's objection to Exhibit 32 thus serves no discernable purpose other than to burden the Court with performing this exercise itself.

### B.     Exhibit 32 Is Not Extra Briefing Or Otherwise Improper.

Plaintiff's claim that Defendants are "improperly using Exhibit[] . . . 32 for the sole purpose of presenting additional arguments . . . which they could not fit into their Memorandum of Points and Authorities," Mot. to Strike at 1, also does not make sense. Defendants discussed Individual Defendants' supposedly suspicious trades at length in their Motion to Dismiss. MTD at 33-34. More

to the point, Plaintiff merely rehashes arguments made in its Opposition to Defendants' Request for Consideration Under Incorporation by Reference and Judicial Notice. *Compare* Mot. to Strike at 2-3, *with* ECF 106 at 7-8. Plaintiff's real complaint thus concerns the inferences the Court may draw from *Exhibit 33*, which is not at issue in this Motion to Strike (and which Defendants will appropriately address in their Reply in Support of Request for Consideration Under Incorporation by Reference and Judicial Notice). This is confirmed by Plaintiff's cited authorities, which include cases that do not address the type of chart in question,[6] or that consider the use of *Form 4s* (not charts summarizing them).[7] And Plaintiff's cases are themselves internally inconsistent.[8] Plaintiff has no authority supporting its actual request here: that the Court judicially notice Form 4s but strike a chart merely recapping their contents for the Court's convenience.

Exhibit 32 is properly considered as "a summary, chart, or calculation offered to prove the content of voluminous writings . . . that cannot be conveniently examined in court." Fed. R. Evid. 1006; *see also, e.g.*, *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221, at *17 (C.D. Cal. Apr. 14, 2015) (considering chart of "the trading activity of the individual defendants" under Rule 1006 because it summarized "voluminous" data and the defendants also "submitted the underlying documents for consideration"); *Micholle v. Ophthotech Corp.*, 2019 WL 4464802, at *16 n.19 (S.D.N.Y. Sept. 18, 2019) (same); *In re Bear Stearns Cos., Inc. Sec., Derivative, &*

---

[6] Exhibit 32 accurately synthesizes the contents of judicially noticeable SEC filings; it contains no subjective material whatsoever nor "highlights" "defects in Plaintiff's pleadings." *See Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017); *see also Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024) (declining to take judicial notice of chart that "purports to reflect the daily closing stock prices for [company] stock," which plaintiff apparently disputed); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023) (declining to take judicial notice of charts "summarizing [company]'s publicly disclosed quarterly and fiscal year financial guidance and actual results," which plaintiff apparently disputed).

[7] *See In re MGM Mirage Sec. Litig.*, 2013 WL 5435832, at *4 (D. Nev. Sept. 26, 2013) (taking judicial notice of Form 4s and discussing inferences); *Weston*, 669 F. Supp. 3d at 872 (declining to consider Form 4s as "not relevant to [court's] analysis"); *Felipe*, 2024 WL 1280802, at *6 (declining to take judicial notice of Form 4s because movant failed to identify facts to be noticed).

[8] *Compare Felipe*, 2024 WL 1280802, at *6 (no judicial notice of daily closing stock price chart), *with Weston*, 669 F. Supp. 3d at 872 (taking judicial notice of daily closing stock price chart).

*ERISA Litig.*, 763 F. Supp. 2d 423, 582-83 (S.D.N.Y. 2011) (similar); *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 884 (S.D. Tex. 2001) (similar).

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court deny the Motion to Strike.

DATED: July 11, 2024

PISANELLI BICE PLLC

By: ___*/s/ Jordan T. Smith*___
      Jordan T. Smith, Esq., #12097
      400 South 7th Street, Suite 300
      Las Vegas, Nevada 89101

*Counsel for Defendant*
*Spectrum Pharmaceuticals, Inc.*

BAKER BOTTS L.L.P.

Kevin M. Sadler (*pro hac vice*)
1001 Page Mill Road,
Building One, Suite 200
Palo Alto, California 94304

Scott D. Powers (*pro hac vice*)
401 South 1st Street, Suite 1300
Austin, Texas 78704

John B. Lawrence (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, Texas 75201

*Counsel for All Defendants*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 11th day of July, 2024, I caused to be e-filed/e-served with the Court's CM/ECF system true and correct copies of the above and foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE** to all parties registered for service.

_/s/ Kimberly Peets_
An employee of Pisanelli Bice PLLC