CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
   & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| SPECTRUM PHARMACEUTICALS, INC., et al., | ) ) ) |
| Defendants. | ) ) ) ) |

No. 2:21-cv-01612-CDS-BNW

CLASS ACTION

LEAD PLAINTIFF'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE CERTAIN EXHIBITS IMPROPERLY OFFERED IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

4858-4117-9602.v1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................1

II. ARGUMENT ......................................................................................................1

    A. Exhibit 1 Impermissibly Contains Additional Arguments that Do Not Appear in Defendants' Motion ................................................................1

    B. Defendants Wrongfully Use Exhibit 32 to Insert Their Own Version of Events into the Complaint.........................................................................3

III. CONCLUSION....................................................................................................4

4858-4117-9602.v1

Lead Plaintiff International Trading Group, Inc. ("Plaintiff") respectfully submits this reply memorandum in further support of its Motion to Strike Certain Exhibits Improperly Offered in Support of Defendants' Motion to Dismiss (ECF 107) ("Motion" or "Mot.").

## I. INTRODUCTION

Defendants' Opposition to Plaintiff's Motion to Strike (ECF 108) ("Opposition" or "Opp.") only further demonstrates that they submitted Exhibits 1 and 32 (ECF 100-1, 100-32) – both attorney-generated documents – for the sole purpose of presenting additional arguments outside of their motion to dismiss in violation of Civil Local Rule 7-2(g). Defendants attempt to characterize the charts as "'helpful guide[s] to the Court,' and not . . . a means to avoid page limitations." Opp. at 1.[1] But they do not explain why they rejected Plaintiff's offer to resubmit the charts with the argumentative portions removed. Defendants then claim "Plaintiff cannot demonstrate any prejudice" from the charts, overlooking the inherent unfairness from lopsided briefing allowances. *Id.* The Court should decline to consider Defendants' extraneous argument and strike the noncompliant charts.

## II. ARGUMENT

### A. Exhibit 1 Impermissibly Contains Additional Arguments that Do Not Appear in Defendants' Motion

Exhibit 1 is a 14-page, counsel-generated chart that rehashes the alleged misstatements from the Complaint, and includes Defendants' defenses to the alleged misstatements in a column titled "Basis for Dismissal." The Court should exercise its discretion to refuse to consider Exhibit 1 because it fails to comply with the Court-ordered page limit. Indeed, Exhibit 1 contains argument that ***does not appear*** in Defendants' motion to dismiss. Defendants failed to provide any analysis at all in their motion to dismiss for several statements, including their assertions that Pozi's "toxicities . . . were manageable," that modifications to the safety protocol "should play in our favor," and that Pozi's "safety profile was in line with other second-generation EGFR tyrosine kinase inhibitor[s]." *See* Statement Nos. 9, 16, 19 (ECF 101-1 at 4, 7-8). In other words, they rely

---

[1] All capitalized terms not defined herein have the same meaning as set forth in the Second Amended Consolidated Class Action Complaint (ECF 93) ("Complaint"). Additionally, unless otherwise noted, all emphasis is added and citations are omitted.

4858-4117-9602.v1

exclusively on the chart for their defenses to those statements. Opp. at 1. In their Opposition, Defendants claim they did not need to address these statements because "every ZENITH20 statement fundamentally failed for the same reasons." *Id.* at 3. But this argument is belied by the chart itself, which lists entirely ***different*** reasons for different ZENITH20 statements. *Compare* Statement No. 11 (alleged bases for dismissal include "no falsity" and "no scienter") (ECF 100-1 at 5) *with* Statement No. 16 (alleged bases for dismissal include "no falsity," "no scienter," "opinion statement," and "safe harbor") (*id.* at 7). Likewise, Defendants contest Statement Nos. 1, 2, 3, and 5 as "opinion statement[s]" only in Exhibit 1, and not in their brief (*id.* at 2-3). And they list Statement No. 12 as "puffery" for the first time in Exhibit 1, not in their brief (*id.* at 5). Defendants do not dispute that they failed to make these arguments in their motion to dismiss, and instead reserved them exclusively for their chart. The law is clear that legal argument and analysis must originate in Defendants' brief, not continue into extraneous attorney-generated exhibits. *See Barnett v. Clark Cnty. Sch. Dist.*, 2023 WL 6048796, at \*2 (D. Nev. Sept. 14, 2023).

Defendants misleadingly suggest that charts like Exhibit 1 are "securities class action staples." Opp. at 1. But of the ten examples attached to their Opposition, only two are from the Ninth Circuit, and both are readily distinguishable from our case. In *Hadian v. Fate Therapeutics, Inc., et al.*, No. 3:23-cv-00111-RBM-AHG (S.D. Cal. Sept. 22, 2023), ECF 38-5, the plaintiffs ***did not contest*** the Court's consideration of the defendants' chart (*see* Opp., Ex. D (ECF 108-5)). And in *Studen v. Funko, Inc., et al.*, No. 2:23-cv-00824-JLR (W.D. Wash. Dec. 15, 2023), ECF 40-1, defendants did not reject plaintiffs' offer to provide a non-argumentative chart (*see* Opp., Ex. A (ECF 108-2)). Defendants' out-of-Circuit "examples" fare no better. For instance, in *Leacock v. IonQ, Inc., et al.*, No. 8:22-cv-01306-DLB (D. Md. Feb. 7, 2023), ECF 75-57, the plaintiff never moved to strike or otherwise opposed the defendants' use of a misstatements chart (*see* Opp., Ex. B (ECF 108-3)). And in *Garden City Emps' Ret. Sys. v. Anixter Int'l, Inc., et al.*, No. 1:09-cv-05641 (N.D. Ill. Feb. 19, 2010), ECF 44-3, the plaintiffs filed a competing chart, thus removing any unfairness resulting from extra pages allotted to the defendants (*see* Opp., Ex. H (ECF 108-9)).

