Jordan T. Smith, Esq., Bar No. 12097
JTS@pisanellibice.com
PISANELLI BICE PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101
Telephone: 702.214.2100
Facsimile: 702.214.2101

*Counsel for Defendant Spectrum Pharmaceuticals, Inc.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., JOSEPH W. TURGEON, KURT A. GUSTAFSON, FRANCOIS J. LEBEL, M.D., and THOMAS J. RIGA,<br><br>Defendants. | CASE NO. 2:21-cv-01612-CDS-BNW<br><br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** |

1    Plaintiff's Opposition concedes that the overwhelming majority of exhibits subject to

2    Defendants' Request for Consideration Under Incorporation by Reference and Judicial Notice are

3    properly incorporated by reference into the SAC and/or judicially noticeable.[1] Plaintiff seeks to

4    categorically bar the Court's consideration of just three of Defendants' exhibits: Exhibits 2, 26,

5    and 35. *See* RJN Opp. at 1-2. But none of Plaintiff's arguments refutes that judicial notice of those

6    exhibits is proper. Rather than disputing that the legal standard for judicial notice is satisfied,

7    Plaintiff challenges the inferences that can be drawn from these three exhibits and the value the

8    Court should ascribe to them. Such objections provide no basis to exclude these exhibits from the

9    Court's consideration. As to the remaining exhibits, Plaintiff asserts in cursory fashion that properly

10   incorporated exhibits may not be used solely to dispute well-pled factual allegations, but Plaintiff

11   does not identify a single instance where Defendants purportedly do so. *See* RJN Opp. at 7. And

12   Plaintiff's objection to the Court's consideration of certain facts within the SEC Form 4 filings

13   contained in Exhibit 33 is contrary to the weight of authority within this Circuit. The RJN should

14   be granted in its entirety.

15   **I.      Exhibits 2, 26, and 35 are Properly Before the Court.**

16          The Court may take judicial notice of Exhibits 2, 26, and 35.

17          ***Exhibit 2***. Exhibit 2 is an October 2017 special call transcript that includes Spectrum's

18   disclosure of interim data on Pozi from the MD Anderson study. Defendants ask the Court to take

19   judicial notice of Exhibit 2 for "the purpose of considering what was disclosed to the market," RJN

20   at 4, and to put the allegedly false statements in context—not for the truth of any facts contained

21   therein. MTD at 7-9. Plaintiff does not dispute that the transcript accurately reflects what was said

22   during the special call, nor does Plaintiff contest that courts routinely take judicial notice of such

23   transcripts. RJN Opp. at 4-5; RJN at 4. Rather, Plaintiff only contends Exhibit 2 is "not relevant or

24

25   _____

26   [1]      This Motion refers to Defendants' Request for Consideration Under Incorporation by
     Reference and Judicial Notice in Support of Motion to Dismiss Second Amended Consolidated
     Class Action Complaint (ECF 101) as the "RJN"; to Lead Plaintiff's Opposition to Defendants'

27   RJN (ECF 106) as the "RJN Opp."; to Defendants' Motion to Dismiss the Second Amended
     Consolidated Class Action Complaint (ECF 99) as the "MTD"; to Lead Plaintiff's Opposition to

28   Defendants' MTD (ECF 104) as the "Opp."; and to the Second Amended Consolidated Class
     Action Complaint (ECF 93) as the "SAC".

helpful" and claims Defendants are "impermissibly insert[ing] their own version of the facts into the record." RJN Opp. at 4. These arguments lack merit.

First, it is well-settled that allegedly false statements "must be analyzed in context," *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020), to determine whether challenged statements, "when read in light of all the information then available to the market," actually "conveyed a false or misleading impression," *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 390 (9th Cir. 2010). Exhibit 2 provides *directly* relevant context about the very drug and clinical study at the heart of the challenged statements made only a few months later.[2] Ignoring the PSLRA's unique regime, Plaintiff relies on inapposite authority to dispute Exhibit 2's "relevance."[3]

More importantly, Plaintiff does not dispute that Exhibit 2 meets the legal standard for judicial notice, but rather contests the inferences the Court should draw from it. *See* RJN Opp. at 4-5. "[S]uch argument belongs in plaintiff['s] opposition to defendants' motion to dismiss and thus does not persuade on the question of whether judicial notice is proper." *City of Miami Gen. Employees' & Sanitation Employees' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018); *see also Apple Inc.*, 678 F. Supp. 3d at 1152-53 (same); *Hong v. AXA Equitable Life Ins. Co.*, 2018 WL 6331012, at *3 (N.D. Cal. Dec. 4, 2018) (similar). Plaintiff is free to contest the weight the Court should afford Exhibit 2, and it is the Court's prerogative to determine whether such arguments are persuasive. But Plaintiff provides no basis for excluding Exhibit 2, particularly in a securities case like this one, where the Court is required to consider competing non-culpable inferences. *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 323 (2007) (courts "must"

---

[2]     Far from a "one-off discussion" bearing only a "tenuous connection" to the challenged statements, RJN Opp. at 5, Dr. Heymach's data presentation was a highly anticipated and significant event for the Company, as demonstrated by Defendants' and analysts' frequent mention of the presentation for many months after the October 2017 special call. *See* MTD Reply at 2 n.2.

