CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: 702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>   vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., et al.,<br><br>                Defendants. | No. 2:21-cv-01612-CDS-BNW<br><br>CLASS ACTION<br><br>JOINT PROPOSED DISCOVERY PLAN PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(f)<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 9, 2024 Order (ECF 117), International Trading Group, Inc. ("Lead Plaintiff") and Spectrum Pharmaceuticals, Inc. ("Spectrum" or the "Company"), Joseph W. Turgeon, Kurt A. Gustafson, Dr. Francois J. Lebel, and Thomas J. Riga (collectively, "Defendants," and together with Lead Plaintiff, the "Parties") hereby submit this Joint Proposed Discovery Plan.

## I.  PARTIES WHO ATTENDED THE RULE 26(f) CONFERENCE

The Parties met telephonically on October 14, 2024.  All Parties attended the Rule 26(f) conference and assisted in developing this Joint Proposed Discovery Plan:

- Lead Plaintiff (represented at the Rule 26(f) conference by Robbins Geller Rudman & Dowd LLP); and

- Defendants (represented at the Rule 26(f) conference by Baker Botts L.L.P.).

## II.  DISCUSSION OF NECESSARY DISCOVERY

### A.  Extent, Nature, and Location of Anticipated Discovery

Lead Plaintiff intends to seek written and oral discovery on all the factual bases underlying its §§10(b), 20(a), and 20(A) claims pursuant to the Securities Exchange Act of 1934, including, *inter alia*: (1) the false and misleading nature of the alleged misstatements at issue; (2) the materiality of those statements; (3) Defendants' knowledge of, or reckless disregard for, the true facts undercutting the alleged misstatements at issue; (4) Defendants' motive and opportunity to commit the alleged fraud; (5) Defendants' transactions in Spectrum common stock; (6) the market for Spectrum common stock; (7) the decline in the price of Spectrum common stock; and (8) Defendants' control over the Company and each other.  Lead Plaintiff anticipates that much of this discovery will be located at Spectrum's corporate headquarters.

Lead Plaintiff maintains that discoverable information related to these issues would further include, *inter alia*, the following general categories: (1) Spectrum's business and operations; (2) the impact of poziotinib on Spectrum's business and operations; (3) the impact of the MD Anderson trial and the ZENITH20 trial on Spectrum's business and operations; (4) the extent and content of Defendants' communications with the Food and Drug Administration; (5) Defendants' knowledge of the efficacy of existing treatments for Non-Small Cell Lung Cancer ("NSCLC"); (6) Defendants'

access to ZENITH20 trial data; and (7) Defendants' knowledge regarding the results of the ZENITH20 trial throughout the Class Period of March 7, 2018 through August 5, 2021.

Defendants do not agree that all such information is discoverable, and in particular dispute that any information related to the ZENITH20 trial is discoverable following the Court's October 7, 2024 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (ECF 116), and dispute that Lead Plaintiff can seek to maintain any putative Class Period outside of May 3, 2018 through December 19, 2018.

Defendants intend to seek written and oral discovery on Lead Plaintiff's acquisition and sale of Spectrum securities, Lead Plaintiff's reliance on the alleged misrepresentations, and the alleged damages. Defendants may also seek written and oral discovery from nonparties related to Lead Plaintiff's claims.

### B. Modifications to Discovery Limitations

The Parties are aware that Civil Local Rule 26-1(b)(1) provides that, unless the Court orders otherwise, discovery periods longer than 180 days from the date the first defendant answers or appears require special review. The Parties' agreed-upon schedule below provides a discovery period (inclusive of fact discovery and expert discovery, which the Parties agree should occur sequentially in this matter), which is 401 days after the scheduled settlement conference (ECF 118), 508 days after the Court entered its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss Second Amended Complaint (ECF 116), and 1,470 days after the first defendant appeared in this matter (ECF 30). The Parties agree that the period proposed in this Joint Proposed Discovery Plan is reasonable for several reasons. First, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), "all discovery and other proceedings" have been "stayed during the pendency of [Defendants'] motion[s] to dismiss." 15 U.S.C. §78u-4(b)(3). By statute, the Parties thus have not previously been able to engage in any discovery. Second, this case is a complex class action brought under the Securities Exchange Act of 1934, which the Parties anticipate will involve not only discovery from the Parties but also document and deposition subpoenas to several nonparties. Third, the Parties will also be briefing a motion for class certification during the fact-discovery period. Fourth, as set forth below, the Parties intend to delay substantial portions of

1  discovery until after an initial settlement conference, currently set for January 22, 2025 (the "Initial
2  Settlement Conference") (*see* ECF 118), but will engage in work prior to that date which will permit
3  discovery to begin in earnest promptly following that date, if the Initial Settlement Conference is
4  unsuccessful.

