CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
   & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
SARAH A. FALLON
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
sfallon@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., et al.,<br><br>                              Defendants. | No. 2:21-cv-01612-CDS-BNW<br><br>CLASS ACTION<br><br>CONFIDENTIALITY AGREEMENT AND [PROPOSED] STIPULATED PROTECTIVE ORDER |

This Confidentiality Agreement and Stipulated Protective Order ("Order") is entered into by and among Lead Plaintiff International Trading Group, Inc. ("Lead Plaintiff") and Spectrum Pharmaceuticals, Inc. ("Spectrum"), Joseph W. Turgeon, Kurt A. Gustafson, Dr. Francois J. Lebel, and Thomas J. Riga (collectively, "Defendants," and together with Lead Plaintiff, the "Parties"); and any other persons or entities who become bound by this Order by signifying their assent through execution of the Declaration attached as Exhibit A to this Order ("Declaration") for the purpose of expediting production of documents, testimony, and other information by the Parties ("Production") in this action ("Action").   The Parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this Action and request that the Court enter this Order, pursuant to Federal Rule of Civil Procedure 26(c) and Rule 502 of the Federal Rules of Evidence, establishing procedures for the designation and protection of confidential and proprietary information produced during this Action and the procedures for challenging any such designation.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   Accordingly, the Parties agree:

1.    The Parties shall submit this Order to the Court for approval.

2.    The provisions of this Order shall become effective upon entry by the Court; however, all Discovery Material produced and designated as "Confidential" before the Court enters this Order shall be subject to this Order as though it had been entered by the Court at that time.

3.    All deadlines in this Order shall be computed according to Federal Rule of Civil Procedure 6.

**SCOPE OF ORDER**

4.    <u>Discovery Material</u>: This Order applies to all items, information, documents, and things exchanged in discovery in the Action, including, but not limited to, documents, information,

data, electronically stored information, responses to interrogatories or admissions, testimony, and transcripts, and any copy, abstract, digest, note, summary, and excerpt of anything exchanged in discovery, regardless of the medium or manner in which it is generated, stored, or maintained ("Discovery Material").

**DESIGNATING DISCOVERY MATERIAL**

5.      Generally: Any Party producing, disclosing, or otherwise exchanging Discovery Material (a "Producing Party") to another Party (a "Receiving Party") may designate such Discovery Material as "Confidential Material" if the Producing Party believes in good faith (or with respect to documents received from another person, has been reasonably advised by that person) that the Discovery Material constitutes or includes information that is not generally available to the public and that contains or reflects confidential, proprietary, trade secret, and/or commercially sensitive information, or that contains any individual Producing Party's or other individual's personal information, including social security numbers, tax returns, personnel evaluations, and medical, credit, and banking information; information that is subject by law or by contract to a legally protected right of privacy; information that the Producing Party is under a preexisting obligation to a third party to treat as confidential; information that the Producing Party has in good faith been requested by another person to so designate on the grounds that the other person considers the material to contain confidential or proprietary information; or information that is of such a nature that disclosure to persons other than those listed in Paragraph 14 would create a substantial risk of economic injury.

6.      Exercise of Restraint and Care in Designating Material for Protection: Each Party or non-Party that designates information or items for protection under this Order must in good faith limit any such designation to specific material that qualifies under the standards set forth in this Order.

- 2 -

7.      Manner of Designation: Designation in conformity with this Order requires:

(a)      Confidential Material in documentary form be designated by marking each page of the Confidential Information as "Confidential."  The markings should not obscure the content of the Discovery Material.  For documents where marking every page is not reasonably practicable, such as documents produced in native format, the Confidentiality designation shall be conspicuously made, such as by affixing a "CONFIDENTIAL" marking to the placeholder Bates-numbered TIFF image that accompanies the native file.

(b)      Information disclosed through testimony at a deposition, hearing, or other proceeding in connection with the Action may be designated as Confidential Material by stating on the record, before the close of the deposition, hearing, or other proceeding, that the information disclosed shall be designated as Confidential Information.  If only a portion of the testimony qualifies for protection, the Producing Party must clearly identify the confidential portions of the transcript in a writing to the court reporter and opposing counsel.  If no designation is made on the record, the Producing Party will have 21 days from the receipt of the final transcript to designate portions for protection and all testimony will be treated as Confidential Material until then. Confidential designations of transcripts will apply also to any audio, video, or other recordings of the testimony.

