# EXHIBIT A-1

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: 702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff
International Trading Group, Inc.

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
SARAH A. FALLON
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
sfallon@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff
International Trading Group, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated, ) | No. 2:21-cv-01612-CDS-BNW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| vs. ) | NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION |
| SPECTRUM PHARMACEUTICALS, INC., et al., ) | EXHIBIT A-1 |
| Defendants. ) | |

**TO:    ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED SPECTRUM PHARMACEUTICALS, INC. ("SPECTRUM") COMMON STOCK BETWEEN MARCH 7, 2018, AND AUGUST 5, 2021, INCLUSIVE (THE "CLASS PERIOD")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.  PLEASE NOTE THAT IF YOU ARE A CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.   TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE (AT WWW.SPECTRUMPHARMACEUTICALSSECURITIESSETTLEMENT.COM) ON OR BEFORE _____, 2025**.

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.**

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been issued pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the District of Nevada (the "Court").  The purpose of this Notice is to inform you of: (i) the pendency of this class action (the "Litigation") between International Trading Group, Inc. ("Lead Plaintiff") and Spectrum,[1] Joseph W. Turgeon, Kurt A. Gustafson, Francois J. Lebel, and Thomas J. Riga ("Defendants"); (ii) the proposed $15.95 million cash settlement reached therein (the "Settlement"); and (iii) the hearing (the "Settlement Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated May 9, 2025 (the "Stipulation"), by and between Lead Plaintiff and Defendants (the "Parties" or "Settling Parties").  This Notice describes what steps you may take in relation to the Settlement and this class action.[2]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  This Notice is solely to advise you of the pendency of the Litigation, the proposed Settlement of the Litigation, and your rights in connection therewith.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM** | The only way to be eligible to receive a payment from the Settlement.  **Proofs of Claim must be postmarked or submitted online on or before _____, 2025.** |
| **EXCLUDE YOURSELF FROM THE CLASS** | Get no payment.  This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, |

---

[1]   Spectrum was acquired by Assertio Holdings, Inc. on July 31, 2023.

[2]   All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation, which is available on the website www.SpectrumPharmaceuticalsSecuritiesSettlement.com.

- 1 -

| | | |
|---|---|---|
| | | including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Requests for exclusion must be postmarked on or before _____, 2025.** |
| **OBJECT** | | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. **Objections must be *received* by the Court and counsel on or before _____, 2025. If you submit a written objection, you may (but do not have to) attend the Settlement Hearing.** |
| **GO TO THE SETTLEMENT HEARING ON _____, 2025** | | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. **Requests to speak at the Settlement Hearing must be *received* by the Court and counsel on or before _____, 2025.** |
| **DO NOTHING** | | Receive no payment. You will, however, still be a Member of the Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Class Recovery**

Pursuant to the Settlement described herein, a $15.95 million cash settlement fund has been established. Based on Lead Plaintiff's estimate of the number of allegedly damaged shares eligible to recover under the Settlement, the average distribution per share of Spectrum common stock under the Plan of Allocation is approximately $0.06, before deduction of any taxes on the income earned on the Settlement Amount, notice and administration costs, and the attorneys' fees and expenses as determined by the Court. **Class Members should note, however, that this is only an estimate**. A Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that claimant's claim as compared to the total claims of all Class Members who submit acceptable Proofs of Claim. An individual Class Member may receive more or less than this estimated average distribution amount. Please see the Plan of Allocation set forth and discussed at pages ___ through ____ below for more information on the calculation of your claim.

**Statement of Potential Outcome of Case**

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Class prevailed on each or any claim alleged. Defendants deny that they are liable to the Class and deny that the Class has suffered any damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Defendants engaged in conduct that would give rise to any liability to the Class under the federal securities laws; (2) whether Defendants have valid defenses to any such claims of liability; (3) the appropriate economic model for determining the amount by which the price of Spectrum common stock was allegedly artificially inflated (if at all) during the relevant period; and (4) the amount, if any, by which the price of Spectrum common stock was allegedly artificially inflated (if at all) during the relevant period.

4926-5982-7509.v2

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Plaintiff's Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation in the expectation that if they were successful in obtaining a recovery for the Class, they would be paid from such recovery. Lead Counsel will apply to the Court on behalf of all Lead Plaintiff's Counsel for an award of attorneys' fees not to exceed 30% of the Settlement Amount, plus expenses not to exceed $200,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. If the amounts requested are approved by the Court, the average cost per Spectrum common share will be approximately $0.02. In addition, Lead Plaintiff may seek an award not to exceed $12,000 in connection with its representation of the Class.

