1

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

3  Jose Chung Luo, Individually and on behalf of all others similarly situated,

Case No. 2:21-cv-01612-CDS-BNW

4

**Order Preliminarily Approving Settlement and Providing for Notice**

5  Plaintiffs

6  v.

[ECF No. 130]

7  Spectrum Pharmaceuticals, Inc., et al.,

8  Defendants

9

10  This is an action pending before this entitled *Luo v. Spectrum Pharmaceuticals, Inc., et al.*, No.

11  2:21-cv-01612-CDS-BNW (D. Nev.) (the "Litigation"). Lead Plaintiff International Trading

12  Group, Inc. has made application, pursuant to Federal Rule of Civil Procedure 23(e), for an order

13  preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of

14  Settlement dated May 9, 2025 (the "Stipulation"), which, together with the Exhibits annexed

15  thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for

16  dismissal of the Litigation with prejudice upon the terms and conditions set forth therein. The

17  court has read and considered the Stipulation and the Exhibits annexed thereto. The Settling

18  Parties having consented to the entry of this Order. Unless otherwise defined, all capitalized

19  terms used herein have the same meanings as set forth in the Stipulation:

20  IT IS HEREBY ORDERED THAT:

21  1.    The court hereby preliminarily approves the Settlement set forth in the

22  Stipulation, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure,

23  that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair,

24  reasonable, and adequate to the Class, subject to further consideration at the Settlement

25  Hearing described below.

26

1    2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and

2  for purposes of this Settlement only, this Litigation is hereby preliminarily certified as a class

3  action on behalf of all Persons who purchased or otherwise acquired Spectrum Pharmaceuticals,

4  Inc. ("Spectrum") common stock between March 7, 2018, and August 5, 2021, inclusive.

5  Excluded from the Class are: (i) Defendants and members of the Individual Defendants'

6  immediate families; (ii) the officers and directors of Spectrum during the Class Period, and

7  members of their immediate families; (iii) the legal representatives, heirs, successors, or assigns

8  of any of the foregoing; and (iv) any entity in which any Defendant has or had a controlling

9  interest. Also excluded from the Class is any Person who properly excludes himself, herself,

10  itself, or themselves from the Class by submitting a valid and timely request for exclusion. To

11  the extent any Spectrum employee benefit plan receives a distribution from the Net Settlement

12  Fund, no portion shall be allocated to any Person who is excluded from the Class by definition.

13    3.    The court finds, for the purposes of the Settlement only, that the prerequisites for

14  a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been

15  satisfied in that: (a) the number of Class Members is so numerous that joinder of all members is

16  impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of

17  Lead Plaintiff are typical of the claims of the Class he seeks to represent; (d) Lead Plaintiff and

18  Lead Counsel have and will fairly and adequately represent the interests of the Class; (e) the

19  questions of law and fact common to the Class Members predominate over any questions

20  affecting only individual Class Members; and (f) a class action is superior to other available

21  methods for the fair and efficient adjudication of the controversy.

22    4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes

23  of the Settlement only, Lead Plaintiff is preliminarily certified as Class Representative and Lead

24  Counsel Robbins Geller Rudman & Dowd LLP is preliminarily certified as Class Counsel.

25    5.    The court preliminarily finds that the proposed Settlement should be approved

26  as: (a) the result of serious, extensive arm's-length and non-collusive negotiations; (b) falling

within a range of reasonableness warranting final approval; (c) having no obvious deficiencies; (d) being fair, reasonable, and adequate to the Class; and (e) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the Settlement Hearing described below.

6.      A hearing (the "Settlement Hearing") shall be held before this court on October 20, 2025, at 10:00 a.m. (a date that is at least 100 calendar days from entry of this Order), at the United States District Court for the District of Nevada, Lloyd D. George Federal Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101 in Courtroom 6B, to determine: (a) whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the court; (b) whether a Judgment, as provided in ¶ 1.13 of the Stipulation, should be entered; (c) whether the proposed Plan of Allocation is fair, reasonable, and adequate and should be approved; (d) the amount of fees and expenses that should be awarded to Lead Counsel and Lead Plaintiff; and (e) any such other matters as the court may deem appropriate. The court may adjourn the Settlement Hearing without further notice to the Members of the Class and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Class.

