CAMPBELL & WILLIAMS
J. COLBY WILLIAMS (5549)
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

*Local Counsel for Lead Plaintiff*
*International Trading Group, Inc.*

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
SARAH A. FALLON
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
sfallon@rgrdlaw.com
jrobertson@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*
*International Trading Group, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSE CHUNG LUO, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>     vs.<br><br>SPECTRUM PHARMACEUTICALS, INC., et al.,<br><br>                              Defendants. | No. 2:21-cv-01612-CDS-BNW<br><br><u>CLASS ACTION</u><br><br>REPLY MEMORANDUM AND STATEMENT OF NON-OPPOSITION IN FURTHER SUPPORT OF: (1) MOTION FOR FINAL APPROVAL OF PROPOSED SETTLEMENT AND APPROVAL OF PLAN OF ALLOCATION; AND (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND AN AWARD TO LEAD PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4) |

Lead Plaintiff International Trading Group, Inc. ("Lead Plaintiff") and Lead Counsel Robbins Geller Rudman & Dowd LLP respectfully submit this reply memorandum in further support of: (1) Motion for Final Approval of Proposed Settlement and Approval of Plan of Allocation (ECF 139) ("Final Approval Motion"); and (2) Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) (ECF 140).[1]

## I.    INTRODUCTION

The September 29, 2025 deadline for objections to the $15,950,000 all-cash Settlement has now passed.  Lead Counsel is pleased to report that no Class Member lodged an objection to the Settlement, the Plan of Allocation, or Lead Counsel's Fee and Expense Application.[2]  This complete lack of objection "'is perhaps the most significant factor to be weighed in considering [the Settlement's] adequacy.'"  *In re Rambus Inc. Derivative Litig.*, 2009 WL 166689, at *3 (N.D. Cal. Jan. 20, 2009).[3]  It is a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's Fee and Expense Application; and further underscores why each warrants the Court's approval.

## II.    ARGUMENT

### A.    The Notice Provided to the Class Met All Due Process Requirements

As detailed in prior submissions, the comprehensive notice program proposed by Lead Counsel, approved by the Court (ECF 138, ¶9), and implemented here was "the best notice that [was] practicable under the circumstances, including individual notice to all members who [could] be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B); *see* ECF 138, ¶7; ECF 139, §VI.  To date, the Claims Administrator has emailed or mailed a total of 39,748 Postcard Notices and five Claim Packages to potential Class Members and nominees; the Summary Notice was published in *The Wall Street Journal* and transmitted over *Business Wire*; and all pertinent

---

[1]    Unless otherwise noted, all capitalized terms not defined herein have the same meaning set forth in the Stipulation of Settlement dated May 9, 2025 (ECF 131).

[2]    Only one invalid request for exclusion was received.

[3]    Citations are omitted throughout unless otherwise indicated.

information has been posted and made generally available on the website dedicated to the Settlement. *See generally* Declaration of Ross D. Murray Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date (ECF 139-3) ("Murray Decl.") and Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received to Date ("Murray Suppl. Decl."), ¶¶4-6, submitted herewith.

This notice program is very similar to those approved and employed in other class actions in this Circuit. *See, e.g.*, *In re MGM Grand Sec. Litig.*, 708 F. App'x 894, 896 (9th Cir. 2017); *City of Laurel v. Cintas Corp. No. 2*, 2025 U.S. Dist. LEXIS 80664 (D. Nev. Apr. 29, 2025); *Lamartina v. VMWare, Inc.*, 2025 U.S. Dist. LEXIS 70511, at *8 (N.D. Cal. Mar. 31, 2025); *Purple Mountain Trust v. Wells Fargo & Co.*, 2023 WL 11872699, at *3 (N.D. Cal. Sept. 26, 2023); *Evanston Police Pension Fund v. McKesson Corp.*, No. 3:18-cv-06525-CRB, Final Judgment and Order of Dismissal with Prejudice, ECF 290, ¶12 (N.D. Cal. July 14, 2023); *Fleming v. Impax Laboratories Inc.*, 2022 WL 2789496, at *3 (N.D. Cal. July 15, 2022); *Destefano v. Zynga, Inc.*, 2016 WL 537946, at *7 (N.D. Cal. Feb. 11, 2016) (finding individual notice mailed to class members combined with summary publication constituted "the best form of notice available under the circumstances"). As those courts did, this Court should conclude here that Lead Counsel has provided the best notice practicable, as Rule 23 requires and due process demands.

