UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Jose Chung Luo, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>Spectrum Pharmaceuticals, Inc., et al.,<br><br>Defendants | Case No. 2:21-cv-01612-CDS-BNW<br><br>**Order Awarding Attorney's Fees and Expenses and an Award to Lead Plaintiff Pursuant to 15 U.S.C. § 78u-4(a)(4)**<br><br>[ECF No. 140] |

The court held a hearing on October 20, 2025, during which Lead Counsel's motion for an award of attorney's fees and expenses and an award pursuant to 15 U.S.C. § 78u-4(a)(4) to Lead Plaintiff (ECF No. 140) was granted. For the reasons set forth on the record, having considered all papers filed and proceedings conducted herein, and finding good cause:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. For purposes of this order, the terms used herein have the same meanings as set forth in the Stipulation of Settlement dated May 9, 2025 (the "Stipulation"). ECF No. 131.

2. This court has jurisdiction over the subject matter of this Litigation and all matters relating hereto, including all Members of the Class who have not timely and validly requested exclusion.

3. Notice of Lead Counsel's motion for attorney's fees and payment of expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for attorney's fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice

practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4. The court hereby awards attorney's fees in the amount of 30% of the Settlement Amount, plus expenses in the amount of $146,683.19, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid to Lead Counsel. The court finds this amount of attorney's fees appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047–50 (9th Cir. 2002).

5. The awarded attorney's fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately after the court executes the Judgment and this order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein.

6. In making this award of fees and expenses to Lead Counsel, the court has considered and found that:

(a) the Settlement has created a fund of $15,950,000 in cash plus accrued interest that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Counsel;

(b) over 39,700 Postcard Notices were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $200,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c) Lead Counsel pursued the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d) Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Class;

(e) Lead Counsel pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(f) the Litigation involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g) had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

(h) Lead Plaintiff's Counsel devoted over 4,900 hours, with a lodestar value of $3,259,861.50 at current rates, to achieve the Settlement;

(i) Lead Plaintiff approved the amount of attorney's fees awarded as fair and reasonable; and

(j) the attorney's fees and expenses awarded are fair and reasonable and consistent with awards in similar cases within the Ninth Circuit.

7. Lead Plaintiff International Trading Group, Inc. is awarded $8,250.00 from the Settlement Fund, pursuant to 15 U.S.C. § 78u-4(a)(4), related to its representation of the Class.

Dated: October 27, 2025

_____
Cristina D. Silva
United States District Judge

3