By contrast, Plaintiff cited *In re Acadia Pharms. Inc. Sec. Litig.*, 2020 WL 2838686 (S.D. Cal. June 1, 2020), which is in-Circuit and directly on point. Mot. at 3. In *Acadia*, the defendants

- 2 -

4858-4117-9602.v1

attached a 25-page chart to their memorandum of points and authorities "for the Court's convenience." 2020 WL 2838686, at *3. Like here, defendants' chart in *Acadia* identified statements from the complaint, along with argument as to "'[w]hy [each] [s]tatement [i]s [n]ot [a]ctionable,'" such as whether each statement was "puffery," "opinion," and/or "accurate." *Acadia Pharms.*, No. 3:18-cv-01647-AJB-BGS (S.D. Cal. July 23, 2019), ECF 56-1 at 3-4 (some alterations in original). The Court there found the exhibit was "simply an extension of [d]efendants' argument and thus, [d]efendants' have exceeded the 25-page limit for their briefs." *Id.*, Order Granting Plaintiff's Motion to Strike, ECF 65 at 5 (June 1, 2020); *see also Cheng Jiangchen v. Rentech, Inc.*, 2017 WL 10363990, at *4 (C.D. Cal. Nov. 20, 2017) ("Appendix A consolidates Rentech's allegedly false and misleading statements and highlights what Defendants contend are defects in Plaintiff's pleadings. . . . Whatever its purpose, the Court would find that the chart allows Defendants to make further arguments in violation of Local Rule 11-6."). Defendants make no effort to distinguish *Acadia* from the facts of the present case. The same result should follow here: the Court should strike the argumentative chart.

**B.    Defendants Wrongfully Use Exhibit 32 to Insert Their Own Version of Events into the Complaint**

Exhibit 32 is another chart of counsel's creation that includes two columns regarding the disputed issue of whether the Individual Defendants' sold their Spectrum stock pursuant to a "[t]ax [w]ithholding [o]bligation" or a "Rule 10b5-1 Trading Plan." Courts in this Circuit routinely reject defendants' attempts to insert charts of their own creation into the record on motions to dismiss. *See, e.g.*, *Jiangchen*, 2017 WL 10363990, at *4; *In re MGM Mirage Sec. Litig.*, 2013 WL 5435832, at *4 (D. Nev. Sept. 26, 2013); *Felipe v. Playstudios Inc.*, 2024 WL 1380802, at *6 (D. Nev. Mar. 31, 2024); *Weston v. DocuSign, Inc.*, 669 F. Supp. 3d 849, 872 (N.D. Cal. 2023).

Rather than confront this authority or defend their chart, Defendants instead argue that the Court can consider the Forms 4 attached as Exhibit 33 (ECF 100-33). But as Plaintiff made clear, it ***does not oppose*** the Court taking judicial notice of the contents of Forms 4. However, it is black letter law that courts cannot consider Forms 4 for the truth of the matters asserted within them. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *22 n.13 (N.D. Cal. June 2, 2020). In this case,

- 3 -

4858-4117-9602.v1

Defendants improperly ask the Court to take judicial notice of their unsubstantiated and disputed assertions that certain trades were made "pursuant to Rule 10b5-1 plans or for tax-withholding purposes." Opp. at 6.  These matters are inappropriate for consideration by the Court at this stage. *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010).[2] Defendants' Exhibit 32 (ECF 100-32) is an attorney-generated chart that summarizes these improper assertions, and therefore is either argumentative or unhelpful to the Court.  The Court should decline to consider this document.

## III.     CONCLUSION

For all the foregoing reasons, as well as those in Plaintiff's Motion, Plaintiff respectfully requests that the Court grant Plaintiff's Motion to Strike Exhibits 1 and 32 filed in support of Defendants' motion to dismiss.

DATED: July 18, 2024                              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON

s/ JEFFREY J. STEIN
JEFFREY J. STEIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff International Trading Group, Inc.

---

[2]     The only in-Circuit case Defendants cited is readily distinguishable.  In *Okla. Firefighters Pension & Ret. Sys. v. Ixia*, 2015 WL 1775221 (C.D. Cal. Apr. 14, 2015), ***none*** of defendants' appendices mentioned a 10b5-1 trading plan or "tax withholding obligation" defenses.

- 4 -

4858-4117-9602.v1

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International
Trading Group, Inc.

- 5 -