[3]     *See, e.g.*, *In re Apple Inc. Sec. Litig.*, 678 F. Supp. 3d 1147, 1153 (N.D. Cal. 2023) (refusing judicial notice of "general and irrelevant character evidence," such as news articles offered merely to show that "the market held defendants in high regard"); *Commonwealth Land Title Ins. Co. v. Iota Indigo, LLC*, 2015 WL 4647863, at *3 (D. Nev. Aug. 5, 2015) (refusing judicial notice of insurance policy in action brought for unjust enrichment).

1  consider "matters of which a court may take judicial notice" and "must" "take into account plausible

2  opposing inferences" in determining whether pleaded facts give rise to strong inference of scienter).

3      ***Exhibit 26.*** Plaintiff's objections to Exhibit 26 fail for similar reasons. Plaintiff does not

4  (and cannot) dispute that Spectrum's Form 10-K satisfies the requirements for judicial notice. RJN

5  Opp. at 5; RJN at 6-7. Indeed, the PSLRA expressly states that "the court is required to consider

6  'any cautionary statement accompanying [a] forward-looking statement, which [is] not subject to

7  material dispute, cited by the defendant.'" *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857,

8  864 (N.D. Cal. 2004) (quoting 15 U.S.C. § 78u–5(e)). The press release to which Plaintiff points,

9  RJN Opp. at 5, explicitly referred investors to the risk disclosures contained in Exhibit 26. *See*

10  Ex. 17 at 4-5; *see also, e.g.*, *In re Mellanox Techs. Ltd. Sec. Litig.*, 2014 WL 12650991, at *12

11  (N.D. Cal. Mar. 31, 2014) (safe harbor applicable where defendants "directed listeners to review

12  the risks discussed in greater detail in other documents"). Plaintiff thus merely "disputes the

13  adequacy of the risk disclosures, but not their authenticity or the fact that they were made." *Smith*

14  *v. NetApp, Inc.*, 2021 WL 1233354, at *4 (N.D. Cal. Feb. 1, 2021).

15      Plaintiff's claim that Spectrum's prior ATM offerings are "irrelevant" is likewise incorrect.

16  RJN Opp. at 5. At this stage, "[c]ourts can consider securities offerings and corporate disclosure

17  documents that are publicly available." *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1

18  (C.D. Cal. Apr. 23, 2020); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049,

19  1064 n.7 (9th Cir. 2008) (similar); *Oklahoma Firefighters Pension & Ret. Sys. v. IXIA*,

20  50 F. Supp. 3d 1328, 1349 (C.D. Cal. 2014) (same). Plaintiff does not dispute the existence of

21  Spectrum's prior offerings, but once more asks the Court to disregard competing inferences the

22  Court must consider. *See Tellabs*, 551 U.S. at 323. In other words, Plaintiff's arguments go to the

23  significance the Court should accord these facts when determining whether Plaintiff sufficiently

24  pleaded a strong inference of scienter; they have no place in an opposition to judicial notice, because

25  they do not show that Exhibit 26 contains facts that are themselves subject to genuine dispute. The

26  Ninth Circuit has instructed that corporate stock sales must be "uncharacteristic" or "inconsistent

27  with the corporation's traditional business practices" to support a strong inference of scienter, *see*

28  *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1006 (9th Cir. 2009), and Spectrum's prior

ATM offerings are indisputably relevant to that issue. *See Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921, 933 (N.D. Cal. 2017) (taking judicial notice of SEC filings reporting stock repurchases and holding that stock repurchases "undercuts a finding of intent").

*Exhibit 35*. Plaintiff's objection to Exhibit 35 mischaracterizes Defendants' motion to dismiss and request for judicial notice. RJN Opp. at 6. Defendants cited *Dresner v. Silverback Therapeutics, Inc.*, 2023 WL 2913755, at *4 (W.D. Wash. Apr. 12, 2023) to support their contention that plaintiffs "need factual allegations other than an 'open label' status to demonstrate" the sort of continuous real-time access to conclusive study data that Plaintiff's ZENITH20 claims depend upon. MTD at 14. Defendants attached Exhibit 35 simply to provide the Court with the exact definition and source the *Silverback* court considered. *See id.* at 14 n.14. Like the Court in *Silverback*, this Court should not "disregard generally accepted definitions and princip[les] simply because Plaintiffs argue otherwise." *See Silverback*, 2023 WL 2913755, at *10.

In any event, Plaintiff appears to concede that "open label" status does not equate to omniscient knowledge of study data, as Plaintiff extensively relies on dubious "admissions" from Defendants and confidential-witness allegations to support its ZENITH20 claims. *See* RJN Opp. at 6; Opp. at 15-19. Plaintiff's arguments are thus yet another instance where Plaintiff disputes the legal significance of Exhibit 35 and the extent to which it undercuts its theory of liability—not whether Exhibit 35 is properly the subject of judicial notice as a document published by a federal government agency. RJN at 8.