5  It is Defendants' position that because the Court's October 7, 2024 Order provides that "[i]f
6  the parties are unable to reach an agreement resolving the claim [at the scheduled settlement
7  conference], [Lead Plaintiff] will have the option to amend [its] complaint within fifteen days of the
8  failed settlement conference" (ECF 116 at 32), discovery is properly stayed until fifteen days
9  following the Initial Settlement Conference pursuant to the PSLRA and governing law.

10 Lead Plaintiff does not agree that the Court's October 7, 2024 Order mandates or even
11 suggests a discovery stay prior to the Initial Settlement Conference.  Lead Plaintiff believes this
12 position is supported by the PSLRA, controlling case law, and the Court's Order to file this Joint
13 Proposed Discovery Plan three months prior to the already-scheduled Initial Settlement Conference
14 (ECF 117).  But in the spirit of compromise, and without waiver of their legal arguments, the Parties
15 have agreed that in this instance it is appropriate to delay certain discovery until after the Initial
16 Settlement Conference as described below.

17 The Parties agree that, except by mutual agreement, they will engage only in the following
18 discovery prior to the conclusion of the Initial Settlement Conference:

19    1.   The Parties will serve their Rule 26(a)(1) initial disclosures by November 8, 2024.
20    2.   The Parties may serve Rule 34 requests for production on each other, in which case
21 the receiving Party shall respond in writing, and the Parties thereafter will meet and confer on those
22 responses and any objections, and work in good faith to attempt to reach agreement on scope of
23 production and, as appropriate, custodians and search terms.
24    3.   Prior to the Initial Settlement Conference, the Parties will agree on an ESI protocol
25 and submit to the Court a proposed Rule 26(c) protective order to address the protection of
26 confidential information and other issues.

### III.  ALTERNATIVE DISPUTE RESOLUTION

The Parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, including mediation, arbitration, and if applicable, early neutral evaluation.

The Court has scheduled the Initial Settlement Conference for January 22, 2025 at 10:00 a.m. with Magistrate Judge Brenda Weksler.  *See* ECF 118.  If a resolution is not reached at the Initial Settlement Conference, the Parties consent to attempting resolution through mediation but do not consent to other alternative dispute resolution processes at this time.

### IV.  ALTERNATIVE FORMS OF CASE DISPOSITION

The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. §636(c) and Federal Rule of Civil Procedure 73 and the use of the Short Trial Program (District of Nevada General Order 2013-01).  Neither party gives such consent at this time.

### V.  ELECTRONIC EVIDENCE

The Parties certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations.  Although the Parties agree that a jury trial would likely involve presenting electronic evidence, they agreed to defer discussion of the particulars of those presentations until closer to trial.

### VI.  PRE-TRIAL DEADLINES

| EVENT | DEADLINE |
|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | Friday, November 8, 2024 |
| Lead Plaintiff's Deadline to Amend the Operative Complaint per ECF 116 | Thursday, February 6, 2025 |
| Defendants' Answer (if Lead Plaintiff ***does*** exercise its option to amend) | In the event Lead Plaintiff does exercise its option to amend its complaint on or before February 6, 2025, the Parties will ***within 7 days*** confer on and submit to the Court a proposed schedule for briefing Defendants' anticipated motion to dismiss or other responsive filing. |
| Defendants' Answer (if Lead Plaintiff does ***not*** exercise its option to amend) | Thursday, February 27, 2025 |