(c)      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

8.      Inadvertent Failure to Designate: A Party's failure to designate any Discovery Material as "Confidential" shall not be deemed a waiver of that Party's later claim that such

Discovery Material should be treated as Confidential Material or is entitled to another designation pursuant to this Order ("Mis-designated Material"). After the Producing Party's identification and replacement of such Mis-designated Material to the Receiving Party, the Receiving Party will promptly destroy or return the Mis-designated Material. If requested by the Producing Party, the Receiving Party shall verify in writing that it has returned or destroyed such Mis-designated Material.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

9.    Timing of Challenges: Any Party may challenge a designation of confidentiality at any time (the "Challenging Party"). Unless a prompt challenge to a Producing Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

10.    Meet and Confer: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (by phone, video conference, or in person) within seven days of the date of notice of the challenge. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Producing Party is unwilling to participate in the meet-and-confer process in a timely manner.

11.    Judicial Intervention: If the Parties cannot resolve a challenge without Court intervention, the Challenging Party may file and serve a motion challenging the designation(s) in accordance with Local Rule 26-6 within 21 days of the initial notice of challenge or within 14 days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is

earlier.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed by the preceding paragraph.

12.    The burden of persuasion in any such challenge proceeding shall be on the Producing Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**USE AND DISCLOSURE OF DISCOVERY MATERIAL**

13.    General Limitations on Use and Disclosure of Discovery Material: All Discovery Material, whether or not designated as Confidential Material, shall be used by the Receiving Party solely for the purpose of prosecuting, defending, or attempting to settle this Action and shall not be used for any other purpose, either directly or indirectly, including any other litigation or judicial proceedings, or any business, competitive, governmental, commercial, or administrative purpose or function.

14.    Persons Who May Have Access to Confidential Material: Any Confidential Material, and any and all information contained therein, may be given, shown, made available, or communicated only to the following:

(a)    the Parties;

(b)    current officers, directors, and employees of the Parties (and, in the case of Spectrum, also of its affiliates) to whom disclosure is reasonably necessary for the purpose of prosecuting or defending this Action;

(c)    the Parties' in-house and outside legal counsel and staff to whom it is reasonably necessary to disclose the information in connection with this Action;

(d)    outside experts and consultants (and their respective staff) in connection with the prosecution or defense of this Action, and who have signed the Declaration (Exhibit A);

(e)      any person who is the author, addressee, or recipient of the document, or in the case of meeting minutes, an attendee of the meeting, or any other person who has previously had access to or reviewed the document;

(f)      trial witnesses during the course of their trial testimony;

(g)      deposition witnesses during the course of their deposition testimony;

(h)      for purposes of witness preparation, any anticipated deponent or witness, in preparation for his or her deposition, hearing, or trial testimony, provided that Confidential Material can only be shared with an anticipated deponent or witness in connection with preparation for anticipated testimony, and the persons identified in this paragraph will not be permitted to retain copies of such Confidential Material and shall be required to sign the Declaration (Exhibit A);

(i)      professional jury or trial consultants and mock jurors who have signed the Declaration (Exhibit A);

(j)      outside photocopying, graphic production services, or litigation support services (*e.g.*, e-discovery vendors, contract review attorneys, trial/jury consultants), as necessary for use in connection with the Action;

(k)      mediators, arbitrators, or discovery masters (and their respective staff) retained by the Parties or assigned by this Court;

(l)      court reporters, stenographers, or videographers who record deposition or other testimony in connection with this Action;

(m)      the Court and its employees;

(n)      any liability insurance companies from which any Defendant has sought or may seek insurance coverage to provide or reimburse for the defense of this Action or related matters and/or to satisfy any part of any liability in this Action or related matters; and

(o)    any other person or entity to whom the Producing Party agrees, in writing, to allow access.

15.    <u>Confidential Material to Be Disclosed Only in Accordance with Paragraph 14</u>: Except as otherwise expressly provided in this Order, Confidential Material and the substantive information contained therein shall not be given, shown, made available to, disclosed, or communicated in any way except to those people set forth in Paragraph 14 of this Order.