**Further Information**

For further information regarding the Litigation, this Notice, or to review the Stipulation, please contact the Claims Administrator toll-free at 1-____-____-_____, or visit the website, www.SpectrumPharmaceuticalsSecuritiesSettlement.com.

You may also contact a representative of counsel for the Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800/449-4900, settlementinfo@rgrdlaw.com.

**Please Do Not Call the Court or Defendants with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiff's principal reason for entering into the Settlement is the benefit to the Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. For Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the uncertainty, risk, costs, and burdens inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further conduct of this Litigation could be protracted and distracting.

## BASIC INFORMATION

| **1.** | **What is the purpose of this Notice?** |
| --- | --- |

The Court has directed the issuance of this Notice to inform potential Class Members about the Litigation and the proposed Settlement and their options in connection therewith before the Court rules on the Settlement. Additionally, Class Members have the right to understand how this class action lawsuit may generally affect their legal rights.

This Notice explains the class action lawsuit, the Settlement, Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

4926-5982-7509.v2

The Court in charge of the Litigation is the United States District Court for the District of Nevada, and the case is known as *Luo v. Spectrum Pharmaceuticals, Inc., et al.*, No. 2:21-cv-01612-CDS-BNW.  The case has been assigned to the Honorable Cristina D. Silva.  The entity representing the Class is the "Lead Plaintiff," and the company and individuals it sued and who have now settled are called the "Defendants."

The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Litigation, and the Court still has to decide whether to approve the Settlement.  If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing.  Please be patient, as this process can take some time to complete.

| **2.** | **What is this lawsuit about?** |
|---|---|

The Litigation is currently pending before Judge Cristina D. Silva in the United States District Court for the District of Nevada (the "Court").  The initial complaint in the Litigation was filed on August 31, 2021.  On July 28, 2022, the Court appointed International Trading Group, Inc. as Lead Plaintiff and Robbins Geller Rudman & Dowd LLP as Lead Counsel.

On September 26, 2022, Lead Plaintiff filed the Amended Consolidated Class Action Complaint (the "Complaint") alleging violations of §§10(b), 20(a), and 20A of the Securities Exchange Act of 1934 (the "Exchange Act").  On November 30, 2022, Defendants moved to dismiss the Complaint.  Lead Plaintiff filed its opposition to the motion on January 27, 2023, and Defendants filed their reply on February 27, 2023.  The Court held a hearing on Defendants' motion to dismiss on February 6, 2024, and granted the motion without prejudice.

On March 29, 2024, Lead Plaintiff filed the Second Amended Consolidated Class Action Complaint (the "Amended Complaint").  Defendants moved to dismiss the Amended Complaint on May 13, 2024.  Lead Plaintiff filed its opposition to the motion to dismiss on June 27, 2024, and Defendants filed their reply brief on July 22, 2024.  On October 7, 2024, the Court issued an order granting in part and denying in part Defendants' motion to dismiss the Amended Complaint.

On October 23, 2024, Lead Plaintiff and Defendants filed their joint proposed discovery plan and proposed schedule, which was entered on October 24, 2024.

The Court's October 7, 2024 Order also referred the case to a magistrate judge for a mandatory settlement conference pursuant to Local Rule 16-5.  Magistrate Judge Brenda Weksler scheduled a settlement conference for January 22, 2025.

The Parties thereafter agreed to engage a private mediator and on January 10, 2025, Magistrate Judge Weksler entered an order granting the Parties' Joint Motion to Abate the Settlement Conference and Amend Scheduling Order.

Lead Plaintiff and Defendants participated in a voluntary confidential mediation session with David M. Murphy (of Phillips ADR), an experienced mediator, on March 20, 2025.  The mediation session was preceded by the submission and exchange of opening and reply mediation statements by both Lead Plaintiff and Defendants.  The Parties engaged in good-faith negotiations, but did not reach a settlement at the mediation session.  Following additional settlement discussions with Mr. Murphy, on March 26, 2025, the Parties accepted a mediator's proposal to settle the Litigation in

return for a cash payment of $15.95 million to be paid by Defendants and/or their insurers on behalf of Defendants for the benefit of the Class, subject to the negotiation of the terms of a stipulation of settlement and approval by the Court.  The Stipulation (together with the Exhibits thereto) was duly executed by counsel for Lead Plaintiff and for the Defendants on behalf of their respective clients, and reflects the final and binding agreement among the Settling Parties.

| **3.** | **Why is there a settlement?** |
|---|---|

The Court has not decided in favor of Defendants or Lead Plaintiff.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiff agreed to the Settlement in order to ensure that Class Members will receive compensation.