7.      The court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim"), the Summary Notice of Pendency and Proposed Settlement of Class Action (the "Summary Notice"), and the Postcard Notice annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice, publishing of the Summary Notice, and posting of the Notice and Proof of Claim on the Settlement-dedicated website, substantially in the manner and form set forth in ¶ 9 of this Order, meet the requirements of Federal Rule of Civil Procedure 23, the Private Securities Litigation Reform Act

1    of 1995, and due process, and is the best notice practicable under the circumstances and shall

2    constitute due and sufficient notice to all Persons entitled thereto.

3         8.       Other than the fees, costs, and expenses of providing notice pursuant to the Class

4    Action Fairness Act, 28 U.S.C. §1715, *et seq.*, which shall be paid by Defendants, and the costs

5    associated with providing the record holder information required pursuant to ¶ 9(a) of this

6    Order, all fees, costs, and expenses incurred in identifying and notifying potential Class

7    Members shall be paid from the Settlement Fund as set forth in the Stipulation, and in no event

8    shall any of the Released Defendant Parties or Releasing Plaintiff Parties bear any responsibility

9    for such fees, costs, or expenses.

10        9.       The firm of Verita Global ("Verita" or "Claims Administrator") is hereby

11   appointed to supervise and administer the notice procedure as well as the processing of Claims

12   as more fully set forth below:

13            (a)     Defendants shall provide or cause to be provided to the Claims

14   Administrator, not later than ten calendar days after entry by this court of this Order, at no cost

15   to Lead Plaintiff or the Class, a list in electronic format, containing the names and addresses and

16   email addresses, if available, of record holders of Spectrum common stock during the Class

17   Period, as set forth in the records of Spectrum's transfer agent;

18            (b)     Not later than July 3, 2025 (the "Notice Date") (a date twenty-one

19   calendar days after entry by this court of this Order), the Claims Administrator shall cause a

20   copy of the Postcard Notice, substantially in the form annexed hereto, to be emailed or mailed

21   by First-Class Mail (where an email is unavailable) to all potential Class Members at the

22   addresses set forth in the records provided by Defendants, or who otherwise can be identified

23   with reasonable effort, shall cause a copy of the Postcard Notice to be mailed to nominees, and

24   shall post the Stipulation, Notice, and Proof of Claim on the website established for this

25   Litigation at www.SpectrumPharmaceuticalsSecuritiesSettlement.com. For all notices returned

26   as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses;

1    (c)    Not later than July 10, 2025 (a date seven calendar days after the Notice

2 Date), the Claims Administrator shall cause the Summary Notice to be published once in the

3 national edition of *The Wall Street Journal* and once over a national newswire service; and

4    (d)    Not later than seven calendar days prior to the Settlement Hearing, Lead

5 Counsel shall serve on Defendants' Counsel and file with the court proof, by affidavit or

6 declaration, of such emailing, mailing, and publishing.

7    10.    Nominees who purchased or otherwise acquired Spectrum common stock during

8 the Class Period for beneficial owners who are Class Members are directed to: (a) request

9 within seven calendar days of receipt of the Postcard Notice sufficient copies of the Postcard

10 Notice from the Claims Administrator to forward to all such beneficial owners; or (b) send a list

11 of the names and addresses (including email addresses if available) of such beneficial owners to

12 the Claims Administrator within seven calendar days after receipt of the Postcard Notice. If a

13 nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to

14 email or mail (where an email is unavailable) the Postcard Notice within seven calendar days of

15 receipt of those documents from the Claims Administrator, and upon such emailing or mailing,