**B.      The Reaction of the Class Strongly Supports Approval of the Settlement and Plan of Allocation**

Federal Rule of Civil Procedure 23(e)(2) and *Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998), provide factors that the Court must consider when assessing whether to approve a class action settlement. As explained in both Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement (ECF 130, §II) ("Preliminary Approval Motion") and Final Approval Motion (ECF 139, §III), the proposed Settlement readily satisfies the relevant factors, as the Settlement resulted from Lead Plaintiff's and Lead Counsel's diligent representation of the Class throughout this years-long litigation; the Settlement was negotiated at arm's length with the assistance of an

experienced mediator; and the Settlement provides an excellent recovery considering the costs, risk, and delay of further litigation.

Similarly, Lead Plaintiff's Preliminary Approval Motion and Final Approval Motion explained that the Plan of Allocation provides an equitable basis to allocate the Net Settlement Fund among all Authorized Claimants. *See* ECF 130, §II.A.3.b.; ECF 139, §V. In particular, the Plan treats Class Members equitably by providing that each will receive a *pro rata* amount of the Net Settlement Fund depending on when they transacted in Spectrum common stock.

In determining whether to approve the Settlement and Plan of Allocation, the Court may now assess the final *Hanlon* factor given that the September 29, 2025 objection deadline has passed – "the reaction of the class members to the proposed settlement." *Hanlon*, 150 F.3d at 1026. That reaction – as measured by objections – has been overwhelmingly positive and further supports final approval of the Settlement. *See id.*

Indeed, not a single Class Member objected to any aspect of the Settlement. "Lack of objection from the class members is a substantial factor in favor of final approval." *Ayala v. Coach, Inc.*, 2017 U.S. Dist. LEXIS 77652, at *6 (N.D. Cal. May 22, 2017). This "unanimous, positive reaction to the Proposed Settlement is compelling evidence that the Proposed Settlement is fair, just, reasonable, and adequate." *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004); *accord Impax*, 2022 WL 2789496, at *7. Simply stated, this absence of objections "'raises a strong presumption that the terms of [the] proposed class settlement action are favorable to the class members.'" *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008). In fact, "'[c]ourts have repeatedly recognized that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.'" *Foster v. Adams & Assocs., Inc.*, 2022 WL 425559, at *6 (N.D. Cal. Feb. 11, 2022); *accord AdTrader, Inc. v. Google LLC*, 2022 WL 16579324, at *5 (N.D. Cal. Nov. 1, 2022) ("'A court may appropriately infer that a class action settlement is fair, adequate, and reasonable when few class members object to it.'"). Similarly, the lack of objections to the proposed Plan of Allocation provides firm support for its approval. *See In re Heritage Bond*

*Litig.*, 2005 WL 1594403, at *11 (C.D. Cal. June 10, 2005) ("The fact that there has been no objection to this plan of allocation favors approval of the Settlement.").

Of particular significance, no institutional investors, those Class Members with the largest amounts at stake, objected to either the Settlement or the Plan of Allocation. The overwhelmingly positive reaction from sophisticated institutional investors is further persuasive evidence that the Settlement is fair. *See In re Regulus Therapeutics Inc. Sec. Litig.*, 2020 WL 6381898, at *6 (S.D. Cal. Oct. 30, 2020) ("Many potential class members are sophisticated institutional investors; the lack of objections from such institutions indicates that the settlement is fair and reasonable.").

In short, "[t]he small number of objections" (*zero*) "supports that the settlement and plan of allocation are fair, reasonable, and adequate." *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2019 WL 2077847, at *3 (N.D. Cal. May 10, 2019) (approving securities fraud class action settlement where "[o]nly one class member objected to the settlement and only 16 potential class members opted out of the settlement"). Accordingly, the Court should approve the Settlement and Plan of Allocation here as fair, adequate, and reasonable.