## II.    Plaintiff Concedes Exhibits 3-16, 18, 23, and 29 are Both Incorporated by Reference and Judicially Noticeable.

Plaintiff "does not object to the Court's consideration of Exs. 3-16, 18, 23, and 29" because these exhibits "were referenced in the Complaint (or forms the basis of certain allegations) and Plaintiff does not dispute their authenticity." RJN Opp. at 7. Rather, Plaintiff argues in conclusory fashion that the Court cannot "consider them for the truth of the matters asserted therein." *Id.* But the law is clear that "[o]nce a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014). Although an incorporated document may not be used "*solely* to dispute *well-pled*

facts," *Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at \*3 (N.D. Cal. Mar. 18, 2024) (emphasis in original), "*Khoja* does not prevent a defendant from using the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations." *Eventbrite*, 2020 WL 2042078, at \*7 (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018)) (emphasis in original). Nor does *Khoja* "prevent this Court from analyzing an alleged false statement in context." *Id.*

Here, Plaintiff fails to identify *any* such well-pled allegation or improper use of any of these exhibits, RJN Opp. at 7, and thus the Court should deem each incorporated by reference into the SAC and consider them for their truth.[4] *See Khoja*, 899 F.3d at 1002 ("The doctrine prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims.").

### III.   Plaintiff Concedes Exhibits 17, 19-22, 24-25, 27-28, 30-31, and 33-34 are Proper Subjects of Judicial Notice.

Plaintiff similarly does not "oppose Defendants' request for judicial notice of Exs. 17, 19-22, 24-25, 27-28, 30-31, and 33-34." RJN Opp. at 7. Plaintiff only disputes that the Court can take judicial notice that Individual Defendants' Forms 3 and 4 (Ex. 33) show their stock transactions were made pursuant to "tax withholding obligations" or 10b5-1 "trading plan[s]." *Id.* at 7-8. But Plaintiff ignores that "[t]he weight of authority in the Ninth Circuit holds that courts can consider 10b5-1 trading plans when evaluating allegations concerning scienter." *Pardi v. Tricida, Inc.*, 2022 WL 3018144, at \*15 (N.D. Cal. July 29, 2022) (taking judicial notice of "SEC Form 4 filings"); *see also, e.g.*, *Habelt v. iRhythm Techs., Inc.*, 2022 WL 971580, at \*6, \*20 (N.D. Cal. Mar. 31, 2022) (relying on Form 4 in concluding sales pursuant to 10b5-1 plan did not support strong scienter inference); *Hoang v. ContextLogic, Inc.*, 2023 WL 6536162, at \*6, \*26 (N.D. Cal. Mar. 10, 2023) (relying on Forms 4 in concluding "sales for tax reasons are not indicative of fraud"); *Metzler*, 540 F.3d at 1067 n.11 ("As Defendants note, the bulk of [defendants'] sales took place

---

[4] At a minimum, the Court should consider these exhibits to analyze the challenged statements in context to determine whether they were false or misleading "in light of all the information then available to the market," *Oracle*, 627 F.3d at 390, and to evaluate scienter. *See, e.g.*, *Bodri*, 252 F. Supp. 3d at 924 (considering other statements in a call transcript to conclude that challenged statements were not misleading in context).

according to pre-determined 10b5-1 trading plans."); *Curry v. Yelp Inc.*, 875 F.3d 1219, 1227 n.2 (9th Cir. 2017) ("The Form 4s in the record indicate that the vast majority of Individual Defendants' stock sales were made pursuant to a Rule 10b5-1 plan."). The majority view within the Ninth Circuit is the better view because it is more "congruent with the requirement that [the Court] consider plausible nonculpable explanations for the defendants' conduct." *Alaska Elec. Pension Fund v. Asar*, 768 F. App'x 175, 182 (5th Cir. 2019).

## **CONCLUSION**

Defendants respectfully request that the Court consider Exhibits 2-31 and 33-35 in assessing Defendants' Motion to Dismiss.

DATED: July 22, 2024

**PISANELLI BICE PLLC**

By:  */s/ Jordan T. Smith*
        Jordan T. Smith, Esq., #12097
        400 South 7th Street, Suite 300
        Las Vegas, Nevada 89101

*Counsel for Defendant*
*Spectrum Pharmaceuticals, Inc.*

**BAKER BOTTS L.L.P.**

        Kevin M. Sadler (*pro hac vice*)
        1001 Page Mill Road,
        Building One, Suite 200
        Palo Alto, California 94304

        Scott D. Powers (*pro hac vice*)
        401 South 1st Street, Suite 1300
        Austin, Texas 78704

        John B. Lawrence (*pro hac vice*)
        2001 Ross Avenue, Suite 900
        Dallas, Texas 75201

*Counsel for All Defendants*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Pisanelli Bice PLLC, and that on this 22nd day of July, 2024, I caused to be e-filed/e-served with the Court's CM/ECF system true and correct copies of the above and foregoing **DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR CONSIDERATION UNDER INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS** to all parties registered for service.

_____*/s/ Kimberly Peets*_____
An employee of Pisanelli Bice PLLC