- 4 -

| EVENT | DEADLINE |
|---|---|
| Lead Plaintiff's Motion for Class Certification | Thursday, April 3, 2025 |
| Defendants' Opposition to Class Certification | Thursday, May 29, 2025 |
| Lead Plaintiff's Reply ISO Class Certification | Thursday, July 24, 2025[1] |
| Substantial Completion of Document Production | Friday, August 8, 2025 |
| Last Day to File Motion Seeking Joinder of Additional Parties | Monday, September 15, 2025 |
| Last Day to File Motion Seeking Leave to Amend Pleadings | Monday, September 15, 2025 |
| Completion of Fact Discovery | Wednesday, October 22, 2025 |
| Parties' Opening Expert Reports on Any Issue on Which the Party Has the Burden of Proof[2] | Friday, November 21, 2025 |
| Parties' Rebuttal Expert Reports | Friday, January 23, 2026 |
| Completion of Expert Depositions | Friday, February 27, 2026 |
| Parties' Dispositive Motions and *Daubert* Motions | Friday, March 27, 2026 |
| Oppositions to Dispositive Motions and *Daubert* Motions | Tuesday, May 26, 2026 |
| Replies in Support of Dispositive Motions and *Daubert* Motions | Friday, July 24, 2026 |
| Joint Pretrial Order | Within 14 days following the Court's final decision on any dispositive motions filed by the above deadline, the Parties shall meet and confer and submit to the Court a proposed deadline for filing of the Joint Pretrial Order. |

DATED: October 23, 2024

ROBBINS GELLER RUDMAN & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
JESSICA E. ROBERTSON

s/ Jeffrey J. Stein
JEFFREY J. STEIN

---

[1] If Defendants present any issue in their Opposition to Class Certification on which Defendants bear the burden, the Parties shall confer on Defendants' ability to file a sur-reply brief and sur-reply expert report, and the timing of such submissions.

[2] The deadlines provided herein for expert discovery and reports do not include those related to class certification.

- 5 -

|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | 655 West Broadway, Suite 1900 |
|   | | San Diego, CA 92101 |
| 3 | | Telephone: 619/231-1058 |
|   | | 619/231-7423 (fax) |
| 4 | | ryanl@rgrdlaw.com |
|   | | jstein@rgrdlaw.com |
| 5 | | jkelley@rgrdlaw.com |
|   | | jrobertson@rgrdlaw.com |
| 6 | | |
| 7 | | Lead Counsel for Lead Plaintiff International Trading Group, Inc. |

```
                                        655 West Broadway, Suite 1900
                                        San Diego, CA  92101
                                        Telephone:  619/231-1058
                                        619/231-7423 (fax)
                                        ryanl@rgrdlaw.com
                                        jstein@rgrdlaw.com
                                        jkelley@rgrdlaw.com
                                        jrobertson@rgrdlaw.com

                                        Lead Counsel for Lead Plaintiff International
                                        Trading Group, Inc.

                                        CAMPBELL & WILLIAMS
                                        J. COLBY WILLIAMS
                                        710 South Seventh Street, Suite A
                                        Las Vegas, Nevada  89101
                                        Telephone:  702/382-5222
                                        702/382-0540 (fax)
                                        jcw@cwlawlv.com

                                        Local Counsel for Lead Plaintiff International
                                        Trading Group, Inc.

DATED: October 23, 2024                 BAKER BOTTS L.L.P.
                                        JOHN B. LAWRENCE (pro hac vice)


                                               s/ John B. Lawrence
                                        ─────────────────────────────
                                             JOHN B. LAWRENCE

                                        2001 Ross Avenue, Suite 900
                                        Dallas, TX  75201
                                        Telephone:  214/953-6500
                                        214/953-6503 (fax)
                                        john.lawrence@bakerbotts.com

                                        BAKER BOTTS L.L.P.
                                        SCOTT D. POWERS (pro hac vice)
                                        401 South First Street, Suite 1300
                                        Austin, TX  78704
                                        Telephone:  512/322-2500
                                        512/322-2501 (fax)
                                        scott.powers@bakerbotts.com
```

- 6 -

BAKER BOTTS L.L.P.
KEVIN M. SADLER (*pro hac vice*)
1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA  94304
Telephone:  650/739-7500
650/739-7699 (fax)
kevin.sadler@bakerbotts.com

Counsel for Defendants

PISANELLI BICE PLLC
JORDAN T. SMITH (State Bar No. 12097)
400 South Seventh Street, Suite 300
Las Vegas, NV  89101
Telephone:  702/214-2100
702/214-2101 (fax)
jts@pisanellibice.com

Counsel for Defendant Spectrum
Pharmaceuticals, Inc.

\*   \*   \*

**O R D E R**

IT IS SO ORDERED.

DATED: _____   _____
THE HONORABLE CRISTINA D. SILVA
UNITED STATES DISTRICT JUDGE