16.    <u>Non-Party Productions</u>: The Parties agree that any non-Party may obtain the protections of this Order by giving written notice to the Parties that it intends to be bound by the provisions of this Order and designating that its provision of discovery is subject to this Order.  The subpoenaing or requesting party shall advise non-Parties from whom they seek documents of the existence of this Order and their right to obtain its protections.  Nothing in these provisions should be construed as prohibiting a non-Party from seeking additional protections.  To the extent that any non-Party produces Discovery Material in this Action that contains Confidential Material of a Party to this Action, that Party may designate such Discovery Material as "Confidential" for purposes of this Order by delivering written notice of the designation to the Parties.

17.    <u>Non-Waiver of Rights</u>: Nothing contained in this Order shall be deemed a waiver or relinquishment by any Party or non-Party of any objection, including, but not limited to, any objection concerning the confidential or proprietary nature of any documents, information, or data produced by a Party or non-Party, any right to object to any discovery request, or any right to object to the admissibility of evidence on any ground, or to seek any further protective order, or to seek relief from the Court or any other applicable court from any provision of this Order by application on notice on any grounds.

18.    <u>Unauthorized Disclosure of Confidential Material</u>: In the event of a disclosure by a Receiving Party of Confidential Material to persons or entities not authorized by this Order to

receive such Confidential Material, the Receiving Party making the unauthorized disclosure shall, upon learning of the disclosure: (i) promptly notify the person or entity to whom the disclosure was made that the disclosure contains Confidential Material subject to this Order; (ii) promptly make reasonable efforts to recover the disclosed Confidential Material as well as preclude further dissemination or use by the person or entity to whom the disclosure was made; and (iii) promptly notify the Producing Party of the identity of the person or entity to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the disclosed Confidential Material and ensure against further dissemination or use thereof.  In the event of the above-described unauthorized disclosure by a person or entity who is not a Party to the Action (a "non-Party Recipient"), the Party who provided the non-Party Recipient the Confidential Material shall, upon learning of the disclosure, immediately notify the Producing Party of the unauthorized disclosure of Confidential Material.

19.     <u>Inadvertent Production of Privileged Discovery Material</u>: If a Producing Party inadvertently produces documents or material that is subject to a claim of privilege or protection from disclosure on the basis of the attorney-client privilege, work product doctrine, common interest privilege, or on the basis that it was prepared in anticipation of litigation, or on any other ground of privilege ("Protected Materials"), such inadvertent production shall not constitute a waiver of any claim of privilege or other protection from disclosure.  If a Producing Party discovers that it has inadvertently produced Protected Materials, it shall notify the Receiving Party.  If a Receiving Party discovers that it has received Protected Materials, it shall promptly notify the Producing Party.  Upon either discovery that it has received Protected Materials or notice from a Producing Party of the inadvertent production of Protected Materials, the Parties shall follow the provisions set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure.

20.     Confidential Material Filed with the Court: To the extent that any Party seeks to file a document, pleading, motion, or brief with the Court that contains information that has been designated as Confidential, that Party shall file the document under seal pursuant to L.R. IA 10-5. The Parties will use their best efforts to minimize such sealing, and where possible to utilize redactions that cover only the Confidential Material itself, while revealing all other information.

21.     Obligations Following Conclusion of Proceedings: The provisions of this Order shall survive the conclusion of the Action.  Within 60 days of the later of (i) entry of a final order or judgment in this Action, and (ii) the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law, the Receiving Party shall return or destroy all Discovery Material, and all copies or notes thereof in the possession of any person.  Notwithstanding this provision, (i) counsel are entitled to retain a copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material, and (ii) a Receiving Party may retain Discovery Material that is auto-archived or otherwise backed up on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes, subject to legal hold obligations, or whose return or destruction would violate applicable federal or state law or regulations; provided, however, that such retained documents shall continue to be treated as provided in this Order.  If a Receiving Party chooses to destroy, rather than return, documents in accordance with this paragraph, that Receiving Party shall verify such destruction in writing to counsel for the Producing Party.

22.     Amendment of Stipulated Protective Order: This Order may be altered or modified only by written agreement of all Parties to the Action and So Ordered by the Court.

23. <u>Request for Disclosure of Confidential Material in Other Proceedings</u>: If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential," that Party must:

(a) promptly notify in writing the Producing Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other proceeding that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Producing Party whose Protected Material may be affected.