If there were no Settlement and Lead Plaintiff failed to establish any essential legal or factual element of its remaining claims against Defendants, neither Lead Plaintiff nor the other Members of the Class would recover anything from Defendants.  Also, if Defendants proved any of their defenses at summary judgment, trial, or on appeal, the Class could recover substantially less than the amount provided in the Settlement, or nothing at all.

## WHO IS IN THE SETTLEMENT

| **4.** | **How do I know if I am a Member of the Class?** |
|---|---|

The Court directed that everyone who fits this description is a Class Member: all Persons who purchased or otherwise acquired Spectrum common stock between March 7, 2018, and August 5, 2021, inclusive.  Excluded from the Class are: (i) Defendants and members of the Individual Defendants' immediate families; (ii) the officers and directors of Spectrum during the Class Period, and members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling interest. Also excluded from the Class is any Person who properly excludes himself, herself, itself, or themselves from the Class by submitting a valid and timely request for exclusion.  To the extent any Spectrum employee benefit plan receives a distribution from the Net Settlement Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

**Please Note**:  Receipt of this Notice or the Postcard Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of the proceeds from the Settlement, you are required to submit a Proof of Claim and the required supporting documentation as set forth therein postmarked or submitted online on or before _____, 2025.

| **5.** | **What if I am still not sure if I am included in the Class?** |
|---|---|

If you are still not sure whether you are included in the Class, you can ask for free help.  You can contact the Claims Administrator toll-free at 1-____-____-_____, or you can fill out and return the Proof of Claim to see if you qualify.

- 5 -

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| **6.    What does the Settlement provide?** |
| --- |

The Settlement provides that, in exchange for the release of the Released Plaintiff's Claims (defined below) and dismissal of the Litigation, Defendants have agreed to pay or cause to be paid $15.95 million in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and Court approved attorneys' fees and expenses, *pro rata*, to Class Members who send in a valid Proof of Claim pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| **7.    How much will my payment be?** |
| --- |

Your share of the Net Settlement Fund will depend on several things, including the total dollar amount of claims represented by the valid Proofs of Claim that Class Members submit, compared to the dollar amount of your claim, all as calculated under the Plan of Allocation discussed below.

**HOW YOU GET A PAYMENT – SUBMITTING A PROOF OF CLAIM**

| **8.    How can I get a payment?** |
| --- |

To be eligible to receive a payment from the Settlement, you must submit a Proof of Claim. A Proof of Claim may be downloaded at www.SpectrumPharmaceuticalsSecuritiesSettlement.com. Read the instructions contained in the Proof of Claim carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail** (to *Spectrum Pharmaceuticals Securities Settlement*, c/o Verita Global, Claims Administrator, P.O. Box 90030-1171, Los Angeles, CA 90030-1171) **or submit it online at www.SpectrumPharmaceuticalsSecuritiesSettlement.com so that it is postmarked or received no later than _____, 2025**.

| **9.    When will I get my payment?** |
| --- |

**The Court will hold a Settlement Hearing on _____, 2025, at _____.m.,** to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it will take to resolve them. It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| **10.    What am I giving up to get a payment or to stay in the Class?** |
| --- |

If you are a Class Member, unless you timely and validly exclude yourself from the Class, you will remain a Class Member, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiff's Claims (as defined below) in this Litigation.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Class Member, and if the Settlement is approved, you will give up all "Released Plaintiff's Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Defendants' Released Persons" (as defined below):