16 the nominee shall send a statement to the Claims Administrator confirming that the emailing or

17 mailing was made as directed, and the nominee shall retain the list of names and addresses for

18 use in connection with any possible future notice to the Class. Upon full compliance with these

19 instructions, including the timely emailing or mailing of the Postcard Notice to beneficial

20 owners, such nominees may seek reimbursement of their reasonable expenses actually incurred

21 in complying with these instructions by providing the Claims Administrator with proper

22 documentation supporting the expenses for which reimbursement is sought and reflecting

23 compliance with these instructions. Reasonable out-of-pocket expenses actually incurred in

24 connection with the foregoing includes up to $0.03 for providing names, addresses, and email

25 addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard

26 Notice mailed by nominee, plus postage at the rate used by the Claims Administrator; or $0.03

per Postcard Notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

11.    Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the Releases provided for therein, whether favorable or unfavorable to the Class, whether or not such Class Members submit Proofs of Claim or otherwise seek or obtain by any means any distribution from the Net Settlement Fund.

12.    Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim in accordance with the instructions contained therein. Unless the court orders otherwise, all Proofs of Claim must be mailed or submitted electronically no later than October 1, 2025 (a date ninety calendar days from the Notice Date). Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the court, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Judgment, if entered. Notwithstanding the foregoing, Lead Counsel may, in its discretion, accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Plaintiff's Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

13.    Any Class Member may enter an appearance in the Litigation, at his, her, its, or their own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance will be represented by Lead Counsel.

14.    Any Member of the Class who wishes to exclude himself, herself, itself, or themselves from the Class must request exclusion in writing within the time and in the manner set forth herein. Any such Person must submit to the Claims Administrator a signed request for

1   exclusion ("Request for Exclusion") such that it is postmarked no later than September 29, 2025

2   (a date twenty-one calendar days prior to the Settlement Hearing). A Request for Exclusion

3   must provide: (a) the name, address, email address, and telephone number of the Person

4   requesting exclusion; (b) a list identifying the dates and the number of shares of Spectrum

5   common stock purchased or otherwise acquired and sold during the Class Period and the price

6   paid for each such purchase or acquisition and received for each such sale; and (c) a statement

7   that the Person wishes to be excluded from the Class, signed by the person or entity requesting

8   exclusion or an authorized representative. All Persons who submit valid and timely Requests for

9   Exclusion in the manner set forth in this paragraph and the Notice shall have no rights under the

10  Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be

11  bound by the Settlement or any final Judgment. Unless otherwise ordered by the court, any

12  Person who purchased or otherwise acquired Spectrum common stock during the Class Period

13  who fails to timely request exclusion from the Class in compliance with each of the provisions in

14  this paragraph shall be: (a) deemed to have waived his, her, its, or their right to be excluded from

15  the Class; (b) barred from requesting exclusion from the Class; (c) bound by the provisions of

16  the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments

17  in the Litigation relating thereto, including, without limitation, the Judgment, if applicable, and

18  the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) barred

19  from commencing, maintaining, or prosecuting any of the Released Plaintiff's Claims against

20  each and all of the Released Defendant Parties, as more fully described in the Stipulation and

21  Notice. Notwithstanding the foregoing, late Proofs of Claim may be accepted for processing as

22  set forth in ¶ 12. Any Person or entity who or which timely and validly requests exclusion in

23  compliance with the terms stated in this Order and is excluded from the Class shall not be a

24  Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in

25  the Litigation, and shall not receive any payment out of the Net Settlement Fund.

26

1    15.    Lead Counsel or the Claims Administrator shall cause to be provided to

2   Defendants' Counsel copies of all Requests for Exclusion, promptly upon receipt and as

3   expeditiously as possible, but in no event later than three calendar days from receipt thereof, and

4   in any event, not less than fourteen calendar days prior to the Settlement Hearing.