**C.    The Reaction of the Class Strongly Supports Approval of the Requested Attorneys' Fees and Expenses**

The Notice provides that Lead Counsel would seek a fee of 30% of the Settlement Amount and payment of litigation expenses not to exceed $200,000, plus interest on both amounts. The exceptional result obtained here, "[t]he touchstone for determining the reasonableness of attorneys' fees in a class action,"[4] strongly supports the requested award of attorneys' fees and expenses. The result is even more impressive given the highly complex and uncertain nature of this securities fraud class action, the skill and high quality work required to attain it, and the potential for years of additional litigation absent the Settlement. *See also* ECF 140, §III.B. (discussing relevant factors).

No Class Member has objected to Lead Counsel's request for attorneys' fees and payment of litigation expenses, or to Lead Plaintiff's requested 15 U.S.C. §78u-4(a)(4) award. Again, the lack of objections, particularly from sophisticated institutional investors, weighs strongly in favor of granting the requested attorneys' fees and expenses. *See Hefler v. Wells Fargo & Co.*, 2018 WL

---

[4]    *Lowery v. Rhapsody Int'l, Inc.*, 75 F.4th 985, 988 (9th Cir. 2023).

6619983, at *15 (N.D. Cal. Dec. 18, 2018) ("As with the Settlement itself, the lack of objections from institutional investors 'who presumably had the means, the motive, and the sophistication to raise objections' [to the attorneys' fee] weighs in favor of approval."). Accordingly, the Court should approve Lead Counsel's request for attorneys' fees of 30% of the Settlement Amount and payment of $146,683.19 for litigation expenses, plus interest on both amounts, and $8,250.00 to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4), for its time and expenses incurred in representing the Class.

III.    CONCLUSION

Lead Counsel obtained a very good result for the Class, and the Class agrees. For the reasons set forth above and in their previously filed briefs and declarations, Lead Plaintiff and Lead Counsel respectfully request that the Court approve the proposed Settlement and Plan of Allocation, as well as the request for attorneys' fees and payment of expenses, and award to Lead Plaintiff. Proposed orders are submitted herewith.

DATED:  October 10, 2025

Respectfully submitted,

CAMPBELL & WILLIAMS
J. COLBY WILLIAMS

/s/ *J. Colby Williams*
J. COLBY WILLIAMS

710 South Seventh Street, Suite A
Las Vegas, Nevada  89101
Telephone:  702/382-5222
702/382-0540 (fax)
jcw@cwlawlv.com

Local Counsel for Lead Plaintiff International Trading Group, Inc.

ROBBINS GELLER RUDMAN
& DOWD LLP
ELLEN GUSIKOFF STEWART
RYAN A. LLORENS
JEFFREY J. STEIN
JOHN M. KELLEY
SARAH A. FALLON
JESSICA E. ROBERTSON
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
ryanl@rgrdlaw.com
jstein@rgrdlaw.com
jkelley@rgrdlaw.com
sfallon@rgrdlaw.com
jrobertson@rgrdlaw.com

Lead Counsel for Lead Plaintiff International
Trading Group, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of October, 2025, I caused a true and correct copy of the foregoing **Reply Memorandum and Statement of Non-Opposition in further support of: (1) Motion for Final Approval of Proposed Settlement and Approval of Plan of Allocation; and (2) Motion for an Award of Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4)** to be served via the United States District Court CM/ECF system on all parties or persons requiring notice.

/s/ *J. Colby Williams*
An employee of Campbell & Williams

### INDEX OF EXHIBITS

| Exhibit No. | Document | Page Nos. |
|---|---|---|
| - | Supplemental Declaration of Ross D. Murray Regarding: (A) Continued Dissemination of Notice; (B) Update on Call Center Services and Website; and (C) Requests for Exclusion Received to Date | - |
| - | [Proposed] Final Judgment and Order of Dismissal with Prejudice | - |
| - | [Proposed] Order Approving Plan of Allocation | - |
| - | [Proposed] Order Awarding Attorneys' Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. §78u-4(a)(4) | - |