24. If the Producing Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Producing Party's permission. The Producing Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another duly empowered governmental, regulatory, or supervisory agency or authority or court.

25. <u>Use of Confidential Materials by Producing Party</u>: Nothing in this Order: (i) affects the right of any Producing Party to use or disclose its own Confidential Material in any way; or (ii) prevents the disclosure of Confidential Material by any Party with the express written consent of the Producing Party.

26.     Severability: To the extent any provision of this Order is determined to be illegal or otherwise unenforceable, such determination shall not affect the enforceability of the remaining terms of this Order.

27.     Enforcement: This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt or disregard on this Order.

28.     Authority: By signing below, the signatory represents that he or she has the authority to sign this Order on behalf of the Party indicated below and bind it to the terms of this Order.

IT IS SO STIPULATED.

DATED:  December 24, 2024

ROBBINS GELLER RUDMAN
  & DOWD LLP
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
SARAH A. FALLON
JESSICA E. ROBERTSON


                          s/ Jeffrey J. Stein
                        JEFFREY J. STEIN

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
sfallon@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff International
Trading Group, Inc.

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS
710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International
Trading Group, Inc.

DATED:  December 24, 2024

BAKER BOTTS L.L.P.
KEVIN M. SADLER (*pro hac vice*)

s/ Kevin M. Sadler
KEVIN M. SADLER

1001 Page Mill Road
Building One, Suite 200
Palo Alto, CA  94304
Telephone:  650/739-7500
650/739-7699 (fax)
kevin.sadler@bakerbotts.com

BAKER BOTTS L.L.P.
SCOTT D. POWERS (*pro hac vice*)
401 South First Street, Suite 1300
Austin, TX  78704
Telephone:  512/322-2500
512/322-2501 (fax)
scott.powers@bakerbotts.com

BAKER BOTTS L.L.P.
JOHN B. LAWRENCE (*pro hac vice*)
2001 Ross Avenue, Suite 900
Dallas, TX  75201
Telephone:  214/953-6500
214/953-6503 (fax)
john.lawrence@bakerbotts.com

Counsel for Defendants

PISANELLI BICE PLLC
JORDAN T. SMITH (State Bar No. 12097)
400 South Seventh Street, Suite 300
Las Vegas, NV  89101
Telephone:  702/214-2100
702/214-2101 (fax)
jts@pisanellibice.com

Counsel for Defendant Spectrum
Pharmaceuticals, Inc.

\*          \*          \*

**O R D E R**

IT IS SO ORDERED.

DATED:  _____          _____
THE HONORABLE BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**<u>EXHIBIT A</u>**

**<u>DECLARATION OF ACKNOWLEDGEMENT AND AGREEMENT TO BE</u>**
**<u>BOUND BY THE STIPULATED PROTECTIVE ORDER</u>**

I, _____, declare under penalty of perjury (this "Declaration") that:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I hereby certify and agree that I have read and understand the terms of the Confidentiality Agreement and Stipulated Protective Order (the "Order") relating to this Action, *Luo v. Spectrum Pharmaceuticals, Inc., et al.*, No. 2:21-cv-01612 (the "Action"). All capitalized terms not otherwise defined in this Declaration have the meanings ascribed to such terms in the Order. I further certify that I will not use Confidential Material for any purpose other than this Action, and will not disclose or cause Confidential Material to be disclosed to anyone not expressly permitted by the Order to receive Confidential Material. I agree to be bound by the terms and conditions of the Order.

5.      I understand that I am to retain in confidence from all individuals not expressly permitted to receive Confidential Material, whether at home or at work, all copies of any Confidential Material, and that I will carefully maintain such materials in a manner consistent with the Order. I acknowledge that the return or destruction of Confidential Material shall not relieve me from any other continuing obligations imposed upon me by the Order.

6.      I acknowledge and agree that I am aware that, by receiving Confidential Material, (i) I may be receiving material, non-public information about companies that issue securities, and (ii) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

7.      I understand that my failure to abide by the terms of the Order entered in the Action will subject me, without limitation, to sanctions or penalties for contempt of Court and other remedies as the Court may deem appropriate.

8.    I stipulate to the jurisdiction of this Court solely with respect to the provisions of the Order and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of this Court.

Dated: _____

_____
Signature

_____
Name and Title (if any)