- 6 -

- "Released Plaintiff's Claims" means all claims and causes of action of every nature and description, whether known or unknown, including Unknown Claims (as defined below), whether arising under federal, state, local, common, statutory, administrative or foreign law, or any other law, rule or regulation, at law or inequity, whether class or individual in nature, whether accrued or unaccrued, whether liquidated or unliquidated, whether matured or unmatured, that Lead Plaintiff or any other Class Member has or could have asserted in any court or forum, based on, arising out of, or in connection with: (i) any purchase or acquisition of Spectrum common stock during the period between March 7, 2018, and August 5, 2021, inclusive; and (ii) the allegations, acts, facts, matters, occurrences, transactions, disclosures, filings, representations, statements, or omissions that were or could have been alleged by Lead Plaintiff or any other Member of the Class in the Litigation.  Released Plaintiff's Claims do not include: (i) any claims related to the enforcement of the Settlement; (ii) any claims asserted in the actions styled: (a) *Christiansen v. Spectrum Pharmaceuticals, Inc.*, Case No. 1:22-cv-10292-VEC (S.D.N.Y.); (b) *Ayoub v. Spectrum Pharmaceuticals, Inc.*, Case No. 1:24-cv-8138-VEC (S.D.N.Y.); (c) *Changyoung Jung, derivatively on behalf of Spectrum Pharmaceuticals, Inc. and Assertio Holdings, Inc. v. Francois Lebel, et al.*, Case No. 2024-0821 (Del. Ch.); or (d) *Changyoung Jung, derivatively on behalf of Spectrum Pharmaceuticals, Inc. and Assertio Holdings, Inc. v. Joseph Turgeon, et al.*, Case No. 2024-0822 (Del. Ch.); (iii) any claims arising out of ERISA; or (iv) any claims of any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendants' Claims" means any and all claims and causes of action of every nature and description whatsoever, including both known claims and Unknown Claims (as defined below), whether arising under federal, state, common, or foreign law, against Releasing Plaintiff Parties (as defined below) that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants in the Litigation.  Released Defendants' Claims do not include: (i) any claims relating to the enforcement of the Settlement; or (ii) any claims against any Person who or which submits a request for exclusion from the Class that is accepted by the Court.

- "Released Defendant Party" or "Released Defendant Parties" or "Defendants' Released Persons" mean any or all of Defendants and/or any or all of their current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; and each and all of their and Defendants' respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representatives of each of them, in their capacities as such.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" mean Lead Plaintiff, all other plaintiffs in the Litigation, their respective attorneys, and all other Class Members, and each and all of their respective current, former, or future parents, affiliates, subsidiaries, business units, divisions, or controlling shareholders; each and

all of their respective current, former, or future officers, directors, employees, members, managers, partners, principals, controlling shareholders, agents, advisors, accountants, auditors, insurers, reinsurers, and attorneys; and the predecessors, successors, estates, assigns, assignees, immediate family members, spouses, heirs, executors, trusts, trustees, administrators, agents, legal or personal representative of each of them, in their capacities as such.

- "Unknown Claims" means: (a) any and all Released Plaintiff's Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to: (a) any and all Released Plaintiff's Claims against the Released Defendant Parties; and (b) any and all Released Defendants' Claims against the Releasing Plaintiff Parties, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law or foreign law, that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall fully, finally, and forever expressly waive any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or any other jurisdiction, or principle of common law, which is similar, comparable, or equivalent to California Civil Code §1542. The Releasing Plaintiff Parties and Released Defendant Parties acknowledge that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims or Released Defendants' Claims, but: (a) the Releasing Plaintiff Parties shall expressly, fully, finally, and forever waive, compromise, settle, discharge, extinguish, and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities; and (b) the Released Defendant Parties shall expressly, fully, finally, and

- 8 -

forever waive, compromise, settle, discharge, extinguish, and release, and each Released Defendant Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and upon the Effective Date, and by operation of the Judgment shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiff, the Class, and Lead Plaintiff's Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Class. This is called excluding yourself – or is sometimes referred to as "opting out." If you are requesting exclusion from the Class because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose. If requests for exclusion exceed a certain amount, as set forth in a separate confidential agreement between the Settling Parties, Defendants shall have, in their discretion, the option to terminate the Settlement in accordance with the procedures set forth in the Supplemental Agreement.

| **11. How do I get out of the Class and the proposed Settlement?** |
| --- |

To exclude yourself from the Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Class in the *Spectrum Pharmaceuticals Securities Settlement*." Your letter must include your purchases, acquisitions, and sales of Spectrum common stock during the Class Period, including the dates and number of shares of Spectrum common stock purchased, acquired, or sold, and the price paid for each such purchase or acquisition and received for each such sale. In addition, you must include your name, address, email address, telephone number, and your signature. You must mail your exclusion request so that it is **postmarked no later than _____, 2025** to:

*Spectrum Pharmaceuticals Securities Settlement*
Claims Administrator
c/o Verita Global
EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit, and

- 9 -

you may be able to sue Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future, if such claims are not time-barred.

**12.    If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same thing later?**

No.  Unless you exclude yourself from the Class, you give up any rights you may potentially have to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims.  If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Class in this Litigation to continue your own lawsuit.  Remember, the exclusion deadline is _____, 2025.