5    16.    Any Class Member who or which does not request exclusion from the Class may

6   file a written objection to the Settlement and show cause why the Settlement of the Litigation

7   should or should not be approved as fair, reasonable, and adequate, why a judgment should or

8   should not be entered thereon, why the Plan of Allocation should or should not be approved, or

9   why the requested amount of attorneys' fees and expenses should or should not be awarded to

10  Lead Plaintiff's Counsel or to Lead Plaintiff, provided, however, that no Class Member or any

11  other Person shall be heard or entitled to contest such matters, unless that Person has delivered

12  by hand or sent by First-Class Mail written objections and copies of any papers and briefs such

13  that they are received, not simply postmarked, on or before September 29, 2025 (a date that is

14  twenty-one calendar days prior to the Settlement Hearing), by Robbins Geller Rudman &

15  Dowd LLP, Attn: Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101;

16  Baker Botts L.L.P., Attn: John B. Lawrence, 2001 Ross Avenue, Suite 900, Dallas, TX 75201, and

17  filed said objections, papers, and briefs with the Clerk of the United States District Court for the

18  District of Nevada, on or before September 29, 2025 (a date that is twenty-one calendar days

19  prior to the Settlement Hearing). Any Class Member who does not make his, her, its, or their

20  objection in the manner provided herein shall be deemed to have waived such objection and

21  shall forever be foreclosed from making any objection to the fairness or adequacy of the

22  proposed Settlement as set forth in the Stipulation, to the Plan of Allocation, or to the request

23  for attorneys' fees and expenses to Lead Plaintiff's Counsel or expenses of Lead Plaintiff, unless

24  otherwise ordered by the court. Attendance at the Settlement Hearing is not necessary.

25  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the

26  Plan of Allocation, and/or the request for attorneys' fees and expenses to Lead Plaintiff's Counsel

1 | or Lead Plaintiff are required to indicate in their written objection their intention to appear at

2 | the Settlement Hearing. Class Members do not need to appear at the Settlement Hearing or take

3 | any action if they do not oppose any aspect of the Settlement.

4 |       17.      Any objections, filings, and other submissions by an objecting Class Member

5 | must: (a) state the name, address, email address, and telephone number of the Person objecting

6 | and must be signed by the objector, even if the objector is represented by counsel; (b) contain a

7 | statement of the Class Member's objection or objections, and the specific reasons for each

8 | objection, including any legal and evidentiary support the Class Member wishes to bring to the

9 | court's attention and whether the objection applies only to the objector, a specific subset of the

10 | Class, or to the entire Class; (c) include documents sufficient to prove membership in the Class,

11 | including the objecting Class Member's purchases, other acquisitions, and sales of Spectrum

12 | common stock during the Class Period, including the dates and the number of shares purchased,

13 | acquired, or sold, and the price paid or received for each such purchase, acquisition, or sale; and

14 | (d) identify all class action settlements to which the objector or his, her, its, or their counsel

15 | have previously objected.

16 |       18.      Any Class Member who does not object to the Settlement, the Plan of Allocation,

17 | or the application for an award of attorneys' fees, costs, charges, and expenses in the manner

18 | prescribed herein shall be deemed to have waived such objection, and shall forever be foreclosed

19 | from making any objection to the fairness, adequacy, or reasonableness of the proposed

20 | Settlement, this Order, and the Judgment to be entered approving the Settlement, the Plan of

21 | Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with

22 | costs, charges, and expenses.

23 |       19.      All funds held by the Escrow Agent shall be deemed and considered to be *in*

24 | *custodia legis* of the court and shall remain subject to the jurisdiction of the court, until such time

25 | as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the

26 | court.

20.    All opening briefs and supporting documents in support of the Settlement, the Plan of Allocation, and any application by Lead Counsel for attorneys' fees and expenses, including an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), shall be filed and served no later than September 15, 2025 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing). Replies to any objections shall be filed and served no later than October 13, 2025 (a date that is seven calendar days prior to the Settlement Hearing).