**13.    If I exclude myself, can I get money from the proposed Settlement?**

No.  If you exclude yourself from the Class, you should not send in a Proof of Claim to ask for any money from the Settlement.  But you may have the right to potentially sue or be part of a different lawsuit against Defendants and/or the Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

**14.    Do I have a lawyer in this case?**

The Court ordered that the law firm of Robbins Geller Rudman & Dowd LLP represents the Class Members, including you.  These lawyers are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**15.    How will the lawyers be paid?**

Lead Counsel, on behalf of Lead Plaintiff's Counsel, will apply to the Court for an award of attorneys' fees not to exceed 30% of the Settlement Amount and for expenses, costs, and charges in an amount not to exceed $200,000 in connection with the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiff may seek reimbursement for its time and expenses incurred in representing the Class.  Such sums as may be approved by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

**16.    How do I tell the Court that I object to the proposed Settlement?**

If you are a Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *Spectrum Pharmaceuticals Securities Settlement*.  Include your name, address, email address, telephone number, and your signature (even if you are represented by counsel), identify the date(s), price(s), and number of shares of Spectrum common stock purchased, acquired, or sold during the Class Period, and state with specificity your comments or the reasons

- 10 -

why you object to the Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, the objector must identify all class action settlements to which the objector or his, her, or its counsel have previously objected. You must also include copies of documents demonstrating your purchases, other acquisitions, and/or sales of Spectrum common stock during the Class Period. Your comment or objection must be filed with the Court and mailed or delivered to each of the following addresses such that it is *received* no later than _____, 2025:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| CLERK OF THE COURT UNITED STATES DISTRICT COURT DISTRICT OF NEVADA Lloyd D. George Federal Courthouse 333 Las Vegas Boulevard South Las Vegas, NV 89101 | ROBBINS GELLER RUDMAN & DOWD LLP Attn: Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA 92101 | BAKER BOTTS L.L.P. Attn: John B. Lawrence 2001 Ross Avenue, Suite 900 Dallas, TX 75201 |

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Class.

Excluding yourself is telling the Court that you do not want to be paid and do not want to release any claims you think you may have against Defendants and the other Released Defendant Parties. If you exclude yourself from the Class, you cannot object to the Settlement because it does not affect you.

### THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend the hearing and speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at ___ _.m., on _____, 2025, in the Courtroom of the Honorable Cristina D. Silva, at the United States District Court for the District of Nevada, Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if the objectors do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide the amount of attorneys' fees and expenses to award Lead Counsel and Lead Plaintiff. At or after the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do not know how long these decisions will take. You should be aware that the Court may change the date, time, and location of the Settlement Hearing without another notice being sent to Class Members.

- 11 -

There exists the possibility that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by telephone or video conference, without further written notice to the Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Class Members (who wish to attend the hearing) must or may participate by telephone or video, it is important that you monitor the Court's docket or the website, www.SpectrumPharmaceuticalsSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any updates regarding the Settlement Hearing, including any changes to the date and time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website. Also, if the Court requires or allows Class Members to participate in the Settlement Hearing by telephone or video conference, the information for accessing the hearing will be posted to the Settlement website. Accordingly, please continue to check the Settlement website for important updates.

---

**19.    Do I have to come to the Settlement Hearing?**

---

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you are a Class Member and send an objection, you do not have to come to Court to talk about it. As long as you are a Class Member and mailed your complete written objection on time, the Court will consider it. You may also pay your own lawyer to attend the hearing, but it is not necessary. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

---

**20.    May I speak at the Settlement Hearing?**

---

If you object to the Settlement, the Plan of Allocation, and/or the fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *Spectrum Pharmaceuticals Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Plaintiff's Counsel or Lead Plaintiff and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received* no later than _____, 2025**, and addressed to the Clerk of Court, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Class.

### IF YOU DO NOTHING

---

**21.    What happens if I do nothing?**

---

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself from the Class, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in this case.

## GETTING MORE INFORMATION

**22.    How do I get more information?**

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-____-____-_____ or by email at info@SpectrumPharmaceuticalsSecuritiesSettlement.com. Reference is also made to the Stipulation, to the pleadings in support of the Settlement, to the Orders entered by the Court and to the other settlement related papers filed in the Litigation, which are posted on the Settlement website at www.SpectrumPharmaceuticalsSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the District of Nevada, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## THE PROPOSED PLAN OF ALLOCATION OF NET
## SETTLEMENT FUND AMONG CLASS MEMBERS

**23.    How will my claim be calculated?**

As discussed above, the Settlement provides $15.95 million in cash for the benefit of the Class. The Settlement Amount and any interest it earns constitute the "Settlement Fund." The Settlement Fund, after deduction of Court-approved attorneys' fees and expenses, Notice and Administration Expenses, Taxes, and any other fees, expenses, or amounts approved by the Court, is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – *i.e.*, Members of the Class who timely submit valid Proofs of Claim that are accepted for payment by the Court – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Class Members who do not timely submit valid Proofs of Claim will not share in the Net Settlement Fund but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Class. Any order modifying the Plan of Allocation will be posted on the Settlement website, www.SpectrumPharmaceuticalsSecuritiesSettlement.com.