21.    Neither the Released Defendant Parties nor Defendants' Counsel shall have any responsibility for the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel or Lead Plaintiff, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating to the Plan of Allocation or any application for attorneys' fees or expenses, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

22.    At or after the Settlement Hearing, the court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees or payment of expenses shall be approved.

23.    All reasonable expenses incurred in identifying and notifying potential Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation. In the event the Settlement is not approved by the court, or otherwise fails to become effective, neither Lead Plaintiff nor any of its counsel shall have any obligation to repay any amounts incurred and properly disbursed pursuant to ¶¶ 2.12 or 2.14 of the Stipulation.

24.    Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with

1   respect to Taxes and any reporting or filings in respect thereof without further order of the

2   court in a manner consistent with the provisions of the Stipulation.

3          25.        Neither this Order, the Stipulation (whether or not consummated), including the

4   exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation

5   that may be approved by the court), the negotiations leading to the execution of the Stipulation,

6   nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of

7   the Settlement (including any arguments proffered in connection therewith): (a) shall be offered

8   against any of the Released Defendant Parties with respect to the truth of any fact alleged by

9   Lead Plaintiff or the validity of any claim that was or could have been asserted or the deficiency

10  of any defense that has been or could have been asserted in this Litigation or in any other action,

11  or of any liability, fault, or other wrongdoing of any kind of any of the Released Defendant

12  Parties or in any way referred to for any other reason as against any of the Released Defendant

13  Parties, in any civil, criminal, or administrative action or proceeding, other than such

14  proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be

15  offered against any of the Releasing Plaintiff Parties, as evidence of, or construed as, or deemed

16  to be evidence of any presumption, concession, or admission by any of the Releasing Plaintiff

17  Parties that any of their claims are without merit, that any of the Released Defendant Parties had

18  meritorious defenses, or that damages recoverable under the Amended Complaint would not

19  have exceeded the Settlement Amount or with respect to any liability, fault, or wrongdoing of

20  any kind, or in any way referred to for any other reason as against any of the Releasing Plaintiff

21  Parties, in any civil, criminal, or administrative action or proceeding, other than such

22  proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be

23  construed against any of the Releasing Plaintiff Parties or Released Defendant Parties as an

24  admission, concession, or presumption that the consideration to be given under the Settlement

25  represents the amount which could be or would have been recovered after trial; provided,

26  however, that if the Stipulation is approved by the court, the Released Defendant Parties, the

1  Releasing Plaintiff Parties, and their respective counsel may refer to it to effectuate the

2  protections from liability granted thereunder or otherwise to enforce the terms of the

3  Settlement. The Released Defendant Parties, the Releasing Plaintiff Parties, and each of their

4  counsel may file the Stipulation, this Order, and/or the Judgment in any action that may be

5  brought against them in order to support a defense or counterclaim based on principles of *res*

6  *judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any

7  other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8          26.      If the Stipulation and the Settlement set forth therein is not approved or

9  consummated for any reason whatsoever, this Order shall be rendered null and void, and be of

10  no further force and effect, except as otherwise provided by the Stipulation. This Order, the

11  Stipulation, and the Settlement and all proceedings had in connection therewith shall be

12  without prejudice to the rights of the Settling Parties *status quo ante* as of March 26, 2025.

13          27.      Unless otherwise ordered by the court, all proceedings in the Litigation are

14  stayed, except as may be necessary to implement the Settlement or comply with the terms of the

15  Stipulation or other agreement of the Settling Parties. Pending final determination of whether

16  the proposed Settlement should be approved, neither Lead Plaintiff nor any Class Member,

17  directly or indirectly, representatively, or in any other capacity, shall commence or prosecute

18  against any of the Released Defendant Parties, any action or proceeding in any court or tribunal

19  asserting any of the Released Plaintiff's Claims.

20          Dated: June 16, 2025

21          _____

22          Cristina D. Silva
           United States District Judge

23

24

25

26