1.    The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Members of the Class who submit acceptable Proofs of Claim ("Authorized Claimants") based on their respective alleged economic losses resulting from violations of the federal securities laws alleged in this Litigation. The Plan of Allocation reflects Lead Plaintiff's damages expert's analysis undertaken to that end, including a review of publicly available information regarding Spectrum and statistical analysis of the price movements of Spectrum common stock and the price performance of relevant market and peer indices during the Class Period. The Plan of Allocation, however, is not a formal damages analysis.

2.    The calculations made pursuant to this Plan of Allocation are not intended to be estimates of, or indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making equitable allocations of the Net Settlement Fund.

- 13 -

3.      All purchases and acquisitions of Spectrum common stock during the Class Period (March 7, 2018 through August 5, 2021, both dates inclusive) are potentially eligible for compensation based on claims asserted under the Exchange Act.[3]

4.      A "Recognized Loss Amount" will be calculated as set forth below for each purchase or acquisition of Spectrum common stock during the Class Period that is listed in the Proof of Claim and for which adequate documentation is provided.  To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

5.      As detailed below, the Net Settlement Fund will be allocated on a *pro rata* basis to Authorized Claimants.

## I.      Recognized Loss Amount Calculations on Spectrum Common Stock

6.      In this case, Lead Plaintiff alleges that Defendants made false statements and omitted material facts during the Class Period, which had the effect of artificially inflating the trading price of Spectrum common stock.  Lead Plaintiff further alleges that corrective information released to the market removed alleged artificial inflation (deflation) from the share prices of Spectrum common stock on December 20, 2018, December 26, 2019, December 23, 2020, and August 6, 2021 (the "corrective disclosures").

7.      Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the prices of Spectrum common stock at the time of purchase and at the time of sale.[4]

8.      For each share of exchange traded Spectrum common stock purchased or otherwise acquired from March 7, 2018, through and including August 5, 2021, and:

(a)      Sold before December 20, 2018, the Recognized Loss Amount will be $0.00.

(b)      Sold from December 20, 2018, through and including the close of trading on August 5, 2021, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below ***minus*** the amount of artificial inflation per share on the date of sale as stated in Table A below; or (ii) the purchase price ***minus*** the sale price, subject to clauses (e) and (f) below.

---

[3]      Any transactions in Spectrum common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

[4]      Based on analyses by Lead Plaintiff's damages expert, the following per share amounts of artificial inflation were dissipated by the corrective disclosures: $3.70 on December 20, 2018, $5.17 on December 26, 2019, $0.43 on December 23, 2020, and $0.60 on August 6, 2021.  Lead Plaintiff's damages expert discounted damages on purchases between March 7, 2018 and May 2, 2018 by 90%, discounted damages on purchases between December 20, 2018 and December 22, 2020 by 50%, and discounted the final corrective disclosure and related artificial inflation estimate by 90%, to account for the significant litigation risk and low probability of recovering damages in light of the Court's October 7, 2024 Order on Defendants' motion to dismiss.  As a result, Table A below reflects $0.06 of artificial inflation dissipated upon the final corrective disclosure.

4926-5982-7509.v2

(c)     Sold from August 6, 2021, through and including the close of trading on November 3, 2021, the Recognized Loss Amount will be ***the least of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below; (ii) the purchase price ***minus*** the average closing price between August 6, 2021 and the date of sale as stated in Table B below; and (iii) the purchase price ***minus*** the sale price, subject to clauses (e) and (f) below.

(d)     Held as of the close of trading on November 3, 2021, the Recognized Loss Amount will be ***the lesser of***: (i) the amount of artificial inflation per share on the date of purchase as stated in Table A below; or (ii) the purchase price ***minus*** $2.19, subject to clauses (e) and (f) below.[5]

(e)     For each share of exchange traded Spectrum common stock purchased from March 7, 2018, through and including May 2, 2018, the Recognized Loss Amount calculated above shall by multiplied by 10%.

(f)     For each share of exchange traded Spectrum common stock purchased from December 20, 2018, through and including December 22, 2020, the Recognized Loss Amount calculated above shall be multiplied by 50%.

## ADDITIONAL PROVISIONS

9.     **Calculation of Claimant's "Recognized Claim"**: A claimant's "Recognized Claim" will be the sum of his, her, or its Recognized Loss Amounts as calculated above with respect to Spectrum common stock.  If a claimant had a market gain with respect to their overall transactions in Spectrum common stock during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to their overall transactions in Spectrum common stock during the Class Period, but that market loss was less than the claimant's total Recognized Claim, their Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain, or suffered a market loss, with respect to a claimant's overall transactions of Spectrum common stock during the Class Period, the Claims Administrator will determine the difference between, the claimant's (i) Total Purchase Amount[6] and (ii) the sum of the Total Sales Proceeds[7] and Holding Value.[8]

---

[5]     Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Spectrum common stock during the "90-day look-back period," August 6, 2021, through and including November 3, 2021.  The mean (average) closing price for Spectrum common stock during this 90-day look-back period was $2.19.

[6]     The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for Spectrum common stock purchased during the Class Period.

[7]     The Claims Administrator will match any sales of Spectrum common stock from the start of the Class Period through and including the close of trading on November 3, 2021, first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other

10.    **FIFO Matching**:  If a Class Member made more than one purchase, acquisition, or sale of Spectrum common stock during the Class Period, all purchases, acquisitions, and sales will be matched on a First In, First Out ("FIFO") basis, beginning with the earliest purchase of the security.

11.    **"Purchase/Sale" Prices**:  For the purposes of calculations under this Plan of Allocation, "purchase price" means the actual price paid, excluding all fees, taxes, and commissions, and "sale price" means the actual amount received, not deducting any fees, taxes, and commissions.

12.    **"Purchase/Sale" Dates**:  Purchases, acquisitions, and sales of Spectrum common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of Spectrum common stock shall not be deemed a purchase, acquisition, or sale of Spectrum common stock for the calculation of a claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase, acquisition, or sale of Spectrum common stock unless (i) the donor or decedent purchased, acquired, or sold those shares of Spectrum common stock between March 7, 2018, and November 3, 2021 (both dates inclusive); (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no other duplicative Claim was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Spectrum common stock.

13.    **Short Sales**:  In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a transaction that matches against (or "covers") a "short sale" is zero.  The Recognized Loss Amount on a "short sale" that is not covered is also zero.

14.    In the event that a claimant establishes a short position during the Class Period, the earliest subsequent Class Period purchase shall be matched against such short position on a FIFO basis and will not be entitled to a recovery.

15.    **Common Stock Purchased/Sold Through the Exercise of Options**:  With respect to Spectrum common stock purchased or sold via the exercise of an option, the purchase/sale date of the Spectrum common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

16.    **Determination of Distribution Amount**:  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive the claimants' authorized share of the Net Settlement Fund as provided by this Plan of Allocation.  That share will be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount of the Net Settlement Fund.

---

charges) for the remaining sales of Spectrum common stock sold from the start of the Class Period through and including the close of trading on November 3, 2021 will be the "Total Sales Proceeds."

[8]    The Claims Administrator will ascribe a "Holding Value" for the securities equal to $2.22 (the closing price of Spectrum common stock on November 3, 2021) for each share of Spectrum common stock purchased during the Class Period and still held as of the close of trading on November 3, 2021.

4926-5982-7509.v2

17.     If an Authorized Claimant's *pro rata* share of the Net Settlement Fund calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

18.     Payment pursuant to the Plan of Allocation or such other plan as may be approved by the Court for this Settlement shall be conclusive against all Authorized Claimants.  No person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, Lead Plaintiff's damages expert, Defendants, Defendants' Counsel, any of the other Class Members, the Claims Administrator, or other agent designated by Lead Plaintiff's Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further orders of the Court.

19.     Class Members who do not submit acceptable Proofs of Claim will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the Order and Final Judgment of the Court dismissing this Litigation unless they have timely and validly sought exclusion.

20.     The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the claim of any Class Member or claimant.

21.     Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim and Proof of Claim.

**TABLE A**
**Estimated Inflation in Spectrum Common Stock**
**March 7, 2018 through August 5, 2021**

| Date Range | Inflation Per Share of Spectrum Common Stock |
|---|---|
| March 7, 2018 – December 19, 2018 | $9.36 |
| December 20, 2018 – December 25, 2019 | $5.66 |
| December 26, 2019 – December 22, 2020 | $0.49 |
| December 23, 2020 – August 5, 2021 | $0.06 |

- 17 -

**TABLE B**
**90-Day Look-back Table for Spectrum Common Stock**
**Closing Price and Average Closing Price**
**August 6, 2021 through November 3, 2021**

| Date | Closing Price | Average Closing Price Between August 6, 2021 and Date Shown | | Date | Closing Price | Average Closing Price Between August 6, 2021 and Date Shown |
|---|---|---|---|---|---|---|
| 8/6/2021 | $2.55 | $2.55 | | 9/22/2021 | $2.31 | $2.32 |
| 8/9/2021 | $2.57 | $2.56 | | 9/23/2021 | $2.40 | $2.32 |
| 8/10/2021 | $2.39 | $2.50 | | 9/24/2021 | $2.37 | $2.32 |
| 8/11/2021 | $2.35 | $2.47 | | 9/27/2021 | $2.42 | $2.33 |
| 8/12/2021 | $2.35 | $2.44 | | 9/28/2021 | $2.32 | $2.33 |
| 8/13/2021 | $2.26 | $2.41 | | 9/29/2021 | $2.23 | $2.32 |
| 8/16/2021 | $2.27 | $2.39 | | 9/30/2021 | $2.18 | $2.32 |
| 8/17/2021 | $2.33 | $2.38 | | 10/1/2021 | $2.20 | $2.32 |
| 8/18/2021 | $2.21 | $2.36 | | 10/4/2021 | $2.06 | $2.31 |
| 8/19/2021 | $2.18 | $2.35 | | 10/5/2021 | $2.01 | $2.30 |
| 8/20/2021 | $2.27 | $2.34 | | 10/6/2021 | $1.95 | $2.29 |
| 8/23/2021 | $2.34 | $2.34 | | 10/7/2021 | $2.00 | $2.29 |
| 8/24/2021 | $2.38 | $2.34 | | 10/8/2021 | $1.97 | $2.28 |
| 8/25/2021 | $2.43 | $2.35 | | 10/11/2021 | $1.99 | $2.27 |
| 8/26/2021 | $2.35 | $2.35 | | 10/12/2021 | $1.94 | $2.27 |
| 8/27/2021 | $2.38 | $2.35 | | 10/13/2021 | $1.97 | $2.26 |
| 8/30/2021 | $2.30 | $2.35 | | 10/14/2021 | $2.02 | $2.26 |
| 8/31/2021 | $2.35 | $2.35 | | 10/15/2021 | $1.96 | $2.25 |
| 9/1/2021 | $2.40 | $2.35 | | 10/18/2021 | $2.00 | $2.25 |
| 9/2/2021 | $2.39 | $2.35 | | 10/19/2021 | $2.05 | $2.24 |
| 9/3/2021 | $2.28 | $2.35 | | 10/20/2021 | $1.96 | $2.24 |
| 9/7/2021 | $2.21 | $2.34 | | 10/21/2021 | $1.99 | $2.23 |
| 9/8/2021 | $2.19 | $2.34 | | 10/22/2021 | $1.99 | $2.23 |
| 9/9/2021 | $2.20 | $2.33 | | 10/25/2021 | $1.96 | $2.22 |
| 9/10/2021 | $2.21 | $2.33 | | 10/26/2021 | $1.89 | $2.22 |
| 9/13/2021 | $2.24 | $2.32 | | 10/27/2021 | $1.80 | $2.21 |
| 9/14/2021 | $2.15 | $2.32 | | 10/28/2021 | $1.94 | $2.21 |
| 9/15/2021 | $2.27 | $2.31 | | 10/29/2021 | $1.83 | $2.20 |
| 9/16/2021 | $2.33 | $2.31 | | 11/1/2021 | $1.93 | $2.19 |
| 9/17/2021 | $2.43 | $2.32 | | 11/2/2021 | $2.06 | $2.19 |
| 9/20/2021 | $2.32 | $2.32 | | 11/3/2021 | $2.22 | $2.19 |
| 9/21/2021 | $2.34 | $2.32 | | | | |

4926-5982-7509.v2

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or acquired Spectrum common stock during the Class Period for beneficial owners who are Class Members are directed to: (i) request within seven (7) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within seven (7) calendar days after receipt of the Postcard Notice.  If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within seven (7) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Class.  Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions.  Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 per record for providing names, addresses, and email addresses to the Claims Administrator; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per Postcard Notice sent by email.  Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.  Copies of this Notice may also be obtained by calling toll-free _____, and may be downloaded from the Settlement website, www.SpectrumPharmaceuticalsSecuritiesSettlement.com.

*Spectrum Pharmaceuticals Securities Settlement*
Claims Administrator
c/o Verita Global
P.O. Box 301171
Los Angeles, CA  90030-1171


DATED:  _____        _____
                                                              BY ORDER OF THE COURT
                                                              UNITED STATES DISTRICT COURT
                                                              DISTRICT OF NEVADA

4926-5